2009 JAN -4 PH 2: 13
U.S. BANKRUPTCY
CLERK
DISTRICT OF ARIZONA
FILED

Katherine Christensen
1134 West Grand Caymen Drive
Gilbert, Arizona 85233
Tel: (480) 813-3885
Pro Se

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Katherine Christensen, In Person Plaintiff, )<br>Vs. )<br>CAPITAL ONE NA, its assigns and/or )<br>successors; CHEVY CHASE BANK; )<br>STEVEN R. HALPIN d/b/a CFO CHEVY )<br>CHASE BANK his assigns and/or )<br>successors; GARY PERLIN d/b/a CFO )<br>CAPITAL ONE NA his assigns and/or )<br>successors; SMITH & CRAVEN PLLC; )<br>GARY MICHAEL SMITH; D. JEFFREY )<br>CRAVEN; FREDERICK C. THOMAS; )<br>CARSON MESSINGER ELLIOTT )<br>LAUGHLIN & RAGAN PLLC; ROBERT )<br>P. LINDFORS; CAL-WESTERN )<br>RECONVEYANCE CORPORATION; )<br>SUSAN SMOTHERS; MORTGAGE )<br>ELECTRONIC REGISTRATION )<br>SYSTEMS INC.; MARY STRATHAM )<br>d/b/a NOTARY d/b/a SIGNATORY FOR )<br>MORTGAGE ELECTRONIC SYSTEMS )<br>INC.; MARTY STRATHAM d/b/a )<br>NOTARY d/b/a SIGNATORY FOR )<br>CAL-WESTERN RECONVEYANCE )<br>CORP.; MARY STRATHAM d/b/a )<br>NOTARY FOR CAL-WESTERN )<br>RECONVEYANCE CORP.; PAMELA )<br>CAMPBELL d/b/a ASSISTANT )<br>SECRETARY OF MERS; NORTH )<br>AMERICAN TITLE AGENCY OF )<br>ARIZONA c/o NORTH AMERICAN )<br>TITLE INSURANCE CO.; GILA )<br>COUNTY SHERIFF OFFICE, CHRIS )<br>MCBREARTY d/b/a MORTGAGE )<br>BROKER for CHARTER FUNDING; )<br>CHARTER FUNDING; FIRST MAGNUS )<br>FINANCIAL; MERENDON MINING; )<br>INSTITUTE FOR FINANCIAL )<br>LEARNING; JOHN DOES And JANE )<br>DOES 1-100, ABC CORPORATIONS 1- )<br>100, and XYZ PARTNERSHIPS 1-100, )<br>Defendants, ) | Case No.: 09-21818<br><br>Adversarial Proceeding No. 09-ap-01357<br><br>Chapter 7<br><br><br>MOTION TO EXTEND AUTOMATIC<br>STAY PENDING OUTCOME OF<br>ADVERSARIAL COMPLAINT<br><br><br><br><br><br><br><br>Assigned to: Hon. Redfield T. Baum |

COMES NOW Plaintiff KATHERINE CHRISTENSEN, who respectfully submits this MOTION TO EXTEND AUTOMATIC STAY PENDING OUTCOME OF ADVERSARIAL PROCEEDING. Plaintiff now has in her possession unrefuted proof that Defendants have committed fraud, including but not limited to securities fraud, mortgage fraud and mail fraud, conversion, conspiracy, civil theft and have violated numerous other state and federal statutes to unjustly enrich themselves as they disregarded lawful evidence and knowingly, with intention to deceive, improperly and without standing wrongfully commenced foreclosure proceedings on Plaintiff's residence.

Defendants are attempting to obtain putative legal title to Plaintiff's Property without having established that any of them was ever a "person entitled to enforce" the security interest under the Note and the Deed of Trust. No legal transfer of the Mortgage Note, Deed of Trust or any other interest in Plaintiff's Property was ever effected that gave any of the Defendants the right to be named a trustee, mortgagee, beneficiary or an authorized agent of trustee, mortgagee or beneficiary of Plaintiff's Mortgage Note, Deed of Trust or any other interest in Plaintiff's Property.

