
45

1  Katherine Christensen
2  1134 West Grand Caymen Drive
   Gilbert, Arizona 85233
3  Tel: (480) 813-3885
   Pro Se
4                        UNITED STATES BANKRUPTCY COURT
                              DISTRICT OF ARIZONA
5
   Katherine Christensen, In Person Plaintiff, )
6              Vs.                             )   Case No.: 09-21818-RTB
   CAPITAL ONE NA, its assigns and/or          )
7  successors; CHEVY CHASE BANK;               )   Adversarial Proceeding No. 09-ap-01357
   STEVEN R. HALPIN d/b/a CFO CHEVY            )
8  CHASE BANK his assigns and/or              )   Chapter 7
   successors; GARY PERLIN d/b/a CFO           )
9  CAPITAL ONE NA his assigns and/or           )
   successors; SMITH & CRAVEN PLLC;            )
10 GARY MICHAEL SMITH; D. JEFFREY              )   SUPPLEMENTAL COMPLAINT
   CRAVEN; FREDERICK C. THOMAS;                )
11 CARSON MESSINGER ELLIOTT                    )
12 LAUGHLIN & RAGAN PLLC; ROBERT               )
   P. LINDFORS; CAL-WESTERN                    )
13 RECONVEYANCE CORPORATION;                   )
   SUSAN SMOTHERS; MORTGAGE                    )
14 ELECTRONIC REGISTRATION                     )
   SYSTEMS INC.; MARY STRATHAM                 )
15 d/b/a NOTARY d/b/a SIGNATORY FOR            )
   MORTGAGE ELECTRONIC SYSTEMS                 )
16 INC.; MARTY STRATHAM d/b/a                  )
17 NOTARY d/b/a SIGNATORY FOR                  )
   CAL-WESTERN RECONVEYANCE                    )
18 CORP.; MARY STRATHAM d/b/a                  )
   NOTARY FOR CAL-WESTERN                      )
19 RECONVEYANCE CORP.; PAMELA                  )
   CAMPBELL d/b/a ASSISTANT                    )
20 SECRETARY OF MERS; NORTH                    )
   AMERICAN TITLE AGENCY OF                    )
21 ARIZONA c/o NORTH AMERICAN                  )
   TITLE INSURANCE CO.; GILA                   )
22 COUNTY SHERIFF OFFICE, CHRIS                )
   MCBREARTY d/b/a MORTGAGE                    )
23 BROKER for CHARTER FUNDING;                 )   Assigned to: Hon. Redfield T. Baum
24 CHARTER FUNDING; FIRST MAGNUS               )
   FINANCIAL; MERENDON MINING;                 )
25 INSTITUTE FOR FINANCIAL                     )
   LEARNING; JOHN DOES And JANE                )
   DOES 1-100, ABC CORPORATIONS 1-             )
   100, and XYZ PARTNERSHIPS 1-100,            )
              Defendants,                      )
                                              )

U.S. BANKRUPTCY
DISTRICT OF ARIZONA
CLERK
FILED
2010 JAN -4 PM 2: 13

# SUPPLEMENTAL COMPLAINT

## THE PARTIES

1.  Plaintiff KATHERINE CHRISTENSEN is a single woman, living in the State of Arizona at all times relevant to the Complaint.

2.  Plaintiff is a "consumer" as defined by TILA, 15 U.S.C. § 1602(h) and Federal Reserve Board Regulation Z, 12 C.F.R. § 226.2(a)(11).

3.  GARY MICHAEL SMITH an Arizona Licensed Bar Attorney #016307 attorney for SMITH & CRAVEN PLLC and CHEVY CHASE BANK FSB, and MERS; and

4.  Defendant D. JEFFERY CRAVEN, an Arizona Licensed Bar Attorney #020799, caused events to occur in the State of Arizona.

5.  Defendant CHEVY CHASE BANK FSB. is a Maryland Corporation doing business in Arizona.  Chevy Chase Bank FSB is a diversified financial marketing and/or services corporation(s) engaged primarily in residential mortgage banking and/or related businesses. Chevy Chase Bank FSB identifies itself to Plaintiff as a debt servicer with the right to service Plaintiff's residential mortgage and demand mortgage payments from Plaintiff.

6.  Defendant CAPITAL ONE FINANCIAL CORPORATION is headquartered in McLean, Virginia doing business in Arizona.  CAPITAL ONE is a diversified financial marketing and/or services corporation(s) engaged primarily in residential mortgage banking and/or related businesses. CAPITAL ONE identifies itself to Plaintiff as a debt servicer with the right to service Plaintiff's residential mortgage and demand mortgage payments from Plaintiff.

7.  Defendant Mr. Steven R. Halprin, at all times relevant to this complaint was the Chief Financial Officer of Chevy Chase Bank FSB, an alleged debt servicer and a Maryland Corporation that has caused events to occur in Arizona;

Case 2:09-ap-01357-RTB   Doc 13   Filed 01/04/10   Entered 01/05/10 10:43:11   Desc
SUPPLEMENTAL COMPLAINT-CAP1-BK   Main Document   Page 2 of 45   Page 2 of 41

01/05/2010

8.     Defendant Mr. Gary Perlin, at all times relevant to this complaint was the Chief Financial Officer of Capital One Financial Corporation, an alleged debt servicer and is a company headquartered in McLean Virginia and is a Corporation doing business in this state that has caused events to occur in Arizona;

9.     Defendant CAL-WESTERN RECONVEYANCE CORP. is a California corporation doing business in Arizona and is a diversified financial marketing and/or services corporation(s) engaged primarily in residential mortgage banking and/or related businesses. CAL-WESTERN RECONVEYANCE CORP. is believed to be employed by Defendant CHEVY CHASE BANK/ CAPITAL ONE FINANCIAL CORPORATION to foreclose on Plaintiff's property.

10.     Defendant MS. MARY J. STRATHAM a Notary Public has signed documents as an AGENT of CAL-WESTERN RECONVEYANCE CORP., which is a California Corporation doing business in Arizona and caused events to occur in the State of Arizona.;

11.     Defendant MS. MARY J. STRATHAM is a Notary Public doing business in California as SIGNATORY for MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., and as SIGNATORY for CAL-WESTERN RECONVEYANCE and has caused events to occur in the State of Arizona.

12.     Defendant, Mortgage Electronic Registration Systems Inc., (hereinafter "MERS"). Defendant MERS, is, upon information and belief, a national repository, and/or clearinghouse, for mortgage notes, assignments, and related security instruments. Upon information and belief, the creation of MERS was specifically designed to hide the true identity of Note holders, and their subsequent assignees, for the expressed purpose of said notes frequent bundling en masse, and subsequent, unbridled exchange into the stream of commerce, thereby circumventing the uniform (required) noticing to borrowers and alike, as to who, at any given time, actually owns the note(s). Until the completion of discovery, Plaintiff is unable to

verify, the breadth and extent of Defendant MERS activities in relation to Plaintiff's property, including, but not limited to subsequent movement of the requisite note, due to, as stated above, Defendant MERS principle operation is one that obscures to the detriment of Plaintiff and/or similarly-situated homeowners, the exact location, at any given time of the note. Plaintiff therefore contends, it is essential to this complaint, that discovery be commenced to properly and fully determine Defendant MERS' involvement, upon which, the facts, in relation to the note, and, who, if anyone, can prove at all material times to Defendants' actions, was the proper holder thereof. Defendant MERS lists an address as P.O. Box 2026, Flint, Michigan 48501-2026..

13.    Defendant Ms. Pamela Campbell is Assistant Secretary of MERS a Delaware Corporation doing business in California and in Arizona.

14.    Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. was at all times relevant to this complaint suspended from doing business in California. However MERS is engaged in damage control as it is showing as active as of 6-1-09 with John Brosnan as the agent for service of process.

15.    Defendant FIRST AMERICAN TITLE INSURANCE COMPANY, is part of The First American Corporation, a California corporation located in 1 First American Way Santa Ana, California 92707 and caused events to occur in the State of Arizona.

16.    Defendant NORTH AMERICAN TITLE AGENCY OF ARIZONA caused events to occur in the State of Arizona.

17.    Chris McBrearty for all times relevant to the Complaint was a Mortgage Broker with Charter Funding based in California and caused events to occur in the State of Arizona.

18.    Defendant Charter Funding for all times relevant to the Complaint was a subsidiary of First Magnus Financial incorporated in the state of Arizona and caused events to occur in the State of Arizona.

Case 2:09-ap-01357-RTB   Doc 13   Filed 01/04/10   Entered 01/05/10 10:43:14   Desc
SUPPLEMENTAL COMPLAINT-CAF1-BK
Main Document     Page 4 of 45     Page 4 of 41

01/05/2010

19.     Defendant First Magnus Financial is a diversified financial marketing and/or services corporation(s) engaged primarily in residential mortgage banking and/or related businesses. First Magnus Financial is believed to be a residential mortgage lender and servicer and alleges it was the original lender for Plaintiff's residential mortgage. It is in U.S. Bankruptcy in Tucson Arizona Case #4:07-bk-01578 and Case #4-07-bk-01578-JMM.

