30

1  Katherine Christensen
2  1134 West Grand Caymen Drive
   Gilbert, Arizona 85233
3  Tel: (480) 813-3885
   Pro Se

U.S. BANKRUPTCY
DISTRICT OF ARIZONA
FILED
2010 JAN -4  PM 2: 13
CLERK
BANKRUPTCY
DISTRICT OF ARIZONA

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| Katherine Christensen, In Person Plaintiff, )<br>Vs. )<br>CAPITAL ONE NA, its assigns and/or )<br>successors; CHEVY CHASE BANK; )<br>STEVEN R. HALPIN d/b/a CFO CHEVY )<br>CHASE BANK his assigns and/or )<br>successors; GARY PERLIN d/b/a CFO )<br>CAPITAL ONE NA his assigns and/or )<br>successors; SMITH & CRAVEN PLLC; )<br>GARY MICHAEL SMITH; D. JEFFREY )<br>CRAVEN; FREDERICK C. THOMAS; )<br>CARSON MESSINGER ELLIOTT )<br>LAUGHLIN & RAGAN PLLC; ROBERT )<br>P. LINDFORS; CAL-WESTERN )<br>RECONVEYANCE CORPORATION; )<br>SUSAN SMOTHERS; MORTGAGE )<br>ELECTRONIC REGISTRATION )<br>SYSTEMS INC.; MARY STRATHAM )<br>d/b/a NOTARY d/b/a SIGNATORY FOR )<br>MORTGAGE ELECTRONIC SYSTEMS )<br>INC.; MARTY STRATHAM d/b/a )<br>NOTARY d/b/a SIGNATORY FOR )<br>CAL-WESTERN RECONVEYANCE )<br>CORP.; MARY STRATHAM d/b/a )<br>NOTARY FOR CAL-WESTERN )<br>RECONVEYANCE CORP.; PAMELA )<br>CAMPBELL d/b/a ASSISTANT )<br>SECRETARY OF MERS; NORTH )<br>AMERICAN TITLE AGENCY OF )<br>ARIZONA c/o NORTH AMERICAN )<br>TITLE INSURANCE CO.; GILA )<br>COUNTY SHERIFF OFFICE, CHRIS )<br>MCBREARTY d/b/a MORTGAGE )<br>BROKER for CHARTER FUNDING; )<br>CHARTER FUNDING; FIRST MAGNUS )<br>FINANCIAL; MERENDON MINING; )<br>INSTITUTE FOR FINANCIAL )<br>LEARNING; JOHN DOES And JANE )<br>DOES 1-100, ABC CORPORATIONS 1- )<br>100, and XYZ PARTNERSHIPS 1-100, )<br>Defendants, ) | Case No.: 09-21818-RTB<br>Adversarial Case No. 09-ap-01357-RTB<br><br>CHAPTER 7<br><br>MOTION TO TAKE JUDICIAL NOTICE<br>OF RECENT COURT CASES AND<br>PUBLIC RECORDS<br><br><br><br><br><br><br><br><br>Assigned to: Hon. Redfield T. Baum |

COMES NOW Katherine Christensen, Plaintiff respectfully submiting this Motion to

Take Judicial Notice of recent court cases and of Public Records pursuant to Arizona Rule of

Evidence 201. Arizona Rule of Evidence 201(d) states, in relevant part:

> "When mandatory. A court shall take judicial notice if requested
> by a party and supplied with the necessary information."

Rule of Evidence 901(a) Requirement of Authentication or Identification states in relevant part:

> "(7) Public records or reports. Evidence that a writing authorized
> by law to be recorded or filed and in fact recorded or filed in a public
> office, or a purported public record, report, statement, or data compilation,
> in any form, is from the public office where items of this nature are kept."

Rule of Evidence 902 Self-Authentication states, in relevant part:

> Extrinsic evidence of authenticity as a condition precedent to
> admissibility is not required with respect to the following:
> (1) Domestic public documents under seal. A document bearing a
> seal purporting to be that of the United States, or of any State,

## STATEMENT OF FACTS

1. In support of Plaintiff's Motions for; Defendants to Show Cause for Standing; and for

   Temporary Restraining Order and Injunctive Relief; and for Declaratory Judgment, all

   documents in Exhibit A (see attached) were sent to Defendants its successors and/or assigns

   from January 2009 through June 2009 and were made part of the Gila County Public Record

   on July 2009.

2. Pursuant to the Rules of Evidence listed above, these Public Documents rise to the standard

   of being prima facie evidence.

3. These Public Records prove that:

   a) Chevy Chase Bank NKA Capital One NA has never responded to any of

   Plaintiff's lawful Qualified Written Requests for proof of standing

b) Chevy Chase Bank NKA Capital One NA has no standing to bring forth the foreclosure action

4. Also in support of all the motions mentioned in point #1 above, please find in Exhibit B (see attached) a listing of recent case law specific and relevant to this case. Fraud vitiates contracts ab initio. Plaintiff can prove to this Court that Defendants acted fraudulently. Once the facts are before this court, everything Defendants did and are attempting to do is void and must be struck. Plaintiff simply asks that she be protected under the protection of this honorable court until the outcome of an evidentiary hearing. The Court in the interests of justice and Public Policy, must weigh the evidence.

