Katherine Christensen
1134 West Grand Caymen Drive
Gilbert, Arizona 85233
Tel: (480) 813-3885
Pro Se

FILED
2010 JAN -4 PM 2:13
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Katherine Christensen, In Person Plaintiff, ) | |
| Vs. ) | Case No.: 09-21818 |
| CAPITAL ONE NA, its assigns and/or ) | |
| successors; CHEVY CHASE BANK; ) | Adversarial Proceeding No. 09-ap-01357 |
| STEVEN R. HALPIN d/b/a CFO CHEVY ) | |
| CHASE BANK his assigns and/or ) | Chapter 7 |
| successors; GARY PERLIN d/b/a CFO ) | |
| CAPITAL ONE NA his assigns and/or ) | |
| successors; SMITH & CRAVEN PLLC; ) | |
| GARY MICHAEL SMITH; D. JEFFREY ) | MOTION FOR ORDER TO SHOW |
| CRAVEN; FREDERICK C. THOMAS; ) | CAUSE AND PRAYER FOR RELIEF RE |
| CARSON MESSINGER ELLIOTT ) | PRELIMINARY INJUNCTION, |
| LAUGHLIN & RAGAN PLLC; ROBERT ) | TEMPORARY RESTRAINING ORDER |
| P. LINDFORS; CAL-WESTERN ) | AND MOTION TO PRODUCE |
| RECONVEYANCE CORPORATION; ) | |
| SUSAN SMOTHERS; MORTGAGE ) | |
| ELECTRONIC REGISTRATION ) | |
| SYSTEMS INC.; MARY STRATHAM ) | |
| d/b/a NOTARY d/b/a SIGNATORY FOR ) | |
| MORTGAGE ELECTRONIC SYSTEMS ) | |
| INC.; MARTY STRATHAM d/b/a ) | |
| NOTARY d/b/a SIGNATORY FOR ) | |
| CAL-WESTERN RECONVEYANCE ) | |
| CORP.; MARY STRATHAM d/b/a ) | |
| NOTARY FOR CAL-WESTERN ) | |
| RECONVEYANCE CORP.; PAMELA ) | |
| CAMPBELL d/b/a ASSISTANT ) | |
| SECRETARY OF MERS; NORTH ) | |
| AMERICAN TITLE AGENCY OF ) | |
| ARIZONA c/o NORTH AMERICAN ) | |
| TITLE INSURANCE CO.; GILA ) | |
| COUNTY SHERIFF OFFICE, CHRIS ) | |
| MCBREARTY d/b/a MORTGAGE ) | |
| BROKER for CHARTER FUNDING; ) | |
| CHARTER FUNDING; FIRST MAGNUS ) | |
| FINANCIAL; MERENDON MINING; ) | |
| INSTITUTE FOR FINANCIAL ) | |
| LEARNING; JOHN DOES And JANE ) | |
| DOES 1-100, ABC CORPORATIONS 1- ) | Assigned to: Hon. Redfield T. Baum |
| 100, and XYZ PARTNERSHIPS 1-100, ) | |
| Defendants, ) | |

COMES NOW Katherine Christensen, Plaintiff, in capacity pro se, Pursuant to Rule 60(d), Ariz.R.Civ.P., hereby files this Motion to Show Cause why the relief sought in the **SUPPLEMENTAL COMPLAINT FOR ACCOUNTING, etc.** should not be granted. This Motion is based upon and supported by the accompanying **MEMORANDUM OF POINTS AND AUTHORITIES** and the **Affidavit of Katherine Christensen**, both of which are attached hereto and incorporated herein by this reference.

## PRAYER FOR RELIEF

Plaintiff appears and requests that this court issue an order ordering defendants to;

1. Demonstrate how a mortgage backed security is not subject to the Securities Act of 1933 and the Securities Exchange Act of 1934, among other securities acts, in the nature of S.E.C. v. W.J. Howey Co., 328 U.S. 293 (1946), Williamson v. Tucker, 454 US 897 (1981), S.E.C. v. Glen W. Turner Enterprises, Inc., 474 F2d 476 (9th Cir, 1973) among other securities cases thereunto pertaining; and

