FREDERICK C. THOMAS, 023844
SMITH & CRAVEN, P.L.L.C.
4045 E. UNION HILLS DR., STE. B-112
PHOENIX, ARIZONA 85050
VOICE: 480-222-2225
FAX: 480-222-3197
ATTORNEY FOR
CHEVY CHASE BANK NA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re<br><br>Katherine Christensen,<br>        Debtor.<br>―――――――――――――――<br>Katherine Christensen<br>    Plaintiff<br>v.<br><br>Capital One NA, as assignee of Chevy Chase Bank NA<br>    Defendant | Chapter 7<br>No. 2:09-bk-21818-RTB<br>2:09-ap-1357<br>**Motion to Dismiss Adversary Complaint**<br><br>Assigned to Hon. Redfield T. Baum |

Pursuant to Rule 12(b)(6), Fed.R.Civ.Pro., and Rule 7012, Fed.R.Bnkr.Pro., Defendant, Capital One NA (as assignee of Chevy Chase Bank), hereby moves this Court for an order dismissing Katherine Christensen's adversary complaint. Under the Federal Rules and corresponding Bankruptcy Rules of procedure, the adversary complaint must state a claim against Capital One upon which Christensen is entitled to relief. However, Christensen's complaint fails to state any legal cause against Capital One. Additionally, there is not one fact alleged supporting any claims against Capital One.

In Re Christensen      1      Motion to Dismiss Adversary Complaint
Case 2:09-ap-01357-RTB    Doc 32    Filed 02/02/10    Entered 02/02/10 10:56:27    Desc
Main Document      Page 1 of 9

## I. LEGAL ARGUMENT

### A. On The Face the Complaint Fails To State a Claim for Relief Upon Which Relief Can Be Granted

A Rule 12(b)(6) motion tests whether a cognizable claim has been pled in the complaint. Rule 8(a) sets forth the basic federal pleading requirement that a pleading "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." The familiar standard for reviewing dismissals under Rule 12(b)(6) is that "the factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[1]

Christensen's complaint fails to state *any facts* supporting her causes of action. The complaint *merely reads a list of federal statutes*, which are not applicable in law to the present action. Therefore, *the Court should dismiss the Complaint with prejudice.*

#### 1. 18 USC § 1346

This statute that Christensen has alleged merely defines the term "scheme or artifice or defraud. It does not regulate conduct, nor does it create *any right of action.*

#### 2. 18 USC § 1661-& 18 USC § 1652

The relevant portion of 18 U.S.C.A. § 1661 reads:

Whoever, being engaged in any piratical cruise or enterprise, or being of the crew of any piratical vessel, lands from such vessel

---

[1] *Balistreri v. Pacifica Police Dept.* 901 F.2d 696, 699 (C.A.9 (Cal.),1990) *Scheid v. Fanny Farmer Candy Shops, Inc.* 859 F.2d 434, 436 (C.A.6 (Ohio),1988).

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX

and commits robbery on shore, is a pirate, and shall be imprisoned for life.

18 U.S.C.A. § 1652 reads as follows:

Whoever, being a citizen of the United States, commits any murder or robbery, or any act of hostility against the United States, or against any citizen thereof, on the high seas, under color of any commission from any foreign prince, or state, or on pretense of authority from any person, is a pirate, and shall be imprisoned for life.

These statutes are criminal piracy statutes and have no application in this matter.

    3.    18 USC §§ 1593 & 1595

These "alleged" causes of action delineate the civil and criminal remedies for the "Penoage, Slavery and Trafficking in Persons." Clearly this cause of action is not applicable nor is there any facts alleged supporting this claim.

    4.    18 USC §§ 891 through 894

These statutes are within chapter 42, titled Extortionate Credit Transactions. Again, these alleged causes of action are criminal in nature, criminalizing the extension of credit with the understanding that the failure to make repayment could result in the use of violence against the debtor.[2]

    5.    18 USC § 872

Under this statute the two essential elements are first, that *a Federal employee* uses his position of employment with the United States, and

---

[2] See 18 USC § 891(6).

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX

In Re Christensen     3     Motion to Dismiss Adversary Complaint

Case 2:09-ap-01357-RTB    Doc 32    Filed 02/02/10    Entered 02/02/10 10:56:27    Desc
Main Document     Page 3 of 9

secondly, *that such employee be guilty of extortion.*[3] Capital One is clearly not an employee of the Federal government.

