| | |
|---|---|
| Katherine Christensen<br>1134 West Grand Caymen Drive<br>Gilbert, Arizona 85233<br>Tel: (480) 813-3885<br>Pro Se | FILED<br>2010 FEB -8 AM 9:57<br>U.S. CLERK<br>BANKRUPTCY<br>DISTRICT OF ARIZONA |

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| Katherine Christensen, In Person Plaintiff,<br>Vs.<br>CAPITAL ONE NA, CHEVY CHASE BANK; STEVEN R. HALPIN d/b/a CFO CHEVY CHASE BANK his assigns and/or successors; GARY PERLIN d/b/a CFO CAPITAL ONE NA his assigns and/or successors; SMITH & CRAVEN PLLC; CARSON MESSINGER ELLIOTT LAUGHLIN & RAGAN PLLC; CAL-WESTERN RECONVEYANCE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.; MARY STRATHAM d/b/a NOTARY d/b/a SIGNATORY FOR MORTGAGE ELECTRONIC SYSTEMS INC.; MARTY STRATHAM d/b/a NOTARY d/b/a SIGNATORY FOR CAL-WESTERN RECONVEYANCE CORP.; MARY STRATHAM d/b/a NOTARY FOR CAL-WESTERN RECONVEYANCE CORP.; PAMELA CAMPBELL d/b/a ASSISTANT SECRETARY OF MERS; NORTH AMERICAN TITLE AGENCY OF ARIZONA c/o NORTH AMERICAN TITLE INSURANCE CO.; GILA COUNTY SHERIFF OFFICE, CHRIS MCBREARTY d/b/a MORTGAGE BROKER for CHARTER FUNDING; CHARTER FUNDING; FIRST MAGNUS FINANCIAL; MERENDON MINING; INSTITUTE FOR FINANCIAL LEARNING; JOHN DOES And JANE DOES 1-100, ABC CORPORATIONS 1-100, and XYZ PARTNERSHIPS 1-100,<br><br>Defendants, | Case No.: 09-21818-RTB<br>Adversarial Case No. 09-ap-01357-RTB<br><br>CHAPTER 7<br><br>OBJECTION TO MOTION TO DISMISS ADVERSARIAL COMPLAINT AND MOTION FOR AN ORDER TO DENY DEFENDANT'S MOTION TO DISMISS<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Assigned to: Hon. Redfield T. Baum |

COMES NOW Katherine Christensen, known interchangeably as "Plaintiff" and/or "Movant" who respectfully files this **OBJECTION TO MOTION TO DISMISS ADVERSARIAL COMPLAINT AND MOTION TO DENY DEFENDANT'S MOTION TO DISMISS** see docket item #32

1. Plaintiff moves the Court for entry of an Order ("Order") denying the above-named parties their motion to dismiss the Adversarial Complaint Case #09-01357. Defendants are wrongfully, improperly and without standing moving to foreclose on Plaintiff's property. Defendants have deliberately not responded to any lawful Qualified Written Requests. Defendants have failed to provide evidence and prove they are the Real-Parties-In-Interest which is mandatory before they move against Plaintiff's property.

## JURISDICTION AND VENUE

2. The Supreme Court held in ***Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 US 50 - Supreme Court 1982*** that;

> *"The judges of the **bankruptcy** courts are vested with all of the 'powers of a court of equity, law, and admiralty,'...."*

*ID 458 US 50, 55 (1982)* Therefore, jurisdiction and venue are proper.

3. This Motion is a dead center core proceeding because Defendants had/have no legal standing to commence a foreclosure action. Defendants are not the Real-Parties-In-Interest. Defendants have been asked through lawful Qualified Written Requests to prove their standing. They have improperly ignored every request and wrongfully, illegally began foreclosure action. This is why Plaintiff is seeking relief in the form of judicial compulsion for Defendants to come forth with Clean Hands and present their evidence for a judicial determination.

Case 2:09-ap-01357-RTB  Doc 37  Filed 02/08/10  Entered 02/08/10 20:29:29  Desc
OBJECTION CCB-ADVER-DISMISS-BK            Main Document    Page 2 of 12                  Page 2 of 10

02/08/2010

## STATEMENT OF FACTS

4. Movant is Pro Se. Movant filed what she has now learned was an almost incomprehensible first paper as a complaint when she opened an adversarial complaint on October 15, 2009.

5. Movant has continued to study and learn and realized the incompleteness and poor quality of her initial filing.

6. On January 4, 2010 Movant filed a Supplemental Complaint. This filing corrected the points which Defendant's attorneys bring forward in their filing on February 2, 2010.

7. Movant also recently learned that the four (4) adversarial complaints she had filed are inseparable from and dependant upon the same improper continuing course of conduct and evidence, albeit the four (4) separate transactions are on two (2) different pieces of property. Out of respect for this court's time and being mindful of its limited resources, Movant has filed a motion to Consolidate the four adversarial proceedings. This also demonstrated Movant's continuing legal education and training in her efforts to properly apply the Rules of Civil Procedure. See docket item #31 filed January 14, 2010.

8. Movant is making every effort to comply with Rules of Civil Procedure.

9. Movant respectfully complains to the court that Defendant's attorneys have not yet complied with the very same Rules of Civil Procedure for, inter alia such as not filing a notice of appearance; not filing a claim as creditor; and not verifying that the Creditor they represent has legal standing to foreclose. Lawyers have been sanctioned for violation of Rule 9011 by not bringing forth information such as knowing that their client did not hold the original genuine promissory note and instead waited for the Court to discover this fact.

Case 2:09-ap-01357-RTB Doc 37  Filed 02/08/10  Entered 02/08/10 20:29:29  Desc
OBJECTION-ADVER-DISMISS-BK  Main Document  Page 3 of 12

02/08/2010

10. This case is the most egregious example of predatory lending practices. The same people who arranged for the alleged mortgage also ran a bogus mining investment, Meredon Mining. Plaintiff has been injured by two schemes in one; the bogus mining investment in cahoots with the mortgage company which worked the mortgage backed securities racket. This is the classic civil conspiracy that crossed the line into criminal conduct. Paintiff incorporates by reference all previous filings which detail this information. For reference specifically see Bankruptcy Court docket item #14 Supplemental Complaint Case #09-01358 filed December 31, 2009.

11. Merendon Mining and First Magnus were one and the same transaction each soliciting investors for their bogus mining operation. They are now targets in several ongoing criminal investigations which include the IRS, the FBI, and several states' investigative agencies. See Merendon Mining Bankruptcy Complaint filed December 18, 2009.

12. Merendon Mining is in bankruptcy in Miami Florida case #09-11958-AJC

13. First Magnus Financial is in bankruptcy in Phoenix Arizona #07-01578-JMM

14. There are issues of fact which will become clear after proper discovery. Plaintiff requests protection of the court until these facts can be evidenced through discovery. Plaintiff is entitled to discovery and a hearing on the merits.

### COURTESY LISTING OF POSSIBLE TITLE 18 VIOLATIONS

15. Movant has learned since filing the initial list of possible Title 18 violations, that she would not be the appropriate party to bring forth such charges, should they be applicable. Plaintiff apologizes to the court for the insertion of some Sections because she has learned, even if the court wished to pursue them, they would not be applicable in this situation. Defendants deny any relevance of any of the Sections in Title 18 to their actions. Plaintiff has continued to learn and has discovered Defendant's conduct in other cases and in other courts

and has experienced their own ongoing conduct in this case. With these facts before us, Plaintiff objects to and disagrees with their professed innocence. Plaintiff offers the following clarification, to the best of her ability for the court to make its determine whether it should refer these matters to the appropriate Federal investigative agencies.

16. 18 USC § 1346 is the failure to provide honest service. Portraying to the Court that they represent a Real-Party-In-Interest who actually holds the original, genuine promissory note appears to be prima facia evidence that Defendants are attempting to perpetrate a fraud on the Court and steal Plaintiff's property. This is not providing honest service. Waiting for the Court to discover that the Defendants are not the Real-Parties-In-Interest and do not hold the original genuine promissory note is also a clear violation of Rule 9011 which governs Representations to the Court. As of the date of this filing, Defendants have egregiously flaunted the rules by their evasion of their duty to answer any of the lawful Qualified Written Requests. Plaintiff has a right to see the Genuine Original note and to have fully and properly addressed who, if any of the Defendants actually is/was in possession. Without the Genuine Original Note, the identity of the investor who is lawfully and contractually entitled to payment cannot be made. If this Note Holder cannot be identified then the foreclosure proceeding must stop as Defendants are NOT the Real-Party-In-Interest. It is clear from Defendant's continuing course of dilatory misconduct that the only way that will happen is if the court utilizes its powers of compulsion and orders them to do so. See January 25, 2010, Motion for an Order to Enforce Qualified Written Requests Pursuant to 12 U.S.C. Sections 2605 and 2609.

17. 18 USC § §1593 1595 It appears that Council for Defendants have misread these two statutes. 18 USC 1593 deals with Mandatory Restitution and 18 USC 1595 deals with Civil Remedy. There is no mention whatsoever of "Peonage, Slavery and Trafficking in Persons' as Council for Defendants states.

18. 18 USC § 891 lists the definitions and rules to do with the extension of credit and extortionate extension of credit. What Defendants have done is indeed criminal in nature. Examples and exhibits of Defendants' extortionate means include but are not limited to items such as a 'Cognovit Note and/or confession of judgment' within the Deed of Trust. While a Cognovit Note is permissible under Arizona law, its application and use sub judice exceeds the scope of legislative intent by obfuscation of its true purpose.

19. Justice Blackmum, expressing the unanimous view of the court in <u>Overmyer V. Frick</u>, 405 U.S. 174, 92 S.Ct. 775, L.Ed.2d 124 (1972), stated the criteria for establishing constitutionality of a Cognovit Note is not determine upon the theory of the note <u>but the method used by both parties to afford each other due process</u> protection afforded by the Fourteenth Amendment. (emphasis added).

20. Judge Blackmum stated, "…[i]t was held that (1) a cognovit clause was not, per se violative of the Fourteenth Amendment due process requirements as to prejudment notice and hearing, and (2) under the facts in the instant case, (<u>**Overmyer**</u>)due process was not violated by the entry of the confessed judgment, since the record established that <u>the debtor had knowingly and voluntarily waived its rights to notice and hearing, with full awareness of the legal consequences,</u> by executing the cognovit note, which was <u>supported by consideration</u> from the creditor, and which had resulted <u>from negotiations between the parties of equal bargaining power,…</u>" **Id** (emphasis added)

21. According to the United States Supreme Court, "a cognovit note is the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney by the debtor."

22. Justice Douglas, joined by Justice Marshall concurring, stated, in effect that, (1) the record must establish that a clear and unmistakable, voluntarily and intelligently valid waiver of the debtor's constitutional rights, (2)… a trial judge was required to vacate a judgment obtained through a cognovit clause when presented sufficient evidence of an affirmative defense to pose a jury question, a preponderance of evidence burden not being imposed, and (3) and, the preponderance of the evidence in the (present) case does not support even a conclusionary finding that Plaintiff was even aware of the existence of any cognovit note, let alone intentionally, deliberately, knowingly and intelligently waive her due process rights.

23. Justice Douglas, further observed, "Debtors receive the benefit of credit at a lower rate of interest than they would receive if they did not give the creditor the right to confess judgment against them. Nevertheless, the right to be heard in court is central to our system of justice, and, as with other constitutional rights, there is no presumption of waiver. *Overmyer,* 405, U.S. 174, 31 L. 2d 124, 92S.Ct. 775 (1972) and its companion case, *Swarb v. Lennox,* 405 U.S. 191, 31 L. ed.2d 138, 92 S. Ct. 767 (1972) and at 186, 188._(emphasis added)

24. The Cognovit Note/Confession of Judgment operates insidiously; as it specifically robs the (unknowing) maker of certain otherwise assured rights and remedies, including, but not limited to Due Process, and redress by appeal.

25. A Cognovit note is not an ordinary note. It is indeed an extraordinary note, which, authorizes an attorney, and/or authorized representative to confess judgment against the person or persons signing it. It is written authority of the debtor and a direction by him or her for the entry of a judgment against debtor, if the obligation set forth in the note is not paid when due.

26. Such a judgment (of confession) may be taken by any person or any company holding the note, only if specifically and diligently pointed out and discussed as to the legal ramifications in so doing; for it cuts off every defense which the maker of the note might otherwise possess. It likewise cuts off all rights of appeal from any judgment taken on it.

27. Based upon the Defendants' lack of credible evidence and/or proof that Plaintiff ever waived or was ever advised, according to the Truth In Lending Act, of her legal detriment upon the signing of what must be characterized, at best, as a hidden cognovit clause, is preposterous, is extortionate means, and is sufficient to warrant presentation to a jury.

28. Further, Defendants have destroyed Movant's credit score which was 800+ before this began. They have purposely inflicted emotional harm and unrelenting stress upon Movant by engaging in dirty tricks and dilatory tactics described above. They have drained her remaining finances, forced her into bankruptcy court and caused her health to suffer. They are attempting without standing to wrongfully, improperly and illegally foreclose on Movant's property.

29. 18 USC § 892 is about making extortionate extensions of credit. Pursuant to the definition given in § 891(6)

> *"An extortionate extension of credit is any extension of credit with respect to which it is the understanding of the creditor and the debtor at the time it is made that delay in making repayment or failure to make repayment could result in the use of violence or other criminal means to cause harm to the person, reputation, or property of the person."*

Foreclosure is a violent act done under color of authority, complete with armed Sheriff Deputies. This was the result of an extortionate extension of credit by Defendants.

30. 18 USC § 893 is about financing extortionate means of credit. First Magnus Financial is claiming to be the original lender of the credit. They claim they transferred the

right to collect that credit to subsequent financial institutions, the most recent of which are Chevy Chase Bank and Capital One. They were all aware of what was stated in the mortgage documents and knowingly became active participants in a civil conspiracy that crossed into criminal conduct. The subsequent servicers were aware of the terms and conditions of the mortgage and joined the conspiracy.

31. 18 USC § 894 states in relevant part "(a)Whoever knowingly participates in any way or conspires to do so in the use of any extortionate means (1)to collect or attempt to collect any extension of credit, or (2) to punish any person for the nonrepayment thereof...." It was very clear that Defendants launched their extortionate collection practices to enforce the fruit of their predatory lending activities.

32. 18 USC § 872 is about the extortion by officers or employees of the United States. Defendants Chevy Chase Bank and Capital One are corporations. Every corporation is a creature of the state where it was formed and is an instrumentality of the United States. Chevy Chase Bank and Capital One represented by Council are banks registered with FDIC, the FTC and the Federal Reserve Banking System. As such, and for that purpose, they are an instrumentality of the United States. Through Council they have committed acts which violated the prohibition of "extortionate extensions of credit".

33. On or about December 10, 2009 Plaintiff sent through Foreclosure Defense Group another Qualified Written Request. To date there still has not been any response. Yet Defendants have submitted a Motion for Relief of Stay in the bankruptcy court so they can sell Plaintiff's property. Defendants have NO standing. Defendants are not the Real-Party(ies)-In-Interest. Defendants are not the holder in due course and therefore Defendants have no legal standing to request anything regarding Plaintiff's property.

## THIRD-PARTY PAYMENTS ONTO ALLEGED MORTGAGE

34. Plaintiff has also recently learned that there may have been third-party payments made by the Federal Government through, for example, TARP funds, AIG, credit default swaps and default insurance allocated to Plaintiff's alleged mortgage. This is crucial information for Plaintiff to know and for the court to know. It is the nature of this evidence that merits the court utilizing its power of compulsion to bring forth this crucial evidence. As already stated, starting January 2009, Defendants have been asked for this information through lawful Qualified Written Requests but they have to date not released this information. Until Plaintiff receives an accounting of how these third-party payments are allocated to her alleged mortgage, Defendants should not be permitted to proceed.

**WHEREFORE** Plaintiff respectfully moves the Court to:

1. Enter an Order denying Defendant's Motion to dismiss Adversarial Proceeding.

RESPECTFULLY SUBMITTED this Sixth Day of February 2010.

Katherine Christensen, Pro Se
1134 West Grand Caymen Drive
Gilbert, Arizona 85233
Tel: (480) 813-3885

| | |
|---|---|
| 1 | Katherine Christensen |
| | 1134 West Grand Caymen Drive |
| 2 | Gilbert, Arizona 85233 |
| | Tel: (480) 813-3885 |
| 3 | Pro Se |
| 4 | UNITED STATES BANKRUPTCY COURT |
| | DISTRICT OF ARIZONA, PHOENIX DIVISION |

| | | |
|---|---|---|
| 5 | Katherine Christensen, In Person Plaintiff, ) | |
| | Vs. ) | Case No.: 09-21818-RTB |
| 6 | CAPITAL ONE NA, its assigns and/or ) | Adversarial Case No. 09-ap-01357-RTB |
| | successors; CHEVY CHASE BANK; ) | |
| 7 | STEVEN R. HALPIN d/b/a CFO CHEVY ) | CHAPTER 7 |
| | CHASE BANK his assigns and/or ) | |
| 8 | successors; GARY PERLIN d/b/a CFO ) | ORDER TO DENY DEFENDANT'S |
| | CAPITAL ONE NA his assigns and/or ) | MOTION TO DISMISS ADVERSARIAL |
| 9 | successors; SMITH & CRAVEN PLLC; ) | COMPLAINT |
| 10 | GARY MICHAEL SMITH; D. JEFFREY ) | |
| | CRAVEN; FREDERICK C. THOMAS; ) | |
| 11 | CARSON MESSINGER ELLIOTT ) | |
| | LAUGHLIN & RAGAN PLLC; ROBERT ) | |
| 12 | P. LINDFORS; CAL-WESTERN ) | |
| | RECONVEYANCE CORPORATION; ) | |
| 13 | SUSAN SMOTHERS; MORTGAGE ) | |
| | ELECTRONIC REGISTRATION ) | |
| 14 | SYSTEMS INC.; MARY STRATHAM ) | |
| | d/b/a NOTARY d/b/a SIGNATORY FOR ) | |
| 15 | MORTGAGE ELECTRONIC SYSTEMS ) | |
| | INC.; MARTY STRATHAM d/b/a ) | |
| 16 | NOTARY d/b/a SIGNATORY FOR ) | |
| | CAL-WESTERN RECONVEYANCE ) | |
| 17 | CORP.; MARY STRATHAM d/b/a ) | |
| | NOTARY FOR CAL-WESTERN ) | |
| 18 | RECONVEYANCE CORP.; PAMELA ) | |
| | CAMPBELL d/b/a ASSISTANT ) | |
| 19 | SECRETARY OF MERS; NORTH ) | |
| | AMERICAN TITLE AGENCY OF ) | |
| 20 | ARIZONA c/o NORTH AMERICAN ) | Assigned to: Hon. Redfield T. Baum |
| 21 | TITLE INSURANCE CO.; GILA ) | |
| | COUNTY SHERIFF OFFICE, CHRIS ) | |
| 22 | MCBREARTY d/b/a MORTGAGE ) | |
| | BROKER for CHARTER FUNDING; ) | |
| 23 | CHARTER FUNDING; FIRST MAGNUS ) | |
| | FINANCIAL; MERENDON MINING; ) | |
| 24 | INSTITUTE FOR FINANCIAL ) | |
| | LEARNING; JOHN DOES And JANE ) | |
| 25 | DOES 1-100, ABC CORPORATIONS 1- ) | |
| | 100, and XYZ PARTNERSHIPS 1-100, ) | |
| | Defendants, ) | |

Upon consideration of the Plaintiff's Motion to Deny Defendant's Motion to Dismiss Adversarial Complaint Case #09-01357; and the Court having found that the relief requested in the Motion is in the best interests of the Plaintiff and her estate, creditors and other parties-in-interest; and after due deliberation and sufficient cause appearing thereof, it is hereby

1. ORDERED, that Plaintiff's Motion is granted; and it is further

2. ORDERED, that the Defendants' Motion to Dismiss Adversarial Complaint is denied; and it is further

3. ORDERED, that the Defendants' are prevented from taking any further action against the Plaintiff or her properties until they have provided evidence to the Court that they are real-parties-in-interest and as such, have standing to proceed with foreclosure action; and it is further

4. ORDERED, that Plaintiff bring forth all newly discovered evidence to be heard; and it is further

5. ORDERED, that this Court shall retain jurisdiction over any and all matters arising from or relating to the implementation or interpretation of this Order.

SIGNED this _____ day of _____ 2010.

_____
THE HONORABLE REDFIELD T. BAUM