FREDERICK C. THOMAS, 023844
SMITH & CRAVEN, P.L.L.C.
4045 E. UNION HILLS DR., STE. B-112
PHOENIX, ARIZONA 85050
VOICE: 480-222-2225
FAX: 480-222-3197
ATTORNEY FOR
CHEVY CHASE BANK NA

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re<br><br>Katherine Christensen,<br>       Debtor.<br><br>Katherine Christensen<br>   Plaintiff<br>v.<br><br>Capital One NA, as assignee of Chevy Chase Bank NA<br>   Defendant | Chapter 7<br>No. 2:09-bk-21818-RTB<br>2:09-ap-1357<br><br>**CAPITAL ONE, NA'S OPPOSITION TO KATHERINE CHRISTENSEN'S MOTION TO EXTEND AUTOMATIC STAY PENDING OUTCOME OF ADVERSARIAL COMPLAINT**<br><br>Assigned to Hon. Redfield T. Baum |

Defendant Capital One NA here opposes Katherine Christensen's Motion to Extend Automatic Stay Pending Outcome of Adversarial Complaint.

At the outset, Capital One, NA incorporates its motion to dismiss the adversary complaint, and notes that to the extent that the motion to dismiss is granted that the motion to stay becomes moot. However, to the extent that the motion to dismiss is not granted, the motion to extend the automatic stay should nonetheless be denied.

The issue in a motion for relief from the automatic stay is whether the creditor has a secured interest, whether the creditor's interest is adequately

In Re Christensen     1     Opposition to Stay
Case 2:09-ap-01357-RTB   Doc 44   Filed 02/08/10   Entered 02/08/10 21:02:23   Desc
Main Document     Page 1 of 4

protected, and whether there is equity in the property in question belonging to the debtor that needs to be protected. Here, as set forth in Chevy Chase Bank, NA's motion for relief (Capital One, NA is the successor in interest to Chevy Chase Bank, NA), the creditor is the owner of a Deed of Trust on real property that was granted by debtor Christensen in 2006. There is no adequate protection for the creditor's interest, nor has Ms. Christensen offered to post collateral of sufficient value to provide such protection. Further, by her own admission in her petition for Ch. 7 bankruptcy, Ms. Christensen has confirmed that there is no equity in the property; it is worth less than what she owes. Thus, Ms. Christensen has no equity of her own that is at risk of loss by a non-judicial foreclosure following relief from the automatic stay. Thus the prerequisites to relief from stay have been met.

Additionally, Capital One, NA should not even be required to seek relief from the stay. In approximately August 2009, Ms. Christensen filed bankruptcy under Chapter 13. She later voluntarily dismissed that bankruptcy. Within a month thereafter, she filed under Ch. 7. Given these facts, the automatic stay expired as a matter of law 30 days after she filed the Ch. 7 petition, or by 04 October 2009. *See*, 11 USC §362(c)(3)(a). Thus, the sole purpose of filing the motion for relief was to eliminate the possibility of any claim of violation of the automatic stay by obtaining a court order affirming the fact that the stay has expired by operation of law.

Ms. Christensen's motion is based entirely upon unsubstantiated claims of fraud. However, the fraud that is most apparent is Ms. Christensen's continued fraud upon the Court, and specifically her beguiling and unabashed abuse of the bankruptcy court system to delay Capital One, NA's right to seek the contractual remedy she previously agreed to – i.e, reclamation of the security for the note upon which she refuses to make payment. There can be

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX

no doubt but that her intent is solely to harass Capital One and to cause delay and unnecessary expense by needlessly tying up the relief from stay in a baseless adversary complaint that alleges anything she can think of, including clearly inapplicable maritime causes of action, for the sole purpose of making the prosecution of Capital One, NA's rights so expensive as to force it to abandon the same. Her motive is most apparent by the fact that she first raised the alleged abuses only AFTER Chevy Chase first sought to exercise its rights under the Deed of Trust, some six months or more after she ceased making payments on the note without cause, explanation or dispute.

Further, she has had more than six months since she first filed bankruptcy to obtain the facts and to conduct the necessary discovery to proffer some legitimate basis for an adversary complaint. Yet, only in the last month has she even identified her various "experts" and she has yet to disclose any specific act of Capital One, NA or any of its predecessors in interest that would invalidate the Deed of Trust, the note, and Capital One, NA's efforts to collect upon the same. Indeed, the crux of her complaint is that Capital One, NA and its predecessors in interest (1) failed to timely respond to her demands for information, and (2) that by each successor purchasing the debt obligation as an asset, she was relieved of her obligation to repay the debt. The first claim, even if true, is not a basis to entirely invalidate the debt, nor is it a valid defense to foreclosure. The second basis is simply nonsense; that a party purchased the right to receive her payments on the debt in no way obviated her continued obligation to repay the sums lent to her to purchase the property in question.

Smith & Craven, PLLC
4045 E. Union Hills Dr.
Building B, Suite 112
Phoenix, Arizona 85050
480-222-2225 voice
480-222-3197 fax

In Re Christensen    3    Opposition to Stay
Case 2:09-ap-01357-RTB    Doc 44    Filed 02/08/10    Entered 02/08/10 21:02:23    Desc
Main Document    Page 3 of 4

In short, there is no basis in law or equity to grant her the relief sought in her motion to extend the stay. It should therefore be denied.

Respectfully submitted this 8th day of February 2010.

                SMITH & CRAVEN, P.L.L.C.

                By:/s/ Frederick C Thomas 023844
                    Frederick C. Thomas, Esq.
                    4045 E. Union Hills Drive
                    Building B, Suite 112
                    Phoenix, Arizona 85050
                    Attorney for Chevy Chase Bank

Original of the foregoing transmitted this 8th day of February 2010 to:

| | |
|---|---|
| US Bankruptcy Court<br>230 N. First Ave. Ste. 101<br>Phoenix, AZ 85003 | Delivered ☐<br>Faxed ☐<br>E-Filed ☒<br>Mailed ☐ |

Copy of the foregoing transmitted this 8th day of February 2010 to:

| | | |
|---|---|---|
| Hon. Redfield T. Baum<br>US Bankruptcy Court<br>230 N. First Ave. Ste. 101<br>Phoenix, AZ 85003 | | Delivered ☐<br>Faxed ☐<br>E-Filed ☒<br>Mailed ☐ |
| Katherine Christensen<br>1134 W. Grand Cayman Dr.<br>Gilbert, AZ 85233 | | Delivered ☐<br>Faxed ☐<br>E-Mailed ☒<br>Mailed ☐ |
| Mr. David A. Birdsell<br>United States Trustee<br>216 N. Center<br>Mesa, AZ 85201 | Email:<br>dabtrustee@hotmail.com | Delivered ☐<br>Faxed ☐<br>E-Mailed ☒<br>Mailed ☐ |

By: /s/ Frederick C. Thomas

P:\DOCUMENTS\206 CHEVY CHASE BANK\506 CHRISTENSEN CH 7\PLEADINGS\()506 MASTER PLEADING 00.PLD.DOC

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX

In Re Christensen      4      Opposition to Stay
206.506

Case 2:09-ap-01357-RTB    Doc 44    Filed 02/08/10    Entered 02/08/10 21:02:23    Desc
Main Document     Page 4 of 4