Fraud vitiates contracts ab initio. Once Plaintiff proves to this Court that Defendants acted fraudulently, everything they did and are attempting to do is void and must be struck. More importantly, Defendants cannot prove they have standing, or that they have complied with all relevant federal and state statutes. Plaintiff simply asks that she be protected under the protection of this honorable court until the outcome of the adversarial hearing while seeking honesty, fairness and justice. In the interests of justice and Public Policy, the Court must weigh the evidence.

Courts across this country are now ruling against the shocking dishonesty perpetrated on homeowners and are granting homeowners their day in court to present the facts. Courts across

the country are ruling in favor of homeowners as they determine the egregious and fraudulent manner that financial institutions have operated in the last few years.

For example, in a recent article in The National Law Journal, Brooklyn Supreme Court Justice, the Honorable Arthur M. Schack, in connection with his approach to the apparent sloppy paperwork being filed by foreclosing lenders and their attorneys was quoted as follows: *"I deny more foreclosures than I approve, "[...]". "I want to see the servicing agent's power of attorney, I want to see all the paperwork before I approve it. If the paperwork is garbage, I deny it. If you're going to take away someone's home, it should be done properly."* Judge Schack has tossed more than 32 cases so far, and that is undoubedly the tip of an iceberg.

Federal Courts in Ohio have routinely been dismissing suits by Deutsche Bank for failing to prove standing and ownership of the mortgage (Order of Judge Christopher S. Boyko attached hereto).

Supreme Courts in New York have been dismissing suits by Aurora Loan Services for failure to prove standing and ownership of the mortgage (Order of Judge Joseph Farneti attached hereto).

The Bankruptcy Courts have been dismissing suits by MERS for their failure to prove standing and ownership of the note. For example in Nevada Judge Riegle stated, *"While MERS may have standing to prosecute the motion in the name of its Member as a nominee, there is no evidence that the named nominee is entitled to enforce the note or that MERS is the agent of the note's holder. Indeed, the evidence is to the contrary, the note has been sold, and the named nominee no longer has any interest in the note."* (Order of Honorable Linda B. Riegle attached hereto).

The Bankruptcy Courts have been amending their opinion denying relief from automatic stay. For example in California *In re: 396 B.R. 757 (Bankr. CD. Cal. 2008)* Judge

Bufford quoted, "Judge Learned Hand, perhaps the most distinguished U.S. jurist who never sat on the U.S. Supreme Court. Judge Hand stated: *A judge is more than a moderator, he is charged to see that the law is properly administered, and it is a duty which he cannot discharge by remining inert."* United States V. Marzano, 149 F.2d 923. 925 (2d Cir. 1945). Judge Bufford concluded, "*the court finds upon reconsideration that IndyMac is entitled to enforce the secured note here at issue. Hoveer, it must satisfy the procedural requirements of federal law in seeking relief from the automatic stay for this purpose. These requirements include joining the owner of the note on two separate grounds: it is the real party in interest under Rule 17, and it is a required party under Rule 19. Because IndyMac has failed and refused to join the owner of the secured note, the motion for relief from stay is denied."*

The Bankruptcy Courts are now recognizing the unethical disregard for the law by the attorneys who represent those with no standing. For example in California, Lee V. HSBC, Mr. Holthus from McCarthy Holthus Levine, was found to not be compliant with Rule 9011(b) which imposes a duty on an attorney to make a reasonable inquiry into the facts and law of a position before presenting it to the court. Judge Bufford stated, *"Even if Counsel may be executed for not discovering the discrepancy, Counsel had a duty, upon discovering the difference in the original note, to bring this to the court's attention at the first opportunity. Counsel could have brought this to the court's attention at the beginning of the trial, before testimony was taken. Counsel did not. Instead Counsel left it to the court to discover that the copy differed from the original in a relevant aspect. Counsel should have known of the discrepancy and should have disclosed it."* Mr. Holthus then requested that the court impose sanctions on him not on the client.

In the article, *"Standing and Real Party in Interest Requirements for Lenders Seeking to Foreclose"* by Ford Elsaesser, Taeya Howell and Matthew Shriver, (Attached as Exhibit) they

Case 2:09-ap-01357-RTB Doc 12 Filed 01/04/10 Entered 01/05/10 19:39:05 Desc
Motion to extend stay-S&C-bk-ad.doc S&C-bk-ad Page 4 of 7 Main Document Page 4 of 7

01/05/2010

state, "The standing requirement is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 502 US 555, 560, (1992). This constitutional doctrine requires that a claimant must present an actual or imminent injury that is fairly traceable to the defendant's conduct and redressable by a favorable ruling. *Davis v. Fed. Election Comm'n*, 128 S.Ct. 2759 (2008). The standing question is a threshold issue, required before a court may entertain a suit. *Warth v. Seldin*, 422 U.S. 490, 495 (1975). Thus, if a lender cannot prove standing, the court has no authority to hear its motion for relief from stay and it must dismiss the motion.

In a report/summary of the, *"American Bankruptcy Institute's 27[th] Annual Spring Meeting, Ethical Issues for Creditors in Consumer Cases, Friday April 3, 2009 (11:15 a.m.-12:30p.m.)"* is stated, *"Recently, a number of bankruptcy courts have imposed substantial sanctions on mortgage servicers, and in some cases, their counsel. This outline illustrates the types of practices that the courts have found objectionable and of which counsel should be aware."* (Attached as Exhibit)

## OVERT ACTS OF FRAUD

1. There is now ample evidence to demonstrate defendants engaged in misrepresentation of material facts underlying fraud; forensic accounting, agreements, law, etc.

5. Defendants continuously made false statements both verbally and in writing to courts, to plaintiff, in civil proceedings and in false reports for proposed ejecting of plaintiff from her property.

7. Defendants knew their statements were false at the time they made them.

8. Defendants willfully and knowingly intended plaintiff to act in reliance on the false statements – res ipsa loquitur.

9. Defendants made their false statements to this court in "bad faith" or <u>with reckless</u>

disregard for consequence of relying on the statement. In this case the premise of res ipsa loquitur applies on the grounds that the evidence is already before this court.

10. Defendants intentionally omitted material facts for the purpose of misleading Plaintiff. Defendants committed fraud in the factum.

11. Defendants actually knew of the falsity of its statements. Herein res ipsa loquitur applies. The accounts payable side of the ledger sheet demonstrates that defendants lied and misrepresented material facts that damaged plaintiff.

12. Defendants made their statements in such absolute, unqualified, and positive terms that the Plaintiff had no knowledge of its falsity.

13. Defendants used the United States mail, telephone and internet in furtherance of their pattern of unlawful and illegal conduct to collect on negotiable instruments when they were not entitled to do so exposing them to Federal wire fraud and mail fraud charges as they have admitted guilty conduct.

14. Defendants wrongfully and knowingly and without proper authority, recorded a fraudulent "Notice of Trustee's Sale No. 1205825-11" in the OFFICIAL RECORDS OF THE GILA COUNTY RECORDER OFFICE instrument #2009-003900 on 4/2/09 for the property located at 2074 Munsee Drive, Payson Arizona.

15. Defendants possessed special knowledge and occupied a special position to impute a knowledge of the fact which Plaintiff relied upon to her detriment. Defendants are lawyers and bankers acting unethically and unconscionably.

## FRAUD – MISREPRESENTATION AND CONSPIRACY

16. Defendants made certain misrepresentations and omissions to Plaintiff, including, but not limited to those set forth more fully above.

17. The representations and omissions above, among others, were false.

01/05/2010

18. The representations and omissions above, among others, were material to Plaintiff.

19. Defendants made these and other representations and omissions with knowledge of their falsity.

20. Defendants made these representations and omissions to induce Plaintiff to enter into business with Defendants.

21. Plaintiff was not aware that Defendants' representations and omissions were false.

22. Plaintiff relied on the truth of Defendants' representations and omissions.

23. Plaintiff had no reason to question the truth of Defendants' representations and omissions.

24. Plaintiff has been injured by Defendants' misrepresentations in an amount to be proven at trial.

25. None of this would have been possible without the defendants working together to subvert the law.

26. In support of this Motion to Extend Stay, Plaintiff requests the court take Judicial Notice of the attached

WHEREFORE Plaintiff prays for the following:

    a. That the Court grant Plaintiff's motion that the Automatic Stay be extended pending the outcome of an Evidentiary Hearing.

    b. That the Court set a date for an evidentiary hearing.

    c. That the Court grant any further relief as it deems just and necessary.

DATED: January 4, 2010

*Katherine Christensen*

Katherine Christensen