20.     Defendant The Institute of Financial Learning ("IFFL") for all times relevant to the Complaint was incorporated in Calgary Alberta Canada with a subsidiary company incorporated in Las Vegas Nevada. IFFL was the front company through which investors monies were funneled into various National and International gold mines and other investments. It was founded by Milo Brost and Gary Sorenson both of whom are presently in jail in Calgary Alberta Canada awaiting trial for, inter alia, fraud.

21.     Merendon Mining (Nevada) Inc. was the organization that ran the National and International Mining "investments" associated with IFFL. It was founded by Milo Brost and Gary Sorenson and for all times relevant to the Complaint was based in Honduras. It is presently in U.S. Bankruptcy in Miami Florida Case #09-11958-AJC

22.     Plaintiff hereby adds Maricopa County Sheriff's Office (hereinafter "Sheriff") as a Defendant in the Complaint. The Sheriff is responsible for and/or has been charged with the forcible eviction of Plaintiff from her property. Upon information and belief, the Sheriff is the supreme law enforcement officer of the County. Plaintiff believes the Sheriff has a duty, under the oath he took, to protect all citizens of Maricopa County, when evidenced from illegal activities.

23.     Defendants set forth above are hereinafter collectively referred to as "Defendants."

24.     Plaintiff is ignorant of the true names and capacities of the Defendants John Does and Jane Does 1-100, ABC Corporations 1-100 and XYZ Partnerships 1-100, inclusive,

and Plaintiff will amend this Complaint to allege such names and capacities as soon as they are ascertained. Plaintiff believes and alleges that each of said fictitiously named Defendants are responsible in some manner for the wrongful acts complained of herein.

25. Defendants, either individually or collectively, have caused events to occur in Arizona giving rise to this Complaint. At all relevant times herein Defendants were and still are agents for one another, and acting under the course and scope thereof, with knowledge and consent of each other.

## JURISDICTION AND VENUE

26. Venue is proper pursuant to Bankruptcy Laws of the Untied States.

27. This Court has jurisdiction over the parties as all Defendants engage in business within the State of Arizona and thus have sufficient contact in this case before Bankruptcy court.

28. This Court has jurisdiction over all matters related to the emergency, injunctive, provisional and equitable relief sought herein, pursuant to the agreements of the parties referenced herein.

29. The parties herein are subject to certain contractual obligations that are the subject of this litigation.

## GENERAL ALLEGATIONS

30. On or about 8/17/06, Plaintiff was extended credit through Chris McBrearty a mortgage broker at Charter Funding, which is a subsidiary of First Magnus Financial Corporation, in order to refinance the subject property.

31. Defendants improperly induced Plaintiff to execute documents the result of which put her property in jeopardy and inserted her as an investor in a bogus mining operation

all of which was known and intended by Chris McBrearty of Charter Funding who had a relationship with the mining investment principals.

32. Defendants Institute for Financial Learning ("IFFL") in concert with Merendon Mining and Charter Funding fraudulently and intentionally artificially inflated the value of the mining investment, the value of Plaintiff's real properties, and Plaintiff's income in order to draw down as much cash as possible, knowing full well that proper and true underwriting standards were being ignored.

33. Defendant IFFL introduced Chris McBrearty as a Mortgage Broker with Charter Funding to all attendees at their International Conference in the Bahamas in June 2006 and strongly encouraged investors from the United States to use his services.

34. Defendants improperly and wrongfully directly wired funds to those involved with the mining operation effectively bypassing the Plaintiff's control.

35. Plaintiff brings this action against Defendants for damages and harm resulting from Defendants' negligent, fraudulent and unlawful conduct concerning a residential mortgage transaction with the Plaintiff. The residential mortgage concerned the property owned by the Plaintiff and located at 2074 Munsee Drive, Payson, Arizona 85547, ("Property").

36. The damages incurred by Plaintiff far exceed the minimal jurisdictional requirements of this Court and is to include all punitive, compensatory, and treble damages as well as attorney fees, costs, mailing fees and other defenses and all out of pocket legal expenses from January 28, 2009 to settlement date.

## **MORTGAGE**

37. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs

Case 2:09-ap-01357-RTB Doc 13 Filed 01/04/10 Entered 01/05/10 19:43:41 Desc
SUPPLEMENTAL COMPLAINT-EXP1-BK
Main Document Page 7 of 45

01/05/2010

38.     Beginning in 1998 and through 2009, purported lenders including Defendant FIRST MAGNUS ("FM"), their agents, employees, and related servicers, including Defendants CHEVY CHASE BANK ("CCB"), CAPITAL ONE (CAP1) and MERS developed a scheme to rapidly infuse capital into the home mortgage lending system by selling mortgages on the secondary market, several times over, to create a bankruptcy remote transaction. The lenders then pooled these mortgages into large trusts, securitizing the pool and selling these securities on Wall Street as mortgage backed securities, bonds, derivatives and insurances, often for twenty or thirty times the original mortgage. Such facts are so well known and notorious as to be Judicially Noticeable under Federal Rule of Evidence 201 and Arizona Rules of Evidence 201.

39.     In "selling" these mortgage notes on the secondary market, Defendant First Magnus along with other Doe Defendants, failed to follow the basic legal requirements for the transfer of a negotiable instrument and an interest in real property, including but not limited to, written assignments of the note and deed of trust, delivery of the deed of trust, or endorsements of the note by the owner of the note, Plaintiff's Note and Deed of trust included. Such facts are so well known and notorious as to be Judicially Noticeable under Federal Rule of Evidence 201 and Arizona Rules of Evidence 201.

40.     Further, as this process became more and more profitable, the underwriting requirements were repeatedly reduced to lure and induce more and more unsuspecting borrowers. As the lenders reduced the underwriting requirements, they introduced the concept of "churning" loans involving a calculated plan to repeatedly refinance borrowers' loans, taking as much equity as possible, and artificially driving up housing prices. In this case Defendants Chris McBrearty, Charter Funding, and First Magnus Financial placed Plaintiff into a predatory loan with toxic terms for each of the Defendants' financial gain.

Case 2:09-ap-01357-RTB   Doc 13   Filed 01/04/10   Entered 01/05/10 10:43:14   Desc
SUPPLEMENTAL COMPLAINT-CAP1-BK                  Page 8 of 41
Main Document        Page 8 of 45

01/05/2010

41. Finally Lenders along with secondary market buyers, identified herein as Doe Defendants, would conspire with servicers, such as Defendant CHEVY CHASE BANK to secrete the fraudulent transfers of Plaintiff's mortgage from Plaintiff and to illegally extort monies from Plaintiff with the threat of negative credit reporting and foreclosure.

42. If a loan has been securitized, the real party in interest is the trustee of the securitization trust, not the servicing agent. *See LaSalle Bank N.A. v. Nomura Asset Capital Corp., 180 F.Supp.2d 465, 469-71 (S.D.N.Y.2001)* (*"LaSalle-Nomura"*); *accord, LaSalle Bank N.A. v. Lehman Bros. Holdings, Inc., 237 F.Supp.2d 618, 631-34 (D.Md.2002)* (*"LaSalle-Lehman"*).

43. None of the named Defendants is a "person entitled to enforce" the security interest under the Note and the Deed of Trust, as defined in Arizona Commercial Code 47-1201. Defendant First Magnus in concert with other Doe Defendants sold Plaintiff's home loan to other financial entities, which "pooled" large numbers of mortgages, put them into trusts, and sold securities based on Plaintiff's mortgage. None of the named Defendants own the mortgage subject to this action, and none are entitled to enforce the security interest.

44. Defendants are now attempting to obtain putative legal title to Plaintiff's Property without having established that any of them was ever a "person entitled to enforce" the security interest under the Note and the Deed of Trust. No legal transfer of the Mortgage Note, Deed of Trust or any other interest in Plaintiff's Property was ever effected that gave any of the Defendants the right to be named a trustee, mortgagee, beneficiary or an authorized agent of trustee, mortgagee or beneficiary of Plaintiff's Mortgage Note, Deed of Trust or any other interest in Plaintiff's Property.

45. Defendants improperly and wrongfully violated Federal Law by loaning money of account (credit) and not money of exchange (lawful money and not legal tender).

46.     Defendants did not provide the required accurate and timely Initial Federal Truth in Lending Disclosure (TILD) within 3 days of the application.

47.     Defendants never provided Good Faith Estimate (GFE) for the 1st mortgage alleged loan within 3 days of the application.

48.     Defendants wrongfully violated their known legal duty and obligation according to Federal and State Law to accurately disclose estimate of the cost of credit, terms of the credit and settlement costs associated with obtaining the credit, which must be provided to borrower within 3 days of the application.

49.     Defendants willfully violated their known legal duty and obligation according to Federal Truth in Lending statutes that require additional disclosure(s) relating to mortgages that are not standard fixed rate fully amortizing loans, particularly with regard to adjustable rate mortgages (ARMs), interest only (IO) and negative amortizing mortgages (NegAM)). The disclosure must contain specific wording as prescribed by law and must be disclosed within 3 days from application. Plaintiff was not provided any of these disclosures prior to closing.

50.     Defendants had a known legal duty and obligation to provide Plaintiff with a Final HUD-1 at closing. This document would have stated the following fees associated with the transaction; a Loan Origination fee, a Tax service fee, an underwriting fee, a flood certification fee, a wire fee, an application fee, fees paid to Lender and to North American Title Company. Defendants wrongfully and knowingly failed to do so which denied plaintiff the opportunity to negotiate these fees.

51.     Defendants had a legal duty to present loan products to Plaintiff commensurate with her credit score. Plaintiff was improperly steered into a loan product with significantly worse terms than what she was qualified for in order to unjustly maximize the yield spread premium to the originator/lender.

52. Defendants knowingly violated their legal duty and obligation to provide a Good Faith Estimate of the Closing Costs due at time of settlement as well as additional subsequent disclosures should the terms and costs associated with the extension of credit change. Plaintiff was not provided with these disclosures as required by the Real Estate Settlement Procedures Act (RESPA) and Federal Truth in Lending statutes.

53. Defendants wrongfully and fraudulently altered plaintiff's financial statement to reflect a much inflated income.

54. Defendants failed to verify and document their verification of the plaintiff's ability to repay the alleged obligation, aka replenishing one's trust fund credit. The funding conditions required a "satisfactory completed VOE by First Magnus Financial within 5 days prior to funding". Plaintiff never received a copy of the executed VOE or the DTI computation form 1008 for this transaction.

55. Defendants violated state and federal statutes by not sending to the Plaintiff a copy of the appraisal and internal appraisal review documentation from underwriting for the subject property/transaction.

56. Defendants knowingly and willingly violated basic Uniform Standards of Professional Appraisal Practice (USPAP).

57. Defendants willfully and knowingly implemented Deceptive Lending practices which placed plaintiff into a non-affordable mortgage and have potentially placed Plaintiff in a position to lose her home.

58. Defendants are willfully and knowingly withholding evidence from Plaintiff as to whether or not the subject alleged loan was in fact sold and who is the current owner of the note.

59. Defendants are willfully and knowingly withholding evidence from Plaintiff as to whether the subject alleged loan was covered under any credit default swap agreement or

Case 2:09-ap-01357-TBR Doc 13   Filed 01/04/10   Entered 01/05/10 11:43:41   Desc
SUPPLEMENTAL COMPLAINT-Case 1bk
Main Document      Page 11 of 45

01/05/2010

pledged to any other entity as collateral in the issuance of **mortgage backed securities (MBS)** or any other type of collateralized loan obligation (CLO) or collateralized debt obligation (CDO).

60.    Defendants are willfully and knowingly withholding information as to the securitization of the loan such as; the name of the "depositor entity" which was the source of funds for the subject loan, the "trust" entity which issued the securities, and the specific Name and Series of the Certificates associated with the securitization of the subject alleged loan, as well as a copy of the applicable pooling and servicing agreement which should be in possession of the subject note. In the absence of such a presentation, plaintiff, by default, is the original source of trust funds.

61.    Defendants have willfully withheld information as to the source of the credit for the alleged subject loan.

62.    As there is no money in circulation, on registered securities under the Federal Reserve Act, the Emergency Farm Mortgage Act, among other acts, as well as HJR-192, P.L. 73-10, 31 USC 5118, et. al. and that "All moneys of the Federal Reserve Board shall be treated as trust funds for the purpose of section 906(a)(2) (FOOTNOTE 1) of title 2. This section is effective for fiscal year 1986 and every fiscal year thereafter.", it reasons plaintiff's trust account was the beginning basis for the brokers of the Federal Reserve, aka defendants, to process plaintiff's application for access to her own trust funds. TITLE 12 BANKS AND BANKING CHAPTER 14 SECTION 1772(c). Every account is a trust, this is why every deed, conveyance or transfer uses the words Grantor, Grantee, or Assignor, Assignee, or Transferor or Transferee.

63.    Defendants have willfully and knowingly withheld information, specific to her alleged subject loan, to do with the disbursement of billions of dollars of government bailouts, the objectives of the Federal Troubled Asset Relief Program (TARP) and subsequent US

Case 2:09-ap-01357-RTB   Doc 13   Filed 01/04/10   Entered 01/05/10 11:43:41   Desc
Main Document      Page 12 of 45
SUPPLEMENTAL COMPLAINT-Page 12

01/05/2010

Federal Government Programs, the purchase of mortgage backed certificates by the US Treasury Department and the Federal Reserve Bank. Information as to whether the note has been settled/setoff in the Federal bankruptcy and the obligation satisfied through the disbursement of Federal TARP funding or any other program funded directly or indirectly by the US Government, Federal Reserve Bank and/or the US Treasury Department. This includes the creation entities such as Maiden Lane LLC, Maiden Lane I, Maiden Lane II and Maiden Lane III and any other entity funded primarily by alleged loans from the Federal Reserve Bank of New York for the distribution of funds to counter-parties of American International Group (AIG) and others. Plaintiff has never received this information. This information is crucial for Plaintiff to negotiate a fair and just contract.

64.     Defendants have willfully and knowingly withheld from Plaintiff the name, address and telephone number of the actual owner of the obligation. More specifically, by owner is meant the true "holder in due course" within its meaning under applicable Arizona UCC provisions. Plaintiff has never received this information.

65.     Defendants improperly, wrongfully and fraudulently enticed Plaintiff into a mortgage that was materially more expensive in terms of charges, fees and/or interest rates than alternate financing for which the plaintiff qualified.

66.     Defendants improperly enticed Plaintiff to accept a mortgage that was marketed in a way which failed to fully disclose all material terms and includes terms and provisions, which are unfair, fraudulent or unconscionable.

67.     Defendants improperly enticed Plaintiff in their marketing of the mortgage in whole or part on the basis of fraud, exaggeration, misrepresentation, and/or the concealment of material facts and was underwritten without due diligence.

68.     Defendants improperly and intentionally enticed Plaintiff into an alleged mortgage that contained terms guaranteeing her default.

69.     Defendants knowingly and intentionally enticed Plaintiff into an alleged mortgage which is symptomatic of bait and switch tactics.

70.     Defendants improperly enticed Plaintiff into an alleged mortgage that is a negatively amortized which was not adequately explained and/or disclosed to Plaintiff.

71.     Defendants collectively, individually and in concert breached their known legal duty of good faith and have filed an action that represents fraudulent activity in order to obstruct justice and to cause both financial and emotional damage to plaintiff in an ongoing and continuing criminal enterprise.

72.     Defendants have committed fraud upon the court and its officers and have ultimately caused the court to enter an incorrect ruling that has damaged the Plaintiff and denied Due Process to the Plaintiff in violation of the Constitution of the united States of America and the State of Arizona.  As the Defendants individually and collectively had guilty knowledge of their actions, it rises to meet the necessary element definition of "scienter" in Ernst & Ernst v. Hochfelder.

73.     The Supreme Court has defined "scienter" as a mental state embracing "intent to deceive, manipulate, or defraud." "Scienter" exists if the defendant knew the statement was misleading or knew of the existence of facts which, if disclosed, would have shown it to be misleading." **Id. 425 U.S. 185, 193-94 n. 12, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976)**

74.     ARS § 33-1311 states **Obligation of good faith**

> **Every duty under this chapter and every act which must be performed**
> **As a condition precedent to the exercise of a right or remedy under**
> **this chapter imposes an obligation of good faith in its performance**
> **or enforcement.**

75.     Defendants willfully and knowingly withheld information by not responding to any of the numerous attempts made by plaintiff in sending Qualified Written Requests pursuant to Federal Statutes (Truth in Lending Act, Fair Debt Collection Practices Act and Real Estate Settlement Practices Act) to ascertain the holder in due course of the note. In the absence of a

proper response by defendants, they assent and agree that plaintiff is the originator of the trust funds used to "fund" the alleged loan through her promissory note that the defendants aka brokers used to access through TT&L (or other) computer systems.

76.  Defendants have never disclosed to Plaintiff the identity of their real party in interest. This would identify who has the authority to act on behalf of the alleged Investors or true lenders in regard to the alleged loan in this matter.

77.  Defendants have wrongfully and knowingly and improperly, with intention to deceive, disregarded all documents Plaintiff served Defendants that were filed into the Public record. These public records rose to meet the requirements as admissible evidence under the Arizona Rules of Evidence.

## FRAUDULENT REPRESENTATION

78.  Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs

79.  Defendants wrongfully, knowingly and improperly are attempting to foreclose on subject property without standing or cause and convey the subject property away from the Real Party in Interest, clearly rising to a badge of fraud under the Uniform Fraudulent Transfer Act.

80.  There is no evidence that Cal-Western Reconveyance was ever properly substituted as the Trustee under the Deed of Trust.

81.  Defendants wrongfully and knowingly and without proper authority, recorded a fraudulent **"NOTICE OF TRUSTEE SALE UNDER DEED OF TRUST"** Gila County Recorder's Office instrument number 2009-003901 on 4/1/09.

82.  Defendant Susan Smothers a Notary Public and Cal-Western Reconveyance employee, signed the Notice of Trustee Sale in the capacity of a Licensed Escrow Agent for Defendant Cal-Western Reconveyance Corporation.

Case 2:09-ap-01357-RTB Doc 13   Filed 01/04/10   Entered 01/05/10 12:43:01   Desc
SUPPLEMENTAL COMPLAINT-Cary Bok   Main Document   Page 15 of 45

01/05/2010

# COUNT I

# FRAUD

### (All Defendants)

83.    Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs

84.    In order for fraud to give rise to the right to sue (i.e., a cause of action) defendants must do more than merely state a falsehood. It's true that making a false statement is fraud, however it is not "actionable fraud", i.e., merely lying doesn't by itself give rise to a right to sue. In order for a plaintiff to have a cause of action she can sue upon, it is necessary that the lie be coupled with other elements. Only then can a court give plaintiff a remedy by way of a money judgment for damages that resulted from the fraud.

85.    Moreover, the underlying facts pled in a complaint for fraud must be very specific in setting out the elements. General statements will likely result in a motion to dismiss for failure to state the cause of action. The plaintiff must specify the facts that set out each of the essential elements of this cause of action.

86.    However, in this case, there is ample evidence to demonstrate defendants engaged in misrepresentation of material facts underlying fraud; forensic accounting, agreements, law, etc.

87.    Fraud may be called misrepresentation or fraud in the inducement. The elements that must be alleged in the complaint and proven by a greater weight of the evidence are the same, regardless of the name.

88.    Defendants continuously made false statements both verbally and in writing to courts, plaintiff, police officers, in civil proceedings and in false reports for proposed ejecting of plaintiff from her home.

89.    Defendants knew their statements were false at the time they made them.

Case 2:09-ap-01357-RTB   Doc 13   Filed 01/04/10   Entered 01/05/10 12:46:41   Desc
SUPPLEMENTAL COMPLAINT-Page 16   Main Document   Page 16 of 45

01/05/2010

90.     Defendants willfully and knowingly intended plaintiff to act in reliance on the false statements – res ipsa loquitur.

91.     Defendants made their false statements in "bad faith" or <u>with reckless disregard for consequence of relying on the statement</u>. In this case the premise of res ipsa loquitur applies on the grounds that the evidence is already before this court.

92.     Defendants intentionally omitted material facts for the purpose of misleading Plaintiff. Defendants committed fraud in the factum.

93.     Defendants actually knew of the falsity of its statements.  Herein res ipsa loquitur applies. The accounts payable side of the ledger sheet demonstrates that defendants lied and misrepresented material facts that damaged plaintiff.

94.     Defendants made their statements in such absolute, unqualified, and positive terms that the Plaintiff had no knowledge of its falsity.

95.     Defendants used the United States mail, telephone and internet in furtherance of their pattern of unlawful and illegal conduct to collect on negotiable instruments when they were not entitled to do so.

96.     Defendants possessed special knowledge and occupied a special position to impute a knowledge of the fact which Plaintiff relied upon to her detriment.  Defendants are lawyers and bankers acting unethically and unconscionably.

97.     WHEREFORE, plaintiff seeks said accounting, and settlement of all alleged outstanding liabilities.

98.     Therein, plaintiff requests the court order a special master to locate, close with and obtain all accounting records thereunto pertaining that demonstrate fraud in the factum.

### <u>Count II</u>

### <u>Breach of Contract/Agreement</u>

### (All Defendants)

Case 2:09-ap-01357-RTB   Doc 13   Filed 01/04/10   Entered 01/05/10 19:43:14   Desc
SUPPLEMENTAL COMPLAINT-CAP1-BK          Main Document          Page 17 of 45

Page 17 of 41

01/05/2010

99.     Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs

100.    **Breach of contract (i.e. agreement)** is defined by Ballentine's Law dictionary 3rd Ed. as "A failure without legal excuse to perform any promise which forms a whole or a part of a contract, including the refusal of a party to recognize the existence of the contract or the doing of something inconsistent with its existence. City Bank v. Erskine & Sons, 158 Ohio St 450, 110 NE2d 598; a non performance of any contractual duty of immediate performance; the breach may be total or partial, and may take place by failure to perform acts promised . . . or hindrance. . . Restatement, Contracts § 312."

101.    Defendants breached all of the agreements.

WHEREFORE, based upon the foregoing, Plaintiffs' pray for judgment against Defendants, as follows:

A.      For such actual and consequential damages as may be proved at the time of trial;

B.      For Plaintiff's taxable costs and reasonable attorneys' fees pursuant to A.R.S. § 12-341.01 and the actual documents.

C.      For the subject property to be reconveyed back to Plaintiff with title unencumbered.

D.      And for such other and further relief as this Court deems just and equitable to include all punitive, compensatory, and treble damages as well as legal fees, costs, mailing fees and other defense and all out of pocket expenses from January 28, 2009 to present.

## COUNT III

## VIOLATION OF THE ARIZONA CONSUMER FRAUD ACT

### (All Defendants)

Case 2:09-ap-01357-RTB   Doc 13   Filed 01/04/10   Entered 01/05/10 10:40:31   Desc
SUPPLEMENTAL COMPLAINT-CAPI JBK
Main Document    Page 18 of 45

01/05/2010

102.     Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs

103.     Defendants' herein-described actions constitute violations of the Arizona Consumer Fraud Act, A.R.S. §§ 44-1521, *et seq.* ("ACFA").

104.     As Plaintiff relied upon the veracity of the Arizona State licensed Defendants, they willingly and knowingly violated the ACFA thereby consciously disregarding the substantial risk, significant harm, emotional distress and damage their words and actions she relied upon, would cause Plaintiff.

105.     It is a maxim of law that "external actions indicate internal intentions."

106.     Defendants misrepresented their actions as described above with the intent of and for the purpose of inducing Plaintiff into signing an agreement for refinancing and did not provide the appropriate closing documents required by Arizona and Federal law.  Plaintiff was never made aware that the representations described herein were false and existed for the benefit of the Defendants.

107.     Plaintiff acted in reasonable reliance on said representations to her detriment.

108.     Defendants willingly and knowingly violated the Arizona Consumer Fraud Act, A.R.S. §§44-1521 *et seq.*

109.     Plaintiff is therefore entitled to recover actual, consequential, incidental and punitive damages

110.     WHEREFORE, Plaintiff requests that the Court award:

    a.   Actual, consequential, incidental, and punitive damages;

    b.   Legal fees pursuant to A.R.S. § 12-341.01:

    c.   Costs;

    d.   For the subject property to be reconveyed back to Plaintiff with title unencumbered.

Case 2:09-ap-01357-RTB  Doc 13   Filed 01/04/10   Entered 01/05/10 18:49:41   Desc
SUPPLEMENTAL COMPLAINT-CAP1BK
Main Document      Page 19 of 45

01/05/2010

e. All applicable interest; and,

f. Such other relief as the Court deems just and equitable and include all punitive, compensatory, and treble damages as well as attorney fees, cost, mailing fees and other defense and all out of pocket expenses from January 28, 2009 to present.

## COUNT IV

## VIOLATION OF TRUTH IN LENDING ACT, 15 U.S.C. § 1601 *et seq.*

### (All Defendants)

111.    Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs

112.    The loan transaction at issue is a consumer credit transaction subject to the provisions of TILA.

113.    TILA grants consumers a three-day right to cancel certain residential mortgage loan transactions. Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the latter of the following events: (1) the "consummation of the transaction"; (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. (15 U.S.C. § 1635(a).)  The "material disclosures" that must be provided to the consumer include accurate disclosure of the annual percentage rate, all finance charges and the amount financed. (15 U.S.C. § 1602(u).)

114.    If the required notice of cancellation is not provided, or if the required "material disclosures" are not delivered then the right to cancel extends to three years after the date of the loan, or if the facts of the transaction were hidden from the consumer, three years from the date consumer discovered the hidden facts. (15 U.S.C. § 1635(f).)  If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor (15 U.S.C. § 1641(c).)

115. When a consumer rescinds a mortgage transaction, the security interest giving rise to the right of rescission becomes void and the consumer is not liable for any amount, including any finance of other charge. (15 U.S.C. § 1635(b).)

116. Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction (15 U.S.C. § 1635(b); 15 C.F.R. § 226.23(d).) Defendants Capital One NA received a 2nd Rescission by Certified Mail #7008 3230 0003 4367 3719 on December 15 at 9:36am. They have not yet responded thereby violating Federal Statutes again.

117. Defendants violated the TILA and Regulation Z by failing to disclose items such as but not limited to: the Annual Percentage Rate calculated using the methods prescribed in the Regulation Z, the amount financed; and the total finance charge. If Plaintiff would have had this information, then Plaintiff would not have entered into the unconscionable financing arrangement presented by Defendants.

118. Defendants violated the TILA and Regulation Z by not giving Plaintiff notice of right of rescission.

119. Defendants may have violated other provisions of TILA. This allegation will be supplemented after discovery.

120. Defendants have caused proximate damage to Plaintiff who has been harmed and has suffered actual damage by Defendant's conduct.

121. Because of these violations, Plaintiff has a continuing right to rescind the alleged loan transaction for up to three years after consummation of the transaction pursuant to 15 U.S.C. § 1635(a) and (f) and 15 C.F.R. § 226.23(b)(5). Plaintiff hereby gives notice of rescission by and through this Complaint.

Case 2:09-ap-01357-RTB    Doc 13    Filed 01/04/10    Entered 01/05/10 19:43:14    Desc
SUPPLEMENTAL COMPLAINT CAP1-BK
Main Document    Page 21 of 45

Page 21 of 41

01/05/2010

122.    Because of these violations, Defendants are liable to the Plaintiff in the amount of twice the finance charge, actual damages to be established at trial, and costs in accordance with 15 U.S.C. § 1640(a).  Plaintiff is also entitled to the following:  rescission of the loan transaction; an order requiring Defendants to take any and all actions necessary to terminate any security interest in the Property, and a declaration by the Court that the security interest is void; expungement of any and all foreclosure instruments, including but not limited to, any Notice of Default or notice of Trustee's Sale relating to Plaintiff's Property from any public record; removal of any and all derogatory information reported to any and all credit reporting agencies or bureau relating to the transaction involved herein; the return to the Plaintiff of any money given by the Plaintiff to any of the Defendants in connection with the Loan transaction; statutory damages; costs and reasonable attorneys' fees; and such other relief as the Court may deem just and proper.

123.    As a result of Defendants' misconduct, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial, which they are entitled to recover.

124.    Moreover, Defendants' misconduct was done in conscious disregard of Plaintiff's rights and was willful, malicious, and outrageous.  Therefore punitive damages are warranted and demanded.

125.    As a result of Defendants' misconduct, the loan was void and unenforceable at its inception.  Therefore Plaintiff is entitled to rescind the loan agreement and the Promissory note and is entitled to declaratory and injunctive relief preventing Defendants from taking any action to collect on the loan, and/or to foreclose upon the Property, and/or to transfer the Property.

126.    WHEREFORE, Plaintiff requests that judgment be entered against Defendants as follows:

Case 2:09-ap-01357-RTB    Doc 13    Filed 01/04/10    Entered 01/05/10 19:43:31    Desc
SUPPLEMENTAL COMPLAINT-EXH-BK
Main Document    Page 22 of 45

01/05/2010

A. Judgment canceling or rescinding the contract and restoring the parties to the status quo ante;

B. Plaintiff be awarded actual damages suffered as a result of Defendants' conduct;

C. Judgment for Plaintiff's legal fees and costs;

D. For the subject property to be reconveyed back to Plaintiff with title unencumbered

E. Interest on the judgment rendered herein at the maximum lawful rate from the date of its rendition until paid in full; and

F. Such other and further relief as this Court deems just and proper,

WHEREFORE, Plaintiff requests that the Court award Plaintiff:

    a. Actual, consequential, incidental, and punitive damages;

    b. Legal fees pursuant to A.R.S. § 12-341.01:

    c. Costs;

    d. For the subject property to be reconveyed back to Plaintiff with title unencumbered.

    e. All applicable interest; and,

    f. Such other relief as this Court deems just and equitable and to include all punitive, compensatory, and treble damages as well as legal fees, costs, mailing fees and other defense and all out of pocket expenses from January 28, 2009 to present.

## COUNT V

### Unlawful Conversion

### (All Defendants)

127. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs

128. **Unlawful conversion** is defined by Ballentine's Law dictionary 3rd Ed. as "A distinct act of dominion wrongfully exerted over another's personal property in denial of or

Case 2:09-ap-01357-RTB   Doc 13   Filed 01/04/10   Entered 01/05/10 19:43:11   Desc
SUPPLEMENTAL COMPLAINT-CAP1-BK   Main Document   Page 23 of 45   Page 23 of 41

01/05/2010

inconsistent with his title or rights therein, or in derogation, exclusion, or defiance of such title or rights. 18 Am J2d Conversion § 1. It is an essential tortious act, an unlawful act, an act which cannot be justified or excused in law. 18 Am J2d Conversion § 1."

129.     The nature of the act of conversion; "to constitute a conversion the act must be such as to indicate as assertion . . . of a right of control or dominion over the property, adversely to the owner;" Consolidated Co. v. Curtis, 1892 1 Q.B. 495 (Eng). The expression of conversion means that the defendants have exercised a wrongful dominion or control over the property in violation of the plaintiff's rights.

> "It is not necessary to a conversion that it be shown that the wrongdoer has
> applied it (the property) to his own use. If he has exercised a dominion
> over it in exclusion, or in defiance of, or inconsistent with, the owner's
> right, that in law is a conversion, whether it be for his own or another
> person's use." Bristol v. Burt, 7 Johns 254 (N.Y.).

130.     **Unlawful conversion** requires that the following elements be performed; 1) property in plaintiff and 2) a wrongful conversion by the defendant. Plaintiff labored. Defendants held plaintiff property, labor, in trust as trustee. Defendants converted said labor to own possession and then transferred said labor to a third party without a proper procedural due process resulting in court order and/or authorization by plaintiff.

131.     Defendants owed plaintiff a duty of due care to not convert plaintiff's property.

132.     Defendants knew plaintiff would rely upon representations, which, if false and based on constructive fraud, would cause plaintiff loss.

133.     As a result of the said unlawful conversion by constructive fraud counsel/accountant's and therein Defendants' conversion of Plaintiff's property through false representations, plaintiff has sustained loss in effort to retain her property and through an ongoing effort that consumes as much in this case as 35 hours or more a week in defending Plaintiff's right title and interest in her property.

Case 2:09-ap-01357-RTB   Doc 13   Filed 01/04/10   Entered 01/05/10 18:43:11   Desc
SUPPLEMENTAL COMPLAINT-CAH-BK
Main Document      Page 24 of 45

01/05/2010

134. Defendants caused Plaintiff to incur other expenses as the result of wrongful conversion by defendants of plaintiff's property.

135. Defendants have improperly forced Plaintiff into bankruptcy due to wrongful conversion of her property.

136. Defendants forced Plaintiff to resist their legal violence by having to mount a defense to halt and delay the attempts by defendants and counsel to foreclose and evict Plaintiff from property.

137. Defendants willingly and knowingly conspired to unlawfully convert Plaintiff's property that may well rise to a criminal conspiracy under Federal law, specifically 18 USC § 371.

138. WHEREFORE, the Plaintiff prays that this Court award Plaintiff:

   a. Actual, consequential, incidental, and punitive damages;

   b. Legal fees pursuant to A.R.S. § 12-341.01:

   c. Costs;

   d. For the subject property to be reconveyed back to Plaintiff with title unencumbered.

   e. All applicable interest; and,

   f. Such other relief as this Court deems just and equitable and to include all punitive, compensatory, and treble damages as well as attorney fees, cost, mailing fees and other defense and all out of pocket expenses from January 28, 2009 to present.

## COUNT VI

## NEGLIGENCE

### (All Defendants)

139. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs

Case 2:09-ap-01357-RTB  Doc 13  Filed 01/04/10  Entered 01/05/10 19:43:41  Desc
SUPPLEMENTAL COMPLAINT-PART 1  Main Document  Page 25 of 45

01/05/2010

140.    **Negligent misrepresentation** does not require the maker of a misrepresentation to know that the representation is false. As defined by ARIZONA statute, negligent misrepresentation is "[t]he assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true". ARIZONA Civil Code, section 1710(2), by comity.

141.    The approved jury instruction for negligent misrepresentation is more helpful than the statutory definition: **Negligent misrepresentation** requires that the following elements be proved;

1. The defendants must have made a representation as to a past or existing material fact;

2. The representation must have been untrue;

3. Regardless of his actual belief the defendants must have made the representation without any reasonable ground for believing it to be true;

4. The representation must have been made with the intent to induce plaintiff to rely upon it;

5. The plaintiff must have been unaware of the falsity of the representation; must have acted in reliance upon the truth of the representation and must have been justified in relying upon the representation;

6. And, finally, as a result of the reliance upon the truth of the representation, the plaintiff must have sustained damage.

142.    Defendants knew or should have known that its representations were false a.k.a. constructive fraud. Defendants knew or should have known that damage would occur in said negligent misrepresentation, which is charged in law as constructive fraud.

143.     Defendants violated their fiduciary duty of due care owed to plaintiff when they were negligent in making false representations and in their conduct of constructive fraud in transferring Plaintiff's private property to themselves without a court order.

144.     Defendant's negligence and constructive fraud has caused plaintiff to sustain a large loss of time in her life and in sweat equity to protect and save her property and to avoid eviction.

145.     Defendants negligently breached their duty to Plaintiff by directing her into a contract that she may not have otherwise qualified for by industry standards, resulting in excessive fees paid by Plaintiff and payments in excess of Plaintiff's ability to pay.

146.     Defendants owed a duty to Plaintiff to perform acts in such a manner as to not cause Plaintiff harm. Defendants negligently breached their duty of care to the Plaintiff when they failed to maintain the original Mortgage Note, failed to properly create original documents, failed to make the required disclosures to the Plaintiff.

147.     Defendants negligently breached their duty of care to the Plaintiff when they took funds to which they were not entitled, charged fees they were not entitled to charge, and made or otherwise wrongfully authorized negative reporting of Plaintiff's creditworthiness to various credit bureaus.

148.     Defendants were noticed no less than 3 times since the plaintiff learned of the attempts by defendants to foreclose on the subject property and in their negligence the Plaintiff has had to obtain the proper legal and lawful information to defend and protect her property.

149.     WHEREFORE, Plaintiff requests that judgment be entered against Defendants as follows:

A. Judgment canceling or rescinding the contract and restoring the parties to the status quo ante;

B. For the subject property to be reconveyed back to Plaintiff with title unencumbered.

Case 2:09-ap-01357-BTB   Doc 13   Filed 01/04/10   Entered 01/05/10 10:42:04   Desc
SUPPLEMENTAL COMPLAINT-CAP1 BK          Main Document          Page 27 of 45

01/05/2010

C. Plaintiffs be awarded actual damages suffered as a result of Defendants' conduct;

D. Judgment for Plaintiffs' legal fees and costs;

E. Interest on the judgment rendered herein at the maximum lawful rate from the date of its rendition until paid in full; and

F. Such other and further relief as this Court deems just and equitable and to include all punitive, compensatory, and treble damages as well as attorney fees, cost, mailing fees and other defense and all out of pocket expenses from January 28, 2009 to present.

## COUNT VII

### Accounting

### Breach of Fiduciary Duty

### (All Defendants)

150. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs

151. **Fiduciary capacity** is defined by Ballentine's Law dictionary 3rd Ed. as "The position of one in whom special trust and confidence is reposed, and who is bound in equity and good conscience to act in good faith with due regard to the interest of the person reposing the confidence. Illinois v. Riggins, 132 NE2d 519."

152. The duty of a fiduciary to act in a position of trust, good faith, candor and responsibility, on behalf of another. The duty is one of the best-defined responsibilities under the law and is very strictly enforced by the courts.

153. Defendants by and through their agents, owed a fiduciary duty to the Plaintiff to act primarily for her benefit, to act with proper skill and diligence and to not make a personal profit from the agency at the expense of their principal, the Plaintiff.

Case 2:09-ap-01357-RTB Doc 13 Filed 01/04/10 Entered 01/05/10 19:43:11 Desc
SUPPLEMENTAL COMPLAINT-CAP1-BK Page 28 of 41
Main Document Page 28 of 45

01/05/2010

154.     Defendants willfully or recklessly breached their fiduciary duty and duty of loyalty by obtaining a mortgage loan for her that had unfavorable terms and that she could not ultimately afford, by not disclosing the negative consequences of said loan, by securing a secret profit for themselves, by not properly complying with TILA and RESPA requirements, and by engaging in unfair business practices.

155.     Defendants created and participated in a scheme that created an illusion to consumers that they are being informed of all the material facts when in fact they are not.

156.     Defendants consciously disregarded Plaintiff's rights, deliberately breaching their respective fiduciary duties, showing willful misconduct, malice, fraud, wantonness, oppression and entire want of care, thus authorizing the imposition of punitive damages by betraying plaintiff's belief and reliance that Defendants, would always operate in good faith and with clean hands and would not act in a manner adverse to plaintiff's interest. Plaintiff reposed special trust and confidence in the abilities and fidelities of Defendants because of their licensure and Defendants breached her trust and confidence.

157.     A cause of action for accounting arises where there is a fiduciary relationship such as where one party has a dispute with the Guardian trustee receiver or other fiduciary that has control over assets of the party complaining. The accounting may also be ordered where the issues in a contract case for example that is so complicated that it is not clear that it can be ascertained any other way and always where the underlying contract is provided for accounting in the event of a dispute. When the complaining party has no separate access to the records such as where fiduciary like a trustee has the books, and accounting will almost never be denied, since the complaining party may have no other way to ascertain the fiduciary has carried out his duties safely/properly.

158.     Requisite elements of which one can successfully plead for an accounting include assertion of the following:                    \

a. the existence of a fiduciary relationship or contract demands that are so extensive and collocated that it is not clear that money damages alone are adequate;

b. necessity for the accounting;

c. The remedy sought is one in equity; therefore the court has broad discretion as to whether or not it will grant the relief sought. It is important therefore to allege sufficient facts to make clear that justice and fairness demand an accounting be given.

159. Defendants have never provided an accounting to plaintiff.

160. **WHEREFORE,** plaintiff seeks said accounting, and settlement of all alleged outstanding liabilities.

161. Therein, plaintiff requests the court order a special master to locate, close with and obtain all accounting records thereunto pertaining.

## COUNT VIII

## UNJUST ENRICHMENT

### (All Defendants)

162. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs

163. Defendants have unjustly enriched themselves at Plaintiff's expense.

164. Unjust enrichment is similar to the cause of action for quantum merit that arises when one person confers a benefit on another under circumstances that would cause a reasonable person to believe he would be compensated by the other. The courts reason that one person should not be unjustly enriched at the expense of another so even where there is no contract between them to spell out in detail their relative expectations, this cause of action (or quantum meruit) will lie to prevent the one from being unjustly enriched at the expense of the other.

165.   WHEREFORE, plaintiff seeks said accounting, and settlement of all alleged outstanding liabilities.

166.   Therein, plaintiff requests the court order a special master to locate, close with and obtain all accounting records thereunto pertaining.

## COUNT IX

## SPECIFIC PERFORMANCE

### (All Defendants)

167.   Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs

168.   Plaintiff seeks specific performance to produce books and records so as to settle any outstanding liability.

169.   Plaintiff entered a trust/corporation agreement with defendants and its chartered parental organizations: State of Arizona, United States and its subsidiary the Social Security Administration (among other administrative organizations) through the Social Security Treaty agreement emanating from Buckingham Palace (see Statutory Instrument 1997 No. 1778 The Social Security (United States of America) Order 1997). Therein, stock (beneficial interest)/corpus was issued, gains were made by the trustees, and breach of domestic tranquility was made by trustee credit union for failing to utilize the accounts payable side of the ledger sheet for setoff, escrow distribution and closure of all liabilities.

170.   Defendants have refused to perform the conditions of the lawful contract and Plaintiff has suffered damages directly as a result.

171.   Defendants have violated federal and state statutes by refusing to produce books and records so as to settle any outstanding liability (whether that of plaintiff or defendants)

172.   Defendants have breached domestic tranquility by failing to utilize the accounts payable side of the ledger sheet for setoff, escrow distribution and closure of all liabilities

Case 2:09-ap-01357-RTB   Doc 13   Filed 01/04/10   Entered 01/05/10 19:43:31   Desc
SUPPLEMENTAL COMPLAINT-CAP1-BK          Main Document          Page 31 of 45

01/05/2010

173.    WHEREFORE, plaintiff seeks said accounting, and settlement of all alleged outstanding liabilities.

174.    Therein, plaintiff requests the court order a special master to locate, close with and obtain all accounting records thereunto pertaining.

## COUNT X

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### (All Defendants)

175.    Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs

176.    The Defendants, CHEVY CHASE BANK, CAPITAL ONE FINANCIAL CORPORATION , SMITH & CRAVEN, CARSON MESSINGER ELLIOTT LAUGHLIN & RAGAN PLLC; FREDERICK THOMAS, ROBERT P. LINDFORS; CAL-WESTERN RECONVEYANCE CORPORATION, are debt collectors under 15 U.S.C. § 1692(a)(6).

177.    The Plaintiff is a consumer under the FDCPA.

178.    On or about January 28, 2009, Plaintiff caused to be sent to Defendant, the Registered Agent for CHEVY CHASE BANK, Mr, T. Banks Gatchel by notary presentment a letter requesting verification of the debt pursuant to FAIR DEBT COLLECTIONS PRACTICES ACT. It was sent under USPS registered mail # RE 261 074 775 US and received on February 2, 2009 DEBT .

179.    According to the Fair Debt Collection Practices Act, 15 U.S.C. § 809(b), "if the consumer notifies the Debt Collector in writing within the thirty-day period [of receiving the initial communication], that the debt, or any portion thereof is disputed, or that the consumer requests the name and address of the original creditor, the DEBT COLLECTOR SHALL CEASE COLLECTION OF THE DEBT OR ANY DISPUTED PORTION THEREOF, UNTIL THE DEBT COLLECTOR OBTAINS VERIFICATION OF THE DEBT...."

180.    Despite the written request, the proper action was never taken by CHEVY CHASE BANK or CAL-WESTERN RECONVEYANCE CORPORATION or SMITH & CRAVEN and no response has ever been received from any of the defendants, rather they all moved forward in foreclosure proceedings on plaintiff's property.

181.    Plaintiff caused to be sent a NOTICE OF FAULT AND AN OPPORTUNITY TO CURE AND PERFORM IN REGARDS TO THE DEBT VALIDATION PURSUANT TO FAIR DEBT COLLECTIONS ACT on or about February 25 2009. Notary who presented the request never received a response from the Defendant. Defendant received the notice of fault on March 4, 2009.

182.    Plaintiff through notary public sent no less than three Qualified Written Requests for defendants to respond and no responses were ever received by Plaintiff or Notary of record.

183.    CHEVY CHASE BANK or CAL-WESTERN RECONVEYANCE CORPORATION have failed to and have refused to stop halt the foreclosure action.

184.    WHEREFORE, Plaintiff requests that judgment be entered against Defendants as follows:

    a.  Judgment establishing violation of the Fair Debt Collection Practices Act;

    b.  Judgment for Plaintiff's legal fees and costs;

185.    Such other and further relief as this Court deems just and equitable and to include all punitive, compensatory, and treble damages as well as attorney fees, cost, mailing fees and other defense and all out of pocket expenses from January 28, 2009 to present.

## COUNT XI

## VIOLATION OF ARIZONA ASSIGNMENT AND SATISFACTION OF MORTGAGE LAW AND INVALID DEED OF TRUST

### (All Defendants)

Case 2:09-ap-01257-RTB  Doc 13   Filed 01/04/10   Entered 01/05/10 14:43:41   Desc
SUPPLEMENTAL COMPLAINT-CAP1 BK
Main Document      Page 33 of 45

01/05/2010

186.    Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs

187.    Defendants have violated Arizona and Federal Law by not producing any evidence of assignment, trust or successor interest.

188.    The loan was in default at the time of the alleged transfer.

189.    The Deed of Trust is being held after the alleged "sale" to the assignee to the trust.

190.    Chevy Chase Bank cannot take an equitable assignment of a Deed of Trust because it is not the legal owner of the Deed of Trust.

191.    A.R.S. § 33-420(A), states that [a] person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action.

192.    Arizona Law states that no estate shall be conveyed unless the conveyance is by an instrument in writing, subscribed and delivered by the party disposing of the estate.

193.    Every deed or conveyance of real property must be signed by the grantor and must be duly acknowledged before some officer authorized to take acknowledgments.

194.    A party causing an invalid document to be recorded must know or have reason to know under A.R.S. § 33-420 that the document is invalid.

195.    It would be impossible, under the circumstances of this and thousands of other cases across the country, in which the Defendants have been judicially estopped from moving forward with Foreclosure or Trustee sales and/or eviction, based upon their inability to show

Case 2:09-ap-01357-RTB  Doc 13   Filed 01/04/10   Entered 01/05/10 08:43:41   Desc
SUPPLEMENTAL COMPLAINT-Doo 13                    Main Document      Page 34 of 45

01/05/2010

that they are the true beneficiary under the Deed of Trust, to state that the Defendants did not know or have reason to know that the Substitution of Trustee and the Notice of Trustee Sale were invalid on their face.

196.    WHEREFORE, Plaintiff requests that judgment be entered against Defendants as follows:

        a.    Judgment barring and forever estopping Defendants from having or claiming any right or title to the Property;

        b.    Judgment ordering reconveyance of subject property back to Plaintiff with no encumbrances;

        c.    Judgment for Plaintiff's legal fees and costs;

        d.    Such other and further relief as this Court deems just and proper.

## COUNT XII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (All Defendants)

197.    Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

198.    Defendants' actions described herein were extreme, egregious and outrageous.

199.    Defendants either intended to cause Plaintiff's emotional distress or recklessly disregarded the near certainty that such distress would result from their conduct.

200.    Defendants caused Plaintiff to sustain severe emotional distress as a result of defendants' conduct.

201.    Defendants conspired to act in a manner which caused Plaintiff's emotional distress.

Case 2:09-ap-01357-RTB   Doc 18   Filed 01/04/10   Entered 01/05/10 10:43:31   Desc
SUPPLEMENTAL COMPLAINT-CAP-BR   Main Document   Page 35 of 45

01/05/2010

202.  WHEREFORE, Plaintiff requests that judgment be entered against Defendants, jointly and severally, as follows:

a.  Judgment that Plaintiff be awarded general damages suffered as a result of Defendants' conduct;

b.  Punitive damages as appropriate to punish and deter Defendants from engaging in similar conduct in the future;

c.  Judgment for Plaintiff's legal fees and costs;

d.  Interest on the judgment rendered herein at the maximum lawful rate from the date of its rendition until paid in full; and

e.  Such other and further relief as this Court deems just and proper.

## COUNT XIII

## FRAUD – MISREPRESENTATION AND CONSPIRACY

### (ALL DEFENDANTS)

203.  Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs

204.  Defendants made certain representations and omissions to Plaintiff, including, but not limited to those set forth more fully above.

205.  The representations and omissions above, among others, were false.

206.  The representations and omissions above, among others, were material to Plaintiff.

207.  Defendants made these and other representations and omissions with knowledge of their falsity.

208.  Defendants made these representations and omissions to induce Plaintiff to enter into business with Defendants.

Case 2:09-ap-01357-RTB   Doc 13   Filed 01/04/10   Entered 01/05/10 19:48:14   Desc
SUPPLEMENTAL COMPLAINT-CAH-1.1   Main Document   Page 36 of 45

01/05/2010

209. Plaintiff was not aware that Defendants' representations and omissions were false.

210. Plaintiff relied on the truth of Defendants' representations and omissions.

211. Plaintiff had no reason to question the truth of Defendants' representations and omissions.

212. Plaintiff has been injured by Defendants' misrepresentations in an amount to be proven at trial.

    a. For such actual, consequential and punitive damages as may be proved at the time of trial;

    b. For Plaintiff's taxable costs and reasonable legal fees pursuant to A.R.S. § 12-341.01;

    c. For costs of collection after judgment; and

    d. Such other and further relief as the Court deems just and necessary.

## COUNT XIV

## CONVERSION/CIVIL THEFT

### (All Defendants)

213. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs

214. Defendants have intentionally seized, held or otherwise interfered with Plaintiff's beneficial use of her Property without legal justification or privilege.

215. Defendants are attempting to move the property to trustees sale

216. Defendants' actions have proximately caused Plaintiff to suffer immediate and irreparable harm for the impending loss of its rightful property, among other elements of economic injury and harm.

217. Defendants' actions were deliberate, harmful, wanton and in bad faith, and such conduct supports an award of punitive damages.

218. Unless Defendants are enjoined from future acts of theft and conversion, Plaintiff will be irreparably harmed.

219. WHEREFORE, based upon the foregoing, Plaintiffs prays for judgment against Defendants, as follows:

    a. For such actual, consequential and punitive damages as may be proved at the time of trial;

    b. For Plaintiff's taxable costs and reasonable legal fees pursuant to A.R.S. § 12-341.01;

    c. For costs of collection after judgment.

## COUNT XV

## VIOLATION OF THE UNIFORM COMMERCIAL CODE

## AS DEFINED IN A.R.S. §47-3100, et. al. and ARIZONA'S RECORDING STATUTE

### (All Defendants)

220. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs

221. The promissory note referred to in the Deed of Trust, in the Substitution of Trustee and the Notice of Trustee's Sale, is a negotiable instrument, governed by A.R.S. §47-3104(a), (b) and (e).

222. Plaintiff alleges that CHEVY CHASE BANK, CAPITAL ONE FINANCIAL CORPORATION, CAL-WESTERN RECONVEYANCE or counsel for the defendants and other defendants do not meet the definition of a Holder in Due Course under A.R.S. § 47-3302.

223. Plaintiff also alleges that the Defendants are not entitled to enforce the Deed of Trust, and, therefore, cannot legally go forward with the eviction of the Plaintiff.

224.    The Defendants, at this time, cannot prove that they have properly transferred possession of the Note or Deed of Trust to CHEVY CHASE BANK, CAPLITAL ONE FINANCIAL CORPORATION, CAL-WESTERN RECONVEYANCE CORPORATION A.R.S. § 47-3201.

225.    The Defendants are not in possession of the underlying instruments, i.e., the Promissory Note and Deed of Trust and, therefore, cannot enforce the instrument. Arizona's recording statute requires that all conveyances of real estate be acknowledged and recorded. A.R.S. § 33-412.

226.    A land conveyance not notarized and recorded is otherwise void.

227.    Because the Defendants have not proven that the land conveyance was acknowledged and recorded, the void judgment of the court is a proper order for the defendants to cease all attempts of evicting Plaintiff and taking possession of the subject property.

228.    WHEREFORE, based upon the foregoing, Plaintiff asks for the following relief:

a.    Order denying Lift of Stay against all defendants regarding the subject property;

b.    Order voiding any trustee sale of subject property;

c.    Order for the subject property to be reconveyed back to Plaintiff with title unencumbered;

d.    For such actual, consequential and punitive damages as may be proved at the time of trial;

e.    For Plaintiff's taxable costs and reasonable legal fees pursuant to A.R.S. § 12-341.01;

f.    For costs of collection after judgment.

## COUNT XVI

Case 2:09-ap-01357-RTB   Doc 13   Filed 01/04/10   Entered 01/05/10 13:49:41   Desc
SUPPLEMENTAL COMPLAINT-CAP1-BK
Main Document      Page 39 of 45

01/05/2010

# TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT

## INJUNCTION

### (All Defendants)

229.    Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs

230.    Plaintiff has learned that Defendants, their directors, officers, agents, employees, attorneys and other persons in active concert with them or who are acting under their direction, are improperly transferring and disposing of Plaintiff's property.

231.    Unless Defendants, their directors, officers, agents, employees, attorneys and any person in active concert with them or who are acting under their direction, are immediately enjoined from making further improper disposition or use of the Property, and going forward with an illegal sale, Plaintiff will be irreparably harmed and suffer injury.

232.    Plaintiff has no adequate remedy at law to prevent further improper transfer, use or other disposition of the Property.

233.    WHEREFORE, based upon the foregoing, Plaintiff asks for the following relief:

A.      For a temporary injunction order and order to show cause against all Defendants, their officers, directors, agents, employees, attorneys and any person in actual concert with them or who are acting under their direction, are immediately and temporarily enjoined for the time period allowed under Rule 65, Ariz. R. Civ. P., from:

> 1. Transferring or otherwise disposing of the Property, as defined in this Complaint;
>
> 2. Such other and further relief as this court deems just and necessary; and

3. An order disqualifying the law firms of SMITH & CRAVEN, and CARSON MESSINGER ELLIOTT LAUGHLIN & RAGAN PLLC from representing any party adverse to the Plaintiff, and,

4. An order for the subject property to be reconveyed back to Plaintiff with title unencumbered.

B.     For a preliminary/permanent injunction against all Defendants, their officers, directors, agents, employees, attorneys and any person in actual concert with them or who are acting under their direction, are immediately and temporarily enjoined for the time period allowed under Rule 65, Ariz. R. Civ. P., from:

1. Transferring or otherwise disposing of the Property, as defined in the Verified Complaint;

2. Initiating or advancing any right of possession

3. Such other and further relief as this court deems just and necessary.

RESPECTFULLY SUBMITTED this 4th day of January, 2010.

_Katherine Christensen_
Katherine Christensen, Plaintiff
Real Party in Interest

Katherine Christensen
1134 West Grand Caymen Drive
Gilbert, Arizona 85233
Tel: (480) 813-3885
Pro Se

**SUPERIOR COURT OF THE STATE OF ARIZONA**
**FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| Katherine Christensen, In Person Plaintiff, )<br>Vs. )<br>CAPITAL ONE NA, its assigns and/or )<br>successors; CHEVY CHASE BANK; )<br>STEVEN R. HALPIN d/b/a CFO CHEVY )<br>CHASE BANK his assigns and/or )<br>successors; GARY PERLIN d/b/a CFO )<br>CAPITAL ONE NA his assigns and/or )<br>successors; SMITH & CRAVEN PLLC; )<br>GARY MICHAEL SMITH; D. JEFFREY )<br>CRAVEN; FREDERICK C. THOMAS; )<br>CARSON MESSINGER ELLIOTT )<br>LAUGHLIN & RAGAN PLLC; ROBERT )<br>P. LINDFORS; CAL-WESTERN )<br>RECONVEYANCE CORPORATION; )<br>SUSAN SMOTHERS; MORTGAGE )<br>ELECTRONIC REGISTRATION )<br>SYSTEMS INC.; MARY STRATHAM )<br>d/b/a NOTARY d/b/a SIGNATORY FOR )<br>MORTGAGE ELECTRONIC SYSTEMS )<br>INC.; MARTY STRATHAM d/b/a )<br>NOTARY d/b/a SIGNATORY FOR )<br>CAL-WESTERN RECONVEYANCE )<br>CORP.; MARY STRATHAM d/b/a )<br>NOTARY FOR CAL-WESTERN )<br>RECONVEYANCE CORP.; PAMELA )<br>CAMPBELL d/b/a ASSISTANT )<br>SECRETARY OF MERS; NORTH )<br>AMERICAN TITLE AGENCY OF )<br>ARIZONA c/o NORTH AMERICAN )<br>TITLE INSURANCE CO.; GILA )<br>COUNTY SHERIFF OFFICE, CHRIS )<br>MCBREARTY d/b/a MORTGAGE )<br>BROKER for CHARTER FUNDING; )<br>CHARTER FUNDING; FIRST MAGNUS )<br>FINANCIAL; MERENDON MINING; )<br>INSTITUTE FOR FINANCIAL )<br>LEARNING; JOHN DOES And JANE )<br>DOES 1-100, ABC CORPORATIONS 1-<br>100, and XYZ PARTNERSHIPS 1-100,<br>Defendants, | Case No.: 09-21818<br><br>Adversarial Proceeding No. 09-ap-01357<br><br>Chapter 7<br><br>AFFIDAVIT OF Katherine Christensen<br>IN SUPPORT OF COMPLAINT filed 12-<br>31-09 and SUPPLEMENTAL<br>COMPLAINT filed 01-04-2010<br><br><br><br>Assigned to: HON. Redfield T. Baum |

## AFFIDAVIT OF Katherine Christensen
## IN SUPPORT OF COMPLAINTS

I, the Plaintiff, Katherine Christensen, a woman, hereinafter collectively listed as Affiant or Plaintiff, being of adult age, competent to testify, do hereby state that the truths and facts herein are based upon my understanding, beliefs, information and first hand requisite personal knowledge.

Further do I hereby state under the Perjury Clause and proclaim that the following information is true, correct, complete, certain, not misleading so help me God.

1. Affiant is of legal age and competent to testify.

2. Affiant has obtained firsthand knowledge of the facts stated herein.

3. Affiant does hereby declare that there are indeed material facts in dispute regarding the trustees, grantor, and hereby declares based upon their information that Plaintiff is the real and legal trustee of said questioned property and this will be proven if given the opportunity in the name of justice and Public Policy.

4. Affiant has not seen or been presented with any fact or evidence that any of the Defendants are the real holders in due course and believes that none exists.

5. Upon information and belief, CHEVY CHASE BANK NKA CAPITAL ONE NA and CAL-WESTERN RECONVEYANCE. and MERS are not legal beneficiaries and have absolutely no right to assign anything to anybody.

6. Upon information and belief, Defendants do not have in their possession the Original Genuine Promissory Note because none exists.

7. Defendant(s) never complied with the Truth and Lending Laws which require full disclosure.

8. Plaintiff would never knowingly agree to an irrevocable trust without full knowledge of what its purpose was.

9. If Plaintiff would have received disclosure and been informed of all the consequences of the deceptive, hidden and damaging clauses, Plaintiff would not have ever agreed to such harsh and detrimentalstipulations and conditions.

10. Affiant has not seen or been presented with any fact or evidence that clearly identifies the trustee as having the authority to invoke the power of sale clause as they are not party, in any capacity, to the Original wet ink mortgage contract.

11. Affiant has not seen or been presented with any fact or evidence that any of the Defendants are the real trustee with the legal right and/or contract right to foreclose. They are all strangers to the Original wet ink contract.

12. Affiant has not seen or been presented with any fact or evidence that any of the Defendants have put forth any consideration for the subject property, making the sale and reconveyance a fraudulent transfer under Arizona law.

13. Affiant has not seen or been presented with any fact or evidence that any of the Defendants disclosed and/or informed Plaintiff that she was waiving any of her rights.

14. Affiant hereby declares that under the Natural Rights of Man, which predates the United States Constitution, that the Natural Rights of Affiant/ woman cannot not be waived.

15. Affiant has not seen or been presented with any fact or evidence that any of the Defendants complied with any of the truth and lending laws and avers that the Defendants have no such evidence, This Court must grant Plaintiff's injunction and issue void judgment until a hearing to determine the facts of the situation to prevent a miscarriage of justice.

16. Affiant has not seen or been presented with any fact or evidence that any of the Defendants did, in fact, NOT alter the Original Genuine Promissory Note by affixing an Allonge to the Note, if the Original Genuine Promissory Note exists.

17. Affiant has not seen or been presented with any fact or evidence that any of the Defendants can demand and require payment in any particular form of money as they are strangers to the Original Genuine Promissory Note and contract, and believes that none exists. As they are not party to the Original Genuine Promissory Note and contract they have no standing to do any act with regard to this Original Genuine Promissory Note.

18. Affiant knows of no fact or evidence that the pleading (confession of judgment and/or cognovit and/or void judgment note) submitted by any of the Defendants was true, correct, complete, but was, in fact, misleading.

Further, Affiant saith not

DATED: This 4th day of January in the Year 2010.

Katherine Christensen
1134 West Grand Caymen Drive
Gilbert, Arizona 85233
Tel: (480) 813-3885
Pro Se

JURAT:

SUBSCRIBED AND SWORN TO before me by

_Katherine Christansen_____ and substantiates the

authenticity of the Affidavit as true and correct and verifies this statement as what it was

intended to say on this 30th day of December 2009.

Maricopa County

_____ (seal)

Notary Pubic

    OFFICIAL SEAL
    ANNETTE R. DARCANGELO
    NOTARY PUBLIC - State of Arizona
    MARICOPA COUNTY
    My Comm. Expires June 16, 2012

My Commission expires _Oc / 16 / 2012_