5. As proved in Exhibit B, courts across this country are now ruling against the shocking dishonesty perpetrated on homeowners and are granting homeowners their day in court to present the facts. Courts across the country are ruling in favor of homeowners as they determine the egregious and fraudulent manner that financial institutions have operated in the last few years.

6. This case is ready for this Court to adjudicate; Defendants had no standing and wrongly foreclosed on Plaintiff's Residence. The Residence property needs to be restored to the Plaintiff with prejudice, with title free and clear of all encumbrances. As this action appears to be a case of first impression in Arizona the attached case law from other jurisdictions is included only as a reference for the Court to see how other courts are dealing with the open, notorious and naked abuse of power that these banks and their co-conspirators, their law firms have perpetrated upon homeowners over these last few years. Defendants have committed fraud, including but not limited to securities fraud, mortgage fraud and mail fraud, conversion, civil theft and have violated numerous other state and federal statutes to unjustly enrich

themselves as they disregarded lawful evidence and knowingly with intention to deceive, improperly, underhandedly without standing wrongfully commenced foreclosure proceedings. Judicial history will look back with a despairing eye on those who participated in this economic collapse and will surely honor the descendents of those who upheld the standard of justice.

**WHEREFORE** Plaintiff prays for Judgment as follows, that the Court:

1. Take Judicial Notice of other state and federal court decisions.

2. Enjoin the Defendants and consider referring Defendants to the Attorney General for criminal investigation and prosecution.

3. Grant Plaintiff's Temporary Restraining Order against all Defendants

4. Grant Preliminary and Permanent Injunctive Relief

5. Vacate Defendants' Hearing for Lift of Stay.

5. Set a date for an Evidentiary Hearing.

RESPECTFULLY SUBMITTED this 4th Day of January 2010.

Katherine Christensen
1134 West Grand Caymen Drive
Gilbert, Arizona 85233
Tel: (480) 813-3885
Pro Se

# Exhibit A

1. Revocation of Power of Attorney
2. Notice of Substitution of Trustee
3. Cancellation of Trustee's Sale
4. Cease and Desist Request And Demand
5. Opportunity to Cure
6. Fee Schedule



When Recorded, Return to:

Katherine Christensen
c/o 1134 W. Grand Caymen Dr.
Gilbert AZ 85233

**Caption Heading/Title:**

Revocation of Power of Attorney

**Do Not Remove This Sheet, It Is Part Of The Recorded Document**

When recorded, please mail to:
KATHERINE CHRISTENSEN
c/o 1134 W. Grand Caymen Drive
Gilbert, Arizona 85233

## REVOCATION OF POWER OF ATTORNEY

Original Record #2006-014490 *as reflected on Deed OfTrust.*

Reference is made to certain power of attorney granted by KATHERINE CHRISTENSEN, Grantor August 16, 2006 GILA COUNTY ARIZONA Instrument No. 2006-014490 filed August 23, 2006.

This document acknowledges and constitutes notice that the Grantor hereby revokes, rescinds and terminates said power-of-attorney, and all authority rights and powers thereby effective ab inito.

Signed under seal this 1st day of July 2009.

BY:

_Katherine Christensen_     **AUTHORIZED REPRESENTATIVE**
KATHERINE CHRISTENSEN

STATE OF ARIZONA  )
                 ) ss.
COUNTY OF GILA   )

On July 1, 2009 before me, E.J. Baumgardner personally appeared KATHERINE CHRISTENSEN personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument, WITNESS my hand and official seal.

_E.J. Baumgardner_, Notary Public

**"OFFICIAL SEAL"**
E. J. Baumgardner
Notary Public-Arizona
Maricopa County
My Commission Expires 9/20/2010

(STAMP/SEAL)

Case 2:09-ap-01357-RTB   Doc 15   Filed 01/04/10   Entered 01/06/10 08:45:24   Desc
Main Document    Page 7 of 30
01/05/2010

State of Arizona
County of Gila
The foregoing instrument is a full,
true & correct copy as appears on
record in this office.
Fee# [illegible] RTB
Attested: [illegible]
Gila County Recorder, by [illegible] Deputy

When Recorded, Return to:

James W. Bonham
6740 W. Deer Valley Rd. #107
Glendale, AZ 85310



## Caption Heading/Title:

Notice of Substitution of Trustee

**Do Not Remove This Sheet, It Is Part Of The Recorded Document**

Presented for recording without
liability for acceptability or sufficiency by:
KATHERINE CHRISTENSEN

When recorded please mail to:
JAMES W. BONHAM
6740 W. Deer Valley Road #107
Glendale, Arizona 85310

## NOTICE OF SUBSTITUTION OF TRUSTEE

The undersigned hereby appoints James W. Bonham, a licensed insurance producer under the laws of this
state, whose address is 6740 W. Deer Valley Road #107, Glendale, Arizona 85210, as the Successor
Trustee under the trust deed executed by Katherine Christensen, as Trustor under Instrument No.
2006014490, in the office of the County Recorder of Gila County, Arizona, and legally describing the
trust property as:

LOT 4, GERONIMO ESTATES UNIT TWO, ACCORDING TO MAP NO. 287, RECORDS OF GILA
COUNTY, ARIZONA.

The successor trustee appoints hereby James W. Bonham as a Trustee of the trust deed in the Trustee
capacity as a member who is a licensed insurance producer under the laws of this state, as required by
A.R.S. SECTION 33-803 (A) (2).

BY: _Katherine Christensen_ _____ AUTHORIZED REPRESENTATIVE
    KATHERINE CHRISTENSEN

STATE OF ARIZONA  )
                  ) ss.
COUNTY OF GILA    )

"OFFICIAL SEAL"
E. J. Baumgardner
Notary Public - Arizona
Maricopa County
My Commission Expires 9/20/2010

The foregoing instrument was acknowledged before me on July 1, 2009, by Katherine Christensen
on behalf of the Trustor.

_E.J. Baumgardner_
E.J. Baumgardner, NOTARY PUBLIC
Maricopa County, State of Arizona

State of Arizona,
County of Gila
The foregoing instrument is a full,
true & correct copy as appears on
record in this office.

Fees:
Attested:
Gila County Recorder, by:

01/05/2010

When Recorded, Return to:

James W. Bonham
6740 W. Deer Valley Rd. #107
Glendale, AZ 85310



### Caption Heading/Title:

Cancellation of Trustee's Sale

**Do Not Remove This Sheet, It Is Part Of The Recorded Document**

When recorded, please mail to:
**James W. Bonham**
6740 W. Deer Valley Road #107
Glendale, Arizona 85310

## CANCELLATION OF TRUSTEE'S SALE

The undersigned Trustee hereby cancels the sale described in the Notice of Trustee's Sale recorded on April 2, 2009 at Recorder's Number 2009-003900 in the office of the County Recorder of Gila County, State of Arizona on the real property legally described as:

LOT 4, GERONIMO ESTATES UNIT TWO, ACCORDING TO MAP NO. 287, RECORDS OF GILA COUNTY, ARIZONA.

Said Notice of Trustee's Sale refers to Deed of Trust executed by Katherine Christensen as Trustor in which MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Nominee for FIRST MAGNUS FINANCIAL CORPORATION is named Beneficiary and NORTH AMERICAN TITLE COMPANY as Trustee; and recorded August 23, 2006 Recording Number 2006-014490, in the office of the County Recorder of GILA County, Arizona.

DATED: July 1, 2009

James W. Bonham, as Trustee

STATE OF ARIZONA )
) ss.
COUNTY OF GILA )

The foregoing instrument was acknowledged before NOTARY PUBLIC on July 1, 2009 by James W. Bonham, as Trustee.

My commission expires 9-20-2010

Notary Public

(STAMP/SEAL)

"OFFICIAL SEAL"
E. J. Baumgardner
Notary Public-Arizona
Maricopa County
My Commission Expires 9/20/2010

State of Arizona
County of Gila
The foregoing instrument is a full,
true & correct copy as appears on
record in this office.
Fee# _____
Attested: _____ 2010
Gila County Recorder, by _____ (Deputy)

01/05/2010

2009-007691  MISC          Page: 1 of 2
07/01/2009 01:34:38 PM     Receipt #: 09-4393
Rec Fee: $13.00    Katherine Christensen
Gila County, Az, Sadie Tomerlin Dalton, Recorder

When Recorded, Return to:

Katherine Christensen
1134 W. Grand Cayman Dr.
Gilbert, AZ 85233



**Caption Heading/Title:**

Cease and Desist Request
and Demand

**Do Not Remove This Sheet, It Is Part Of The Recorded Document**

July 1, 2009

KATHERINE CHRISTENSEN
1134 WEST GRAND CAYMEN DRIVE
GILBERT, ARIZONA

TO:

CHEVY CHASE BANK FSB
Attn: Stephen R. Halpin JR.
7926 JONES BRANCH DRIVE
MCLEAN, VIRGINIA 22101

CARSON MESSINGER ELLIOTT LAUGHLIN & RAGAN PLLC
Attn: Robert P. Lindfors
3300 NORTH CENTRAL AVENUE STE 1900
PHOENIX, ARIZONA 85012

SMITH & CRAVEN PLLC
Attn: D. Jeffrey Craven
4045 EAST UNION HILLS DRIVE
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050

CAL-WESTERN RECONVEYANCE CORPORATION
Attn: Susan Smothers
525 E. MAIN STREET
P.O. BOX 22004
EL CAJON, CA 92022-9004

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.
3300 SW 34TH AVENUE SUITE 101
OCALA, FLORIDA 34474

<u>**RE:    CHEVY CHASE BANK Loan No: 0576040661**</u>

# CEASE AND DESIST REQUEST AND DEMAND

This is a formal demand that all parties listed above and any parties known or unknown to the collection activity associated to Deed of Trust Recorded Instrument No. 2006-014490 and Account # 0576040661 and towards KATHERINE CHRISTENSEN, **CEASE AND DESIST any and all collection activities effective IMMEDIATELY!**

A Fee Schedule is attached for your review. Govern yourself accordingly.

Respectfully,

*Katherine Christensen* AUTHORIZED REPRESENTATIVE
KATHERINE CHRISTENSEN

STATE OF ARIZONA          )
                          )
COUNTY OF MARICOPA  )

On this **1st** day of **July, 2009,** before me E.J. BAUMGARDNER, a notary public in and for said state, personally appeared KATHERINE CHRISTENSEN, personally known to me to be the person(s) whose name is subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity and that by his/her/their signature on the instrument known as CEASE AND DESIST REQUEST AND DEMAND, the person,  or the entity upon behalf of which the person acted, executed the instrument.

*E J Baumgardner*          7-1-09      (SEAL)
NOTARY PUBLIC                 Date

"OFFICIAL SEAL"
E. J. Baumgardner
Notary Public-Arizona
Maricopa County
My Commission Expires 9/20/2010

State of Arizona
County of Gila
The foregoing instrument is a full,
true & correct copy as appears on
record in this office.
Fee# _____ Attested: _____ 2009
Gila County Recorder by _____

When Recorded, Return to:

Katherine Christensen
1134 W. Grand Cayman Dr.
Gilbert, AZ 85233



## Caption Heading/Title:

Opportunity to Cure

**Do Not Remove This Sheet, It Is Part Of The Recorded Document**

July 1, 2009
KATHERINE CHRISTENSEN
835 WEST WARNER ROAD #101-277
GILBERT, ARIZONA

TO:

CHEVY CHASE BANK FSB
Attn: Stephen R. Halpin JR.
7926 JONES BRANCH DRIVE
MCLEAN, VIRGINIA 22101

CARSON MESSINGER ELLIOTT LAUGHLIN & RAGAN PLLC
Attn: Robert P. Lindfors
3300 NORTH CENTRAL AVENUE STE 1900
PHOENIX, ARIZONA 85012

SMITH & CRAVEN PLLC
Attn: D. Jeffrey Craven
4045 EAST UNION HILLS DRIVE
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050

CAL-WESTERN RECONVEYANCE CORPORATION
Attn: Susan Smothers
525 E. MAIN STREET
P.O. BOX 22004
EL CAJON, CA 92022-9004

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.
3300 SW 34TH AVENUE SUITE 101
OCALA, FLORIDA 34474

## RE:   CHEVY CHASE BANK Loan No: 0576040661

## OPPORTUNITY TO CURE

The following documents have been submitted and disregarded by all parties referenced above:

- REQUEST FOR DEBT VALIDATION PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1601, ET SEQ) mailed Registered mail # RE 261 074 775 US UNDER Notary Certificate of Service sent January 28, 2009 and received on February 2, 2009 TO REGISTERED AGENT FOR CHEVY CHASE BANK, T. BANKS GATCHEL, et.al

- NOTICE OF FAULT OPPORTUNITY TO CURE AND PERFORM IN REGARDS TO REQUEST FOR VALIDATION PURSUANT TO et PA (15 USC § 1601 ET SEQ) served by registered mailed # RE 261 074 705 US on February 25, 2009 and received on March 4, 2009 TO REGISTERED AGENT FOR CHEVY CHASE BANK, T. BANKS GATCHEL, et.al

- AFFIDAVIT OF NOTICE OF DEFAULT OF THE LAWFUL REQUEST FOR VALIDATION OF THE DEBT with NOTARY CERTIFICATE OF DISHONOR AND NON-RESPONSE sent via Registered Mail # RB 444 925 147 US, sent March 13, 2009 and received March 18, 2009 to REGISTERED AGENT FOR CHEVY CHASE BANK, T. BANKS GATCHEL, et.al

- NOTARY CERTIFICATE OF DISHONOR AND NON-RESPONSE AND PROTEST UNDER ARIZONA REVISED STATUES sent via Registered mail # RB 444 925 411 US sent March 31, 2009 and received April 6, 2009 by REGISTERED AGENT FOR CHEVY CHASE BANK, T. BANKS GATCHEL, et.al

- Revocation of Power of Attorney prior to the alleged trustee sale sent via Fax and mailed on or about July 1, 2009 filed in public record.

- NOTICE OF SUBSTITUTION OF TRUSTEE to appoint successor trustee faxed and mailed on or about July 1, 2009 filed in public record.

2009-007692
07/01/2009 01:44:38 PM   Receipt #: 09-4393
Rec Fee: $93.00   Of Katherine Christensen
Gila County, Az, Sadie Tomerlin Dalton, Recorder
01/05/2010

- CANCELLATION OF TRUSTEE SALE by Successor trustee , filed in public record and faxed and mailed to parties on or about July 1, 2009.
- CEASE AND DESIST NOTICE to stop all activities associated with said property faxed and mailed to parties on or about July 1, 2009.
- FEE SCHEDULE associated with violation and agreement by performance for the charges listed on the fees schedule, payable upon receipt of invoice and clarification to the elders, the insurance company and Notary evidencing the dishonor.

D Jeffrey Craven of Smith and Craven and CAL-WESTERN RECONVEYANCE CORPORATION are no longer the Trustee of Authority in this matter. **Therefore they are hereby instructed to immediately remove the foreclosure sale under file # 1205825-11 pursuant to the CANCELLATION OF TRUSTEE SALE recorded into Gila County, Arizona by the Authorized Trustee. The parties noticed herein have 24 hours of receipt of this correspondence to remove the property from their files. Failure to remove and update their records and unlawfully pursue the sale as was originally scheduled for July 2, 2009 will result in a fee of $450,000.00 to be imposed upon Smith and Craven and upon Cal-Western Reconveyance due and payable immediately. Further violation will also incur additional FEES according to the Fee Schedule enclosed with this correspondence.**

**Any further attempts to collect on this debt will be a direct violation of Federal Debt Collection Practices Act (FDCPA) and considered fraudulent. At this time I am willing to waive my rights to collect the funds already paid in exchange for Full Debt Cancellation and DEED OF RELEASE of the title and property described as**
LOT 4, GERONIMO ESTATES UNIT TWO, ACCORDING TO MAP NO. 287, RECORDS OF GILA COUNTY, ARIZONA the property description more commonly known as: 2074 MUNSEE DRIVE, PAYSON ARIZONA 85547 AND IN DOCUMENT # 2006-014490 AND IN DOCUMENT 2006-014491,

Your office will have the necessary forms including the Deed of Release, and certainly a 1099 C form which will also be submitted via IRS guidelines as I will accept the full tax liability due upon the cancelled account.

This will serve as your only opportunity to correct records, should you wish to accept, complete all debt cancellation documents necessary, and return them within **five(5) days of receipt** to KATHERINE CHRISTENSEN c/o 835 West Warner Road #101-277 Gilbert AZ 85233. If you need a signed waiver of monies due I will sign and have notarized the waiver upon your request when the debt cancellation is completed. Any signatures and/or information you may need from me, please contact Katherine for further instructions at (480) 813-3885.

If you refuse to accept this offer and continue to unlawfully collect on this alleged debt or further pursue a foreclosure of the property, I will have no other choice but to move to our judicial system and order a full forensic currency trace through discovery on this transaction from its inception in Subpoena Deuces Tecum with a trial by jury who will decide the validity of authority the parties listed herein have or do not have.

Respectfully

_Katherine Christensen_ AUTHORIZED REPRESENTATIVE
KATHERINE CHRISTENSEN

2009-007692    MISC
Rec Fee: $13.00
Gila County, Az Sadie Tomerlin Dalton, Recorder
Rec Fee $13.00 of Katherine Christensen

01/05/2010

2009-007692    MISC        Page: 4 of 4
07/01/2009 01:34:38 PM       Receipt #: 09-4393
Rec Fee: $13.00    Katherine Christensen
Gila County, Az, Sadie Tomerlin Dalton, Recorder

STATE OF ARIZONA          )
                          )
COUNTY OF MARICOPA   )

On this **1st** day of <u>**July, 2009,**</u> before me, the undersigned authority, a Notary Public duly commissioned qualified and acting within and for the aforementioned State and County, personally appeared the within named KATHERINE CHRISTENSEN known to me or identified to me on the basis of satisfactory evidence.

DATE: July 1, 2009



NOTARY PUBLIC

My Commission expires:___9 - 20 - 2010___

"OFFICIAL SEAL"
E. J. Baumgardner
Notary Public-Arizona
Maricopa County
My Commission Expires 9/20/2010

ENCLOSURE(S):
Certified Copies: of Notice of Revocation Power of Attorney, Notice of Substitution of Trustee, and Cancellation of Trustee Sale, Fee Schedule, Cease and Desist Demand Letter, and Opportunity to Cure Letter.

State of Arizona
County of Gila
The foregoing instrument is a full,
true & correct copy as appears on
record in this office.
Fee# _____ Page 357
Attested: _____
Gila County Recorder, by _____

2009-007693 MISC      Page: 1 of 2
07/01/2009 01:34:38 PM    Receipt #: 09-4393
Rec Fee: $13.00   Katherine Christensen
Gila County, Az, Sadie Tomerlin Dalton, Recorder

When Recorded, Return to:

Katherine Christensen
434 W. Grand Cayman Dr.
Gilbert AZ 85233



## Caption Heading/Title:

Fee Schedule

**Do Not Remove This Sheet, It Is Part Of The Recorded Document**

Case 2:09-ap-01357-RTB    Doc 15    Filed 01/04/10    Entered 01/06/10 08:45:24    Desc
Main Document     Page 23 of 30
01/05/2010

July 1, 2009

KATHERINE CHRISTENSEN
1134 WEST GRAND CAYMEN DRIVE
GILBERT, ARIZONA

TO:

CHEVY CHASE BANK FSB
Attn: Stephen R. Halpin JR.
7926 JONES BRANCH DRIVE
MCLEAN, VIRGINIA 22101

CARSON MESSINGER ELLIOTT LAUGHLIN & RAGAN PLLC
Attn: Robert P. Lindfors
3300 NORTH CENTRAL AVENUE STE 1900
PHOENIX, ARIZONA 85012

SMITH & CRAVEN PLLC
Attn: D. Jeffrey Craven
4045 EAST UNION HILLS DRIVE
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050

CAL-WESTERN RECONVEYANCE CORPORATION
Attn: Susan Smothers
525 E. MAIN STREET
P.O. BOX 22004
EL CAJON, CA 92022-9004

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.
3300 SW 34TH AVENUE SUITE 101
OCALA, FLORIDA 34474

## NOTICE TO PRINCIPAL IS NOTICE TO AGENT
## NOTICE TO AGENT IS NOTICE TO PRINCIPAL
## FEE SCHEDULE

THE FEE SCHEDULE BELOW IS FOR PROPERTY KNOWN AS:
2074 MUNSEE DRIVE, PAYSON ARIZONA 85547, LOT 4, GERONIMO ESTATES UNIT TWO,
ACCORDING TO MAP NO. 287, RECORDS OF GILA COUNTY, ARIZONA.
AND/OR
FOR PERSON(S) KNOWN AS KATHERINE CHRISTENSEN, KATHERINE MAUREEN CHRISTENSEN,
KATHERINE M. CHRISTENSEN AND ALL OTHER DERIVATIVES OF THE LIKE.

SALE OF PROPERTY through FORECLOSURE
2074 Munsee Drive Payson AZ 85547
$450,000* Due and Payable Immediately
*This amount will be due by ALL parties noticed above until paid in full

| | |
|---|---|
| CONTACT BY PHONE DIRECTLY | $ 10,000 Per Person Per Occurance |
| CONTACT BY PHONE TO RELATIVES AND/REFERENCES | $ 15,000 Per Person Per Occurance |
| ISSUANCE OF FORCEABLE DETAINER | $ 75,000 Per Person Per Occurance |
| FRIVOLOUS CORRESPONDENCE | $ 10,000 Per Person Per Occurance |
| ACTORS COMMITTING FRAUD UPON THE COURT | |
| ANY WRONGFUL OR SCIENTER ACT | $ 10,000 Per Person Per Occurance |
| DOCUMENT PREPARATION | $500,000 Per Person Per Occurance |
| FAILURE TO REMOVE TRUSTEE SALE WITHIN 24 HOURS FROM THE DATE OF RECEIPT OF THIS NOTICE | $ 400 Per Hour |

$100,000* Due and Payable Immediately
*This amount will be due by ALL parties noticed above until paid in full

DEFAMATION OF CHARACTER          $100,000 Per Person Per Occurance

ALL RIGHTS RESERVED

Fees will be imposed immediately upon breach. All fees are due and payable immediately. All charges are subject to penalties and interest upon non-payment. All fees are subject to being reported to any applicable reporting agencies upon default.

2009-007693    MISC
07/01/2009 01:34:38 PM          Page: 2 of 2

01/05/2010

# EXHIBIT B

## SUPPORTING CASE LAW FROM OTHER JURISDICTIONS
## IN SUPPORT OF MOTION TO TAKE JUDICIAL NOTICE

**Source:** http://www.mortgagestudy.org/ by Prof. Katherine Porter, Iowa College of Law
Tara Twomey, Esq.

**Rulings on sloppy paperwork filed by foreclosing agents:**

In a recent article in The National Law Journal, Brooklyn Supreme Court Justice, the
Honorable Arthur M. Schack, in connection with his approach to the apparent sloppy paperwork
being filed by foreclosing lenders and their attorneys was quoted as follows:
*"I deny more foreclosures than I approve, "[...]". "I want to see the servicing agent's power
of attorney, I want to see all the paperwork before I approve it. If the paperwork is garbage, I
deny it. If you're going to take away someone's home, it should be done properly."* Judge
Schack has tossed more than 32 cases so far, and that is undoubtedly the tip of an iceberg.\

**Rulings on failure to prove standing:**

*IN RE FORECLOSURE CASES No. 1:07:CV2282, 07:CV2532, 07:CV2560,
07:CV2602, 07:CV2631, 07:CV2638, 07:CV2681, 07:CV2695, 07:CV2920, 07:CV2930,
07:CV2949, 07:CV2950, 07:CV3000, 07:CV3029* Judge Christopher S. Boyko stated, *"The
'real party in interest' rule, to which the Plaintiff-Lenders continually refer in their responses
or motions, is clearly comprehended by the Court and is not intended to assist banks in
avoiding traditional federal diversity requirements. Unlike Ohio State law and procedure, as
Plaintiff's perceive it, the federal judicial system need not, and will not, be 'forgiving in this
regard.'"* Judge Boyko then dismissed the suits by Deutsche Bank for failing to prove standing
and ownership of the mortgage.

In *Aurora Loan Services v Donald MacPherson*, Judge Joseph Farneti stated, *"In order
to prove standing, plaintiff (Aurora Loan Services) must demonstrate that it was the owner of
the note and mortgage at the time it commenced this foreclosure action (see e.g. **Fannie Mae v
Youkelsone**, 303 AD2d 546 [2003]). On this record, plaintiff failed to prove its standing with
competent evidence to be entitled to the relief demanded in the complaint (see **Wells Fargo
Bank Minn. v Mastropaolo**, 42 AD3d [2007]; **TPZ Corp. v Dabbs**, 25 AD3d 787 [2006];
**Fannie Mae v Youkelsone**, 303 AD2d 546, supra; **Aurora Loan Servs. v Grant**, 17 Misc 3d*

*1102[A] [Sup Ct, Kings County 2007]). Accordingly, defendant's motion to dismiss the complaint is **GRANTED** upon the ground that plaintiff lacks standing to maintain this action."*

*In RE Joshua & Stephanie Mitchell* Judge Linda B. Riegle stated, *"MERS must have both constitutional and prudential standing, and be the real party in interest under FED.R.Civ.P. 17, in order to be entitled to lift-stay relief."* A footnote states, "Stay-relief requests are governed by FED.R.BANKR.P.4001(a)(1), to which FED.R.BANKR.P. 9014 is applicable ("[a]n action must be prosecuted in the name of the real party in interest.")" Judge Riegle concluded, *"MERS may not enforce the notes as the alleged beneficiary. While MERS may have standing to prosecute the motion in the name of its Member as a nominee, there is no evidence that the named nominee is entitled to enforce the note or that MERS is the agent of the note's holder. Indeed, the evidence is to the contrary, the note has been sold, and the named nominee no longer has any interest in the note."*

*In re Kang Jin Hwang, 396 BR 757 - Bankruptcy Court, CD California 2008* After trial on the motion for relief from stay, and several rounds of briefing, the question remains: to whom is the debt owed (i.e., who owns the promissory note)? *See In re Gavin*, 319 **B.R.** 27, 31 (1st Cir. BAP 2004) (same). The court denies the motion on two procedural grounds: Indy-Mac Federal is not the real party in interest pursuant to Rule 17 of the Federal Rules of Civil Procedure, and the joinder of the owner of the note is required by Rule 19. Because IndyMac has failed and refused to join the owner of the secured note, the motion for relief from stay is denied.

The U.S. Supreme Court has stated the standing requirement as follows: *"To qualify for standing, a claimant must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling."* *Davis v. Fed. Election Comm'n*, ___ U.S. ___, 128 S.Ct. 2759, 2768, 171 L.Ed.2d 737 (**2008**).

*In **SOFTWARE RIGHTS ARCHIVE, LLC v. Inc., Dist. Court, ED Texas, Marshall Div. 2009***

Id. Judge George Everingham IV stated, *"The burden of demonstrating standing falls to [the plaintiff], as'[i] t is well established... that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue.'"* and 69 similar citations

- *__In re Diet Drugs Products Liability Litigation, 2004__*
-
- Judge Fuentes, Circuit Judge stated, *"The Court held that the parties had no standing to bring such a claim because they failed to allege harm that is "actual or imminent, not `conjectural' or `hypothetical."'* PTO 2778 and 33 similar citations

## Courts amending their opinion:

For example in California *__In re: 396 B.R. 757 (Bankr. CD. Cal. 2008)__* Judge Bufford quoted, *"Judge Learned Hand, perhaps the most distinguished U.S. jurist who never sat on the U.S. Supreme Court. Judge Hand stated: "A judge is more than a moderator, he is charged to see that the law is properly administered, and it is a duty which he cannot discharge by remaining inert." United States V. Marzano, 149 F.2d 923. 925 (2d Cir. 1945).* Judge Bufford concluded, *"the court finds upon reconsideration that IndyMac is entitled to enforce the secured note here at issue. However, it must satisfy the procedural requirements of federal law in seeking relief from the automatic stay for this purpose. These requirements include joining the owner of the note on two separate grounds: it is the real party in interest under Rule 17, and it is a required party under Rule 19. Because IndyMac has failed and refused to join the owner of the secured note, the motion for relief from stay is denied."*

## Courts imposing sanctions on counsel who represent those with no standing:

The Courts are now recognizing the unethical disregard for the law by the attorneys representing those with no standing. For example *__IN RE LEE, Bankruptcy Court, CD California__*, Mr. Holthus attorney from McCarthy Holthus Levine, whose firm is also prosecuting Plaintiff's case, was found to not be compliant with Rule 9011(b) which imposes a duty on an attorney to make a reasonable inquiry into the facts and law of a position before presenting it to the court. Judge Bufford stated, *"Even if Counsel may be excused for not discovering the discrepancy, Counsel had a duty, upon discovering the difference in the original note, to bring this to the court's attention at the first opportunity. Counsel could have brought this to the court's attention at the beginning of the trial, before testimony was taken. Counsel did not. Instead Counsel left it to the court to discover that the copy differed from the original in a relevant aspect. Counsel should have known of the discrepancy and should have disclosed it."* Mr. Holthus then requested that the court impose sanctions on him not on the client.

**Bankruptcy Trustees speaking up against those with no standing:**

*IN RE SHERIDAN, Bankruptcy Court, D Idaho 2009*, the trustee in this Chapter 7 case Ford Elsaesser, objects to a motion under § 362(d) for relief from the § 362(a) automatic stay Judge Terry L. Myers agreed with the Trustee concluding, *"When Trustee challenged the Motion's bare assertions, Movant failed to provide an adequate record showing it was a party in interest with standing entitled to seek such relief. On the record presented, the Court finds and concludes Trustee's objection is well taken. That objection will be sustained. The Motion will be denied."*

In *Nosek v. Ameriquest Mortgage Company, et al., (In re Nosek)*, 386 B.R. 374 (Bankr. D. Mass. 2008) (imposing monetary sanctions on Ameriquest, Wells Fargo, and several attorneys for misrepresenting the holder of the note).

### In re Nosek, 386 BR 374 - Bankruptcy Court, D. Massachusetts 2008

Norwest/Wells Fargo seeks to hide behind the Pooling and Servicing Agreement. Its position is that it turned all responsibilities over to **Ameriquest** and it knew nothing about what **Ameriquest** was doing. The Court notes, however, that it knew nothing about what **Ameriquest** was doing because it chose not to know. It has attempted to bifurcate the benefits of the note, namely its right to receive repayment of the loan, from all responsibilities associated with servicing and collecting payments. If Norwest/Wells Fargo wishes to engage servicers, as it is certainly free to do, it cannot turn a blind eye to the actions of the servicers. Had Norwest/Wells Fargo shown even a modicum of oversight or review of **Ameriquest's** behavior, it should have been able to correct the misrepresentations. The Court does not accept that one can simply by contract sever the benefits and burdens associated with residential **mortgage** lending. The Court joins in the frustration expressed by the courts in *In re Schuessler* and *In re Parsley*, 2008 WL 622859 at * 19 (Bankr.S.D.Tex.2008) ("Tracing the steps leading up to the filing of the Motion shows that this is an assembly line process."). The link between lender and borrower in the current residential **mortgage** industry is a multilayered, tightly-if not hopelessly-entangled "assembly line," the purpose of which seems to be the avoidance of responsibility. *In re Schuessler*, 2008 WL 1747935at *25 ("Notwithstanding Chase Home Finance's [the apparent servicer] disingenuous claim that its system is designed to protect debtors, it primarily exists to protect Chase Home Finance and JPMorgan Chase Bank [the apparent noteholder and mortgagee]."). Under the guise of creating a complex structure to suit their needs, Wells Fargo and **Ameriquest** have attempted to jettison the obligation to be forthright and diligent with the Court and the Debtor. This Court will not allow Wells Fargo or any other mortgagee to shirk responsibility by pointing fingers at their servicers. Moreover

because Wells Fargo continues as a participant in the **mortgage** industry, the Court is cognizant that the sanction must be sufficient to deter its cavalier behavior in the future. Therefore the Court will impose a sanction of $250,000 on Wells Fargo

*In re Mitchell*, No. 07-16226-LBR, 2009 WL 1044368 (Bankr. D. Nev. March 31, 2009) (holding that MERS lacked standing to pursue stay relief when it could not show that it was either holder of the mortgage note or a transferee in possession of the note, as required by Nevada law to pursue a foreclosure).
Further info from the case on googlescholar:

MERS must have both constitutional and prudential standing,[14] and be the real party in interest under FED. R. CIV. P. 17,[15] in order to be entitled to lift-stay relief.

Constitutional standing under Article III requires, at a minimum, that a party must have suffered some actual or threatened injury as a result of the defendant's conduct, that the injury be traced to the challenged action, and that it is likely to be redressed by a favorable decision. *Valley Forge Christian Coll. v. Am. United for Separation of Church and State*, 454 U.S. 464, 472 (1982)(citations and internal quotations omitted). MERS must have both constitutional and prudential standing,[14] and be the real party in interest under FED. R. CIV. P. 17,[15] in order to be entitled to lift-stay relief.
Constitutional standing under Article III requires, at a minimum, that a party must have suffered some actual or threatened injury as a result of the defendant's conduct, that the injury be traced to the challenged action, and that it is likely to be redressed by a favorable decision. *Valley Forge Christian Coll. v. Am. United for Separation of Church and State*, 454 U.S. 464, 472 (1982)(citations and internal quotations omitted).

*In re Hayes,* 393 B.R. 259 (Bankr. D. Mass. 2008) (denying motion for relief from stay when mortgagee failed to show proper chain of title from loan originator).

Further info from googlescholar:

As the Court noted in *In re Maisel,* 378 **B.R.** 19, 21 (Bankr.D.Mass.2007), "[t]he plain language of section 362 of the Bankruptcy Code requires that one be a `party in interest' to seek relief from stay."
n *In re Schwartz,* 366 **B.R.** 265 (Bankr. D.Mass.2007), the court observed:
[I]t is not uncommon for notes and mortgages to be assigned, often more than once. When the role of a servicing agent acting on behalf of a mortgagee is thrown into the mix, it is no wonder that it is often difficult for unsophisticated borrowers to be certain of the identity of their lenders and mortgagees.
As the court noted in *In re Nosek,* 386 **B.R.** 374, 380 (Bankr.D.Mass.2008), "those parties who do not hold the note or mortgage and who do not service the

mortgage do not have standing to pursue motions for relief or other actions arising from the mortgage obligation." *Id.* at 380 (citing *In re Schwartz*, 366 **B.R.** at 270). Because Deutsche Bank has failed to establish its standing to seek relief from the automatic stay and to defend the Debtor's Objection to the proof of claim filed by AMC, the Court shall enter an order denying Deutsche Bank's Motion for Relief from Stay. The Court shall also enter an order sustaining the Debtor's Objection to the proof of claim without prejudice to reconsideration under 11 U.S.C. § 502(j) upon the filing of an amended proof of claim by the proper party. *See also* Fed. R. Bankr.P. 3008. The Court shall defer issues relating to lien avoidance pending submission of an amended claim or the filing of an amended plan.[9]

Respectfully submitted by Katherine Christensen, Plaintiff, Pro Se in Support of Motion to Take Judicial Notice.

Katherine Christensen, Pro Se