2. Produce, turn over and reduce to possession of plaintiff all accounting records in relation to the alleged loan in said securities and real property subject matter at bar as follows; and

    a. The evidence of compliance with the Fair Debt Collections Practices Act; and

    b. A certified copy of the bond which the lender purchased to insure this "loan" and copies of any payments made to date; and

    c. The Genuine Original Note with the wet-ink signatures, the Title Page to the note and all allonges which demonstrate the history; and

    d. The Currency Trace (Formatter) regarding the loan (alleged), if there was a loan, then there will be a currency trace; and

    e. The 2046 balance sheet as it relates to the original loan, which will demonstrate defendants ledgering of the account; and

f. The off balance sheet entry and extinguishment of the loan (This form is a Mandatory filing pursuant to Title 12 USC 248 and 347) as it contains an OMB number as disclosure is mandatory under 5 USC (it will demonstrate that the alleged lender owes the alleged borrower the amount of the original promissory note as it is a liability/accounts payable of defendants, public utility, institution); and

g. The S-3 and S-3A Registration Statement: shows when and where the instrument was sold, as public utilities called lending institutions aka "banks" cannot claim to have lost the note; and

h. The 424B5 Securities And Exchange Commission prospectus (security filing); and

i. The RC-C, RC-E, RC-L, RC-Q and RC-S call schedules covering the period of the origination of this alleged loan (August 17, 2006) will show there were no loans but rather an alleged extension of credit from the trust fund in question; and

j. The FASB (Financial Accounting Standards Board) part of GAAP (Generally Accepted Accounting Standards), FAS 5, 95, 125, 133, 140 as these demonstrate and direct the auditor to the accounts payable, liability ledger within the broker bank's books, and show the tracking as to where the funding came from and went; and

k. The 1099-OID and 1099-A reports will identify the principal's identity, which capital and interest was taken, and who the recipient or payer of the funds are, and who is holding the account in escrow, unadjusted for accounts payable with Basel iii protocols; and

l. Evidence ledger sheet, accounts payable, Basel iii compliance; and

3. Produce a signed reconveyance of said real property in favor of plaintiff; and

4. Turn over to plaintiff all funds held in trust by defendants in relation to the said real property at issue; and

5. Demonstrate how the plaintiff's Social Security trust account, birth certificate account, (plaintiff's trust account somewhere) is not the origination of the funds provided to defendants to acquire the real property in the beginning; and

6. Demonstrate why defendants should not be permanently enjoined from bothering plaintiff with the alleged "loan"; and

7. Plaintiff Prays for whatever other relief this court deems appropriate.

RESPECTFULLY SUBMITTED this 4th Day of January, 2009.

Katherine Christensen
1134 West Grand Caymen Drive
Gilbert, Arizona 85233
Tel: (480) 813-3885
Pro Se

**POINTS AND AUTHORITIES**

Step 1: Fraud in the Inducement: "… is intended to and which does cause one to execute an instrument, or make an agreement… The misrepresentation involved does not mislead one as the paper he signs but rather misleads as to the true facts of a situation, and the false impression it causes is a basis of a decision to sign or render a judgment". Source: Steven H. Gifis, 'Law Dictionary', 5th Edition, Happauge: Barron's Educational Series, Inc., 2003, s.v.: 'Fraud'.

Step 2: Fraud in Fact by Deceit (Obfuscation and Denial) and Theft:

• "ACTUAL FRAUD. Deceit. Concealing something or making a false representation with an evil intent [scanter] when it causes injury to another…". Source: Steven H. Gifis, 'Law Dictionary', 5th Edition, Happauge: Barron's Educational Series, Inc., 2003, s.v.: 'Fraud'.

• "THE TORT OF FRAUDULENT DECEIT… The elements of actionable deceit are: A false

representation of a material fact made with knowledge of its falsity, or recklessly, or without reasonable grounds for believing its truth, and with intent to induce reliance thereon, on which plaintiff justifiably relies on his injury...". Source: Steven H. Gifis, 'Law Dictionary', 5th Edition, Happauge: Barron's Educational Series, Inc., 2003, s.v.: 'Deceit'.

Step 3: Theft by Deception and Fraudulent Conveyance:

**THEFT BY DECEPTION:**

• "FRAUDULENT CONCEALMENT... The hiding or suppression of a material fact or circumstance which the party is legally or morally bound to disclose...".

• "The test of whether failure to disclose material facts constitutes fraud is the existence of a duty, legal or equitable, arising from the relation of the parties: failure to disclose a material fact with intent to mislead or defraud under such circumstances being equivalent to an actual 'fraudulent concealment'...".

• To suspend running of limitations, it means the employment of artifice, planned to prevent inquiry or escape investigation and mislead or hinder acquirement of information disclosing a right of action, and acts relied on must be of an affirmative character and fraudulent...".

Source: Black, Henry Campbell, M.A., 'Black's Law Dictionary', Revised 4th Edition, St Paul: West Publishing Company, 1968, s.v. 'Fraudulent Concealment'.

FRAUDULENT CONVEYANCE:

• "FRAUDULENT CONVEYANCE... A conveyance or transfer of property, the object of which is to defraud a creditor, or hinder or delay him, or to put such property beyond his

reach...".

• "Conveyance made with intent to avoid some duty or debt due by or incumbent or person (entity) making transfer...".

Source: Black, Henry Campbell, M.A., 'Black's Law Dictionary', Revised 4th Edition, St Paul: West Publishing Company, 1968, s.v. 'Fraudulent Conveyance'.

*Katherine Christensen* (signature)
Katherine Christensen
1134 West Grand Caymen Drive
Gilbert, Arizona 85233
Tel: (480) 813-3885
Pro Se

```
 1  Katherine Christensen
    1134 West Grand Caymen Drive
 2  Gilbert, Arizona 85233
    Tel: (480) 813-3885
 3  Pro Se
```

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Katherine Christensen, In Person Plaintiff, ) <br> Vs. ) <br> CAPITAL ONE NA, its assigns and/or ) <br> successors; CHEVY CHASE BANK; ) <br> STEVEN R. HALPIN d/b/a CFO CHEVY ) <br> CHASE BANK his assigns and/or ) <br> successors; GARY PERLIN d/b/a CFO ) <br> CAPITAL ONE NA his assigns and/or ) <br> successors; SMITH & CRAVEN PLLC; ) <br> GARY MICHAEL SMITH; D. JEFFREY ) <br> CRAVEN; FREDERICK C. THOMAS; ) <br> CARSON MESSINGER ELLIOTT ) <br> LAUGHLIN & RAGAN PLLC; ROBERT ) <br> P. LINDFORS; CAL-WESTERN ) <br> RECONVEYANCE CORPORATION; ) <br> SUSAN SMOTHERS; MORTGAGE ) <br> ELECTRONIC REGISTRATION ) <br> SYSTEMS INC.; MARY STRATHAM ) <br> d/b/a NOTARY d/b/a SIGNATORY FOR ) <br> MORTGAGE ELECTRONIC SYSTEMS ) <br> INC.; MARTY STRATHAM d/b/a ) <br> NOTARY d/b/a SIGNATORY FOR ) <br> CAL-WESTERN RECONVEYANCE ) <br> CORP.; MARY STRATHAM d/b/a ) <br> NOTARY FOR CAL-WESTERN ) <br> RECONVEYANCE CORP.; PAMELA ) <br> CAMPBELL d/b/a ASSISTANT ) <br> SECRETARY OF MERS; NORTH ) <br> AMERICAN TITLE AGENCY OF ) <br> ARIZONA c/o NORTH AMERICAN ) <br> TITLE INSURANCE CO.; GILA ) <br> COUNTY SHERIFF OFFICE, CHRIS ) <br> MCBREARTY d/b/a MORTGAGE ) <br> BROKER for CHARTER FUNDING; ) <br> CHARTER FUNDING; FIRST MAGNUS ) <br> FINANCIAL; MERENDON MINING; ) <br> INSTITUTE FOR FINANCIAL ) <br> LEARNING; JOHN DOES And JANE ) <br> DOES 1-100, ABC CORPORATIONS 1- ) <br> 100, and XYZ PARTNERSHIPS 1-100, ) <br> Defendants, ) | Case No.: 09-21818 <br><br> Adversarial Proceeding No. 09-ap-01357 <br><br> Chapter 7 <br><br><br><br> ORDER TO SHOW CAUSE <br><br><br><br><br><br><br><br><br><br><br><br><br><br> Assigned to: Hon. Redfield T. Baum |

The Court has read the **SUPPLEMENTAL COMPLAINT FOR ACCOUNTING, etc.** the **Application for an Order to Show Cause**, the **Affidavit of Katherine Christensen**, and reviewed the attached exhibits, all filed concurrently herewith, and the pleadings, files and records in this action. The Court has considered further argument or evidence introduced at the time this application was made. Based on such consideration, it appears that the defendants have exceeded their authority to take the real property in question. Such conduct appears to be beyond the scope and purview of the defendants' authority and that said action if allowed to continue will violate the rights of plaintiff. It further appears that (i) plaintiff is likely to succeed on the merits of this action; and (ii) the balance of substantial justice and fair play tips sharply in favor of plaintiff,

IT IS HEREBY ORDERED, that respondent show cause before the Honorable _____ of this Court located at _____, at \_\_ o'clock \_\_.m., or as soon thereafter as petitioner can be heard, on _____, 2010, why a **TEMPORARY RESTRAINING ORDER** and **ORDER TO PRODUCE** should not issue herein ordering said defendants, and all persons acting in concert or participation with them, during the pendency of this action, do all of the following: **cease further action of defendants in taking said real property and produce the records requested in the APPLICATION FOR AN ORDER TO SHOW CAUSE.**

IT IS FURTHER HEREBY ORDERED, that pending the hearing and determination of the Order to Show Cause, said defendants, and all persons acting in concert or participation with them, are hereby to be restrained regarding **further action of defendants in relation to plaintiff's real property.**

IT IS FURTHER ORDERED that this order shall expire on _____, 20\_\_\_\_ unless within such time the Order for Good Cause Shown is extended or unless the defendant consents that it may be extended for a longer period.

IT IS FURTHER ORDERED, that service of this Order to Show Cause re **COMPLAINT FOR ACCOUNTING, etc.** and the **TEMPORARY RESTRAINING ORDER** and the **ORDER TO PRODUCE** together with a copy of the papers filed with the Application therefor by hand delivery to defendants, on or before _____, 20\_\_\_, at \_\_ o'clock .m. be deemed sufficient service. Defendant's opposition, if any, shall be filed and served by personal delivery on or before \_\_ a.m. on _____, 20\_\_\_, and the plaintiff's reply, if any, shall be filed and served by personal delivery on or before \_\_.m. on _____, 20\_\_\_.

The Court having read and considered plaintiff's Application for Order to Show Cause and being fully advised in the premises and good cause appearing therefor;

IT IS HEREBY ORDERED that defendants appear before this Court on the date listed above, then and there to show cause, if any there be, why defendants should not

1. Show cause as to how a mortgage backed security is not subject to the Securities Act of 1933 and the Securities Exchange Act of 1934, among other securities acts, in the nature of S.E.C. v. W.J. Howey Co., 328 U.S. 293 (1946), Williamson v. Tucker, 454 US 897 (1981), S.E.C. v. Glen W. Turner Enterprises, Inc., 474 F2d 476 (9th Cir, 1973) among other securities cases thereunto pertaining; and

2. Show cause as to why defendants should not be forced to produce, turn over and reduce to possession of plaintiff all accounting records in relation to the alleged loan in said securities and real property subject matter at bar as follows and produce;

    a. The evidence of compliance with the Fair Debt Collections Practices Act; and

    b. A certified copy of the bond which the lender purchased to insure this "loan" and copies of any payments made to date; and

    c. The Note with the Genuine Original wet-ink signatures, the Title Page to the note and all allonges which demonstrate the history; and

    d. The Currency Trace (Formatter) regarding the loan (alleged), if there was a loan, then there will be a currency trace; and

    e. The 2046 balance sheet as it relates to the original loan, which will demonstrate defendants ledgering of the account; and

    f. The off balance sheet entry and extinguishment of the loan (This form is a Mandatory filing pursuant to Title 12 USC 248 and 347) as it contains an OMB number as disclosure is mandatory under 5 USC (it will demonstrate that the alleged lender owes the alleged borrower the amount of the original promissory note as it is a liability/accounts payable of defendants, public utility, institution); and

    g. The S-3 and S-3A Registration Statement: shows when and where the instrument was sold, as public utilities called lending institutions aka "banks" cannot claim to have lost the note; and

    h. The 424B5 Securities And Exchange Commission prospectus (security filing); and

    i. The RC-C, RC-E, RC-L, RC-Q and RC-S call schedules covering the period of the origination of this alleged loan August 17, 2006 will show there were no loans but rather an alleged extension of credit from the trust fund in question; and

    j. The FASB (Financial Accounting Standards Board) part of GAAP (Generally Accepted Accounting Standards), FAS 5, 95, 125, 133, 140 as these demonstrate and direct the auditor to the accounts payable, liability ledger within the broker bank's books, and show the tracking as to where the funding came from and went; and

    k. The 1099-OID and 1099-A reports will identify the principal's identity, which capital and interest was taken, and who the recipient or payer of the funds are, and who is holding the account in escrow, unadjusted for accounts payable with Basel iii protocols; and

    l. Evidence ledger sheet, accounts payable, Basel iii compliance; and

3. Show cause as to why defendants should not be forced to produce a signed reconveyance of said real property in favor of plaintiff; and

4. Show cause as to why defendants should not be forced to turn over to plaintiff all funds held in trust by defendants in relation to the said real property at issue; and

5. Show cause as to why defendants should not be forced to demonstrate how the plaintiff's Social Security trust account, birth certificate account, (plaintiff's trust account somewhere) is not the origination of the funds provided to defendants to acquire the real property in the beginning; and

6. Show cause as to why defendants should not be forced to demonstrate why defendants should not be permanently enjoined from bothering plaintiff with the alleged "loan"; and

7. Show cause as to why defendants should not be forced to demonstrate why relief requested should not be issued as prayed for in plaintiff's **Application for Order to Show Cause**.

    DONE IN OPEN COURT this _____ Day of _____ 20_____.

                                           _____
                                           Judge of the Superior Court