### 6. 18 USC § 876

A person violates 15 USC § 876 by knowingly and intentionally causing a threatening communication to be delivered by mail.[4] A "threat" is a serious statement expressing an intention to inflict bodily injury upon someone, which under the circumstances would cause apprehension in a reasonable person.[5] Again, even if law entitled Christensen to assert this cause of action, there are no facts alleged supporting it.

### 7. 18 USC §§ 875, 878 & 880

Again, Christensen alleges violations of several criminal statutes. The statutes referenced in the above subheading relate to extortion and threats. Again there are no facts supporting these claims.

### 8. 18 USC § 666

Congress intended 18 USC § 666 to extend federal bribery prohibitions to bribes offered to state and local officials employed by agencies receiving federal funds.[6] Again, this statute is not applicable to Christensen's bankruptcy case.

---

[3]   *U.S. v. Sutter* 160 F.2d 754, 756 (C.A.7 1947).

[4]   *U.S. v. Turner* 960 F.2d 461 (C.A.5 (Tex.),1992).

[5]   *Id.*

[6]   *Salinas v. U.S.* 522 U.S. 52, 58, 118 S.Ct. 469, 474 (U.S.Tex.,1997).

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX

### 9. 18 USC § 514

The alleged statute provides that anyone who, with the intent to defraud, prints counterfeit security issued by the United States is guilty of a class one felony.

### 10. 18 USC § 493

First, and again, this cause of action is a criminal statute. Second, the *U.S. v. Locklear* set forth the required elements for a violation of the statute:

> "...an essential element of an offense under section 493 is that the counterfeit instrument be issued by a named federal agency or an institution "authorized or acting under the laws of the United States."[7]

There are no facts alleged in the complaint that Capital One issued any counterfeit documents.

### 11. 18 USC §§ 494 & 495

Both of the above referenced statutes address the recording of and creation of forged or counterfeit documents. Again, Christensen's complaint does not allege any facts supporting these claims.

### 12. 18 USC §§ 479 & 483

This statute prohibits the use of counterfeit foreign bank notes and securities, any individual whom violates this statute shall be imprisoned for no more than 20 years. Again, there are no facts alleged that Capital One used any counterfeit foreign bank notes. And again, this is a criminal statute and not applicable.

---

[7] 97 F.3d 196, 199 (C.A.7 (Wis.),1996).

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX

### 13. 18 USC § 401

This is a non-cause of action; it creates and defines the Court's jurisdiction of contempt powers.

### 14. 18 USC § 371

This statute addresses creates criminal liability for any action of two or more persons, who conspire to commit any offense or commit fraud upon the United States. Again this is a criminal statute and not applicable in the present matter. Even assuming Christensen could bring this claim, there are no supporting facts alleged.

### 15. 18 USC § 241

This statute addresses creates criminal liability for any action of two or more persons, who conspire to commit any offense or commit fraud upon an individual of any state which deprives them of their individual constitutional rights. Again this is a criminal statute and not applicable in the present matter. Even assuming Christensen could bring this claim, there are no supporting facts alleged.

### 16. 18 USC § 246

There is no private right of action under federal criminal statute, 18 U.S.C.A. § 241, proscribing a conspiracy against the rights of citizens.[8]

### 17. Referenced Uniformed Commercial Code Sections

The specific portions of the UCC referenced in the complaint are merely definitions and statements of applicability. Christensen fails to assert *any cause of action* arising from the commercial code.

---

[8] *Dugar v. Coughlin* 613 F.Supp. 849 (D.C.N.Y.,1985).

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX

### B. To The Extent That Christensen Asserts A Claim Under 11 USC § 548, Christensen Does Not Have Standing To Assert Such A Claim.

As prefatory comment, while Christensen has not specifically alleged a cause of action under 11 USC § 548, she did select it as a cause of action on the adversary proceeding cover sheet. While the cover sheet does not constitute a pleading or a supplement to the adversary complaint, Capital One asserts the following argument to preserve its rights in defense of Christensen's claim.

In order for debtor to exercise trustee's avoidance rights in aid of her exemption rights, the transferred property must be legitimately exempt, must not have been concealed, and must not have been voluntarily transferred.[9] *Standing to use such powers necessarily depends upon the existence of exemption rights.* Property which is not eligible for exemption cannot be brought back into the estate by the debtor under § 522(h).[10] (Emphasis added).

Capital One, as an assignee of Chevy Chase Bank, holds the deed of trust against Christensen's property located in Gila County.[11] Christensen has failed to make any payment since 1 September 2008. As Capital One's filing of the motion for relief, the total amount of the lien against the real property is $331,235.10.[12] Christensen in her own petition estimated the subject property to be a value of $175,000.00. Therefore, even assuming that there was an applicable exemption, there is no equity to exempt.

---

[9] *In re Rodriguez* 361 B.R. 887 (Bkrtcy.D.Ariz.,2007); see generally *In re Hollar* 184 B.R. 25 (Bkrtcy.M.D.N.C.,1995).

[10] *In re McKeever* 132 B.R. 996, 1001 (Bkrtcy.N.D.Ill.,1991;)*In re Hollar* 184 B.R. 25 (Bkrtcy.M.D.N.C.,1995).

[11] See Exhibit 1 to Defendant's Motion for Relief filed in Christensen's underlying Chapter 7 proceeding.

[12] See declaration of Jana Gantt of Capital One NA, filed with Capital One's motion for relief from the automatic stay.

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX

Even if there was any equity to exempt, Christensen has failed to allege that this property is subject to and protected by Arizona's homestead exemption of $150,000.00.[13]

### C. The Court Should Not Grant Christensen Leave To Amend

Dismissal without leave to amend is improper unless it is clear, upon de novo review that the complaint could not be saved by any amendment.[14] The decision of whether to grant leave to amend is within the discretion of the district court, which may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.[15]

Here, Christensen cannot cure the defective nature of her complaint. First, she asserts criminal statutes which are completely inapplicable to the underlying debt that Christensen owes. *In arguendo,* that she even alleges viable legal claims, the Complaint does not contain any facts. Lastly, to the extent that Christensen is attempting set aside the deed of trust based on a vague and not properly alleged fraud cause of action, she does not have standing to raise that argument. Moreover, allowing this adversary proceeding to continue simply delays hinders and prejudices Capital One's rights under the deed of trust.

---

[13] See A.R.S. § 33-1101(A) & (B).

[14] *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir.1998); *Manzarek v. St. Paul Fire & Marine Ins. Co.* 519 F.3d 1025, 1034 (C.A.9 (Cal.),2008)

[15] 519 F.3d 1025, 1034 (C.A.9 (Cal.),2008).

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX

## II. CONCLUSION

Christensen's complaint fails to state any legally justifiable cause of action against Capital One. Even assuming *any* of the alleged causes of action were applicable, there is *not one fact written* in Christensen's complaint. Therefore, Capital One request that the Court dismiss Christensen's adversary complaint with prejudice and without leave to amend.

Respectfully submitted this 1st day of February 2010.

        SMITH & CRAVEN, P.L.L.C.

        By:\s\ Frederick C Thomas 023844
          Frederick C. Thomas, Esq.
          4045 E. Union Hills Drive
          Building B, Suite 112
          Phoenix, Arizona 85050
          Attorney for Chevy Chase Bank

Original of the foregoing transmitted this 1st day of February 2010 to:

| | |
|---|---|
| US Bankruptcy Court<br>230 N. First Ave. Ste. 101<br>Phoenix, AZ 85003 | Delivered ☐<br>Faxed ☐<br>E-Filed ☒<br>Mailed ☐ |

Copy of the foregoing transmitted this 1st day of February 2010 to:

| | |
|---|---|
| Hon. Redfield T. Baum<br>US Bankruptcy Court<br>230 N. First Ave. Ste. 101<br>Phoenix, AZ 85003 | Delivered ☒<br>Faxed ☐<br>E-Mailed ☐<br>Mailed ☐ |
| Katherine Christensen<br>1134 W. Grand Cayman Dr.<br>Gilbert, AZ 85233 | Delivered ☐<br>Faxed ☐<br>E-Mailed ☐<br>Mailed ☒ |
| Mr. David A. Birdsell<br>United States Trustee<br>216 N. Center<br>Mesa, AZ 85201   Email: dabtrustee@hotmail.com | Delivered ☐<br>Faxed ☐<br>E-Mailed ☒<br>Mailed ☐ |

By: /s/ Frederick C. Thomas

P:\DOCUMENTS\206 CHEVY CHASE BANK\506 CHRISTENSEN CH 7\PLEADINGS\()506 MASTER PLEADING 00.PLD.DOC

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX

206.606

In Re Christensen    9    Motion to Dismiss Adversary Complaint
Case 2:09-ap-01357-RTB   Doc 32   Filed 02/02/10   Entered 02/02/10 10:56:27   Desc
Main Document   Page 9 of 9