Frederick C. Thomas, 023844
Smith & Craven, P.L.L.C.
4045 E. Union Hills Dr., Ste. B-112
Phoenix, Arizona 85050
Voice: 480-222-2225
Fax: 480-222-3197
Attorney for Capital One

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re<br><br>Katherine Christensen,<br><br>    Debtor.<br>—————————————<br>Katherine Christensen<br>    Plaintiff<br>v.<br><br>Capital One NA, as assignee of Chevy Chase Bank NA<br>    Defendant | Chapter 7<br>No. 2:09-bk-21818-RTB<br>2:09-ap-1357<br><br>**Capital One's Supplemental Motion to Dismiss Adversary Complaint**<br><br>Assigned to Hon. Redfield T. Baum |

    Pursuant to Rule 12(b)(6), Fed.R.Civ.Pro., and Rule 7012, Fed.R.Bnkr.Pro., Defendant, Capital One NA (as assignee of Chevy Chase Bank), hereby files this supplement to its motion to dismiss. After filing the initial motion to dismiss, and upon a review of the PACER docket, Capital One discovered Christensen's supplemental complaint filed on 4 January 2010. It should be noted that Christensen *never served* this supplemental complaint on Capital One; however, to preserve its rights Capital One submits this supplement to the Motion to Dismiss.

In Re Christensen      1      Motion to Dismiss Adversary Complaint
Case 2:09-ap-01357-RTB   Doc 45   Filed 02/09/10   Entered 02/09/10 09:44:05   Desc
Main Document    Page 1 of 9

# I. LEGAL ARGUMENT

Defendant, Capital One, incorporates the arguments set forth in its initial motion to dismiss and supplements the motion as follows.

## A. Christensen Lacks Prudential Standing To Assert The Claims Alleged In the Supplemental Adversary Complaint.

First as set forth in the supplemental complaint each of the alleged causes of action are based on facts which occurred prior to Christensen filing her chapter 7 petition. When she filed her petition she did not list *any of these alleged* claims as an asset.[1] Once Christensen filed her bankruptcy, the estate *and not Christensen* became the real party in interest.[2] Moreover, as Christensen failed to schedule these alleged claims as assets in her chapter 7 petition, the claims remain the estate's property.[3]

## B. Christensen Is Judicially Estopped From Raising The Claims In the Adversary Complaint.

As set forth by the Ninth Circuit in *Hamilton v. State Farm Fire & Cas. Co.,* it is well established law that judicial estoppel bars Christensen from raising these claims now as she did not raise them in her schedules:[4]

> In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements. *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir.1992) (failure to give notice of a potential cause of action in bankruptcy schedules and Disclosure Statements estops the debtor from prosecuting that cause of action); *In re*

---

[1] See Schedule B to Christensen's Chapter 7 petition.

[2] *Dunmore v. U.S.* 358 F.3d 1107,117 (9th Cir., 2004).

[3] *Id.*

[4] *Hamilton v. State Farm Fire & Cas. Co.* 270 F.3d 778, 783 (C.A.9 (Cal.),2001)

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX

*Coastal Plains,* 179 F.3d 197, 208 (5th Cir.1999), cert. denied, 528 U.S. 1117, 120 S.Ct. 936, 145 L.Ed.2d 814 (2000) (holding that a debtor is barred from bringing claims not disclosed in its bankruptcy schedules); *Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc.,* 989 F.2d 570, 572 (1st Cir.), cert. denied, 510 U.S. 931, 114 S.Ct. 344, 126 L.Ed.2d 309 (1993) (debtor who obtained relief on the representation that no claims existed cannot resurrect such claims and obtain relief on the opposite basis); *Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414, 419 (3rd Cir.), cert. denied, 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988) (debtor's failure to list potential claims against a creditor "worked in opposition to preservation of the integrity of the system which the doctrine of judicial estoppel seeks to protect," and debtor is estopped by reason of such failure to disclose).

### C. The Court Does Not Have Jurisdiction Over Christensen's Fair Debt Collection Claims (Count X).

This Court does not have jurisdiction over Christensen's Fair Debt Collection Act claims.

As set forth by the *In Re Vogt* Court:

> This is a court of limited jurisdiction. The jurisdictional limits are those specified in 28 U.S.C. § 1334(b). Pursuant to that section, and by the order of reference entered by the district court pursuant to 28 U.S.C. § 157(a), this Court has original, but not exclusive, jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under title 11.[5]

The *Vogt* Court held that in order to bring a Fair Debt Collection Act in the Bankruptcy Court, the activities of the Defendant would have to *affect the debtor's discharge.*[6] The Court further stated that as the Fair Debt Collection Acts stands alone and separate from the underlying bankruptcy proceeding, the

---

[5] 257 B.R. 65, 68 (Bkrtcy.D.Colo.,2000).

[6] *Id.*

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX

Court had no jurisdiction to hear the claims.[7] Whether or not Christensen is entitled to a fair debt collection claim does has not determination or effect as to whether she is entitled to a discharge of her debts under the Bankruptcy code.

### D. The Complaint Fails To Allege Fraud With Particularity (Counts I, III & XIII).

Fed.R.Civ.Pro. Rule 9(b) and Rule 7009 Fed.R.Bnkr.Pro., provides that when alleging fraud, a party must state with particularity the circumstances constituting fraud or mistake. Under Arizona law, as basic elements of any fraud count, Christensen is required to enumerate what statements the defendants allegedly made which Christensen deems material and which Christensen relied upon that turned out to be false and which the defendants knew were false at the time they made such statements.[8] Here, however, Christensen's complaint makes only scant general averments, this is not sufficient to meet the requirements of Rule 9.[9]

Moreover, of the allegations present in her complaint, Christensen has made it quite clear that her loan originated with non-party First Magnus and NOT with any of the named defendants. Accordingly, it is a physical and legal impossibility for any of the defendants to have committed fraud upon her, as none of the defendants were party to her mortgage loan transaction at the time of its origination.

---

[7] *Id.*

[8] *Carrel v. Lux*, 101 Ariz. 430, 420 P.2d 564 (1966).

[9] See *Greenberg v. Howtek, Inc.,* DNH 1992, 790 F.Supp 1181 (1992); *Stack v. Lobo* 903 F.Supp 1361(N.D.Cal 1995); *Bosse v. Crowell Collier and Macmillan* 565 F.2d 602, 611 (C.A. Ariz. 1977).

Smith & Craven, PLLC
4045 E. Union Hills Dr.
Building B, Suite 112
Phoenix, Arizona 85050
480-222-2225 voice
480-222-3197 fax

In Re Christensen  4  Motion to Dismiss Adversary Complaint
206.606

### E. Breach of Contract (Count II).

Christensen makes the blank, conclusory allegation that all defendants breached all the agreements. Yet she fails to allege which agreement, which parties and the terms of any such agreement. Moreover the only contractual relationship Capital One would have would be as the assignee of the original promissory note. Which Christensen admits was performed in full by the lender when it tendered the borrowed funds.

### F. Christensen Fails To State A Claim Under The Truth In Lending Act (Count IV).

On or about 16 August 2006, Christensen acquired a $283,500.00 loan for property located at 2074 West Munsee Drive, Payson, Arizona 85547; Gila County Parcel No. 302-14-076. The loan originator was non-party First Magnus Financial Corporation. The adjustable rate note on the loan was secured by a duly executed and recorded deed of trust. The Munsee property is an investment property for Christensen, i.e., not her primary residence, and Under 15 USC § 1635, the right of recession only applies to property which is used as the principal dwelling of the person to whom credit is extended.[10]

First, the complaint fails to allege that the subject property is Christensen's principal dwelling. Second, by Christensen's own admissions in the adversary complaint and petitions filed herein, she is not entitled to an action for recession. She identified the property as her "cabin" in her Chapter 7 petition. The Gilbert address, which she lists as her mailing address in her petition, is identified as her home and in reviewing the petition appears to be her declared homestead.

---

[10] See 15 U.S.C. § 1635(a).

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX

In Re Christensen     5     Motion to Dismiss Adversary Complaint

Case 2:09-ap-01357-RTB   Doc 45   Filed 02/09/10   Entered 02/09/10 09:44:05   Desc
Main Document     Page 5 of 9

### G. Conversion

Conversion unauthorized assumption and exercise of rights of ownership over personal property belonging to another. Here, Christensen is alleging that Capital One somehow assume and exercised ownership of her *real property*. First, Christensen is currently the debtor in possession of the subject real property. Second, conversion requires exercising control over the *personal property* of another.

### H. Fiduciary Duty (Count VII).

The promissory note, deed of trust, and underlying debt which is the subject of Christensen's complaint is nothing more than an arm's length transaction. By operation of law there is no fiduciary duty between Capital One and Christensen.[11]

### I. Unjust Enrichment (Count VIII).

*Restatement of Restitution* § 40, comment d (1937) provides:

> [W]here a person accepts services from another, having reason to know that the other is under a belief that the recipient or a third person has promised compensation or is otherwise under a duty to pay for them ... the recipient is liable for the reasonable value of the services irrespective of their value to him.

In Arizona, five elements must be proved to make a case of unjust enrichment: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of justification for

---

[11] Arizona case law distinguishes a fiduciary relationship from an arm's length relationship. See, e.g., *Brazee v. Morris,* 68 Ariz. 224, 228-29, 204 P.2d 475, 477-78 (1949); *Rhoads v. Harvey Pubs., Inc.,* 145 Ariz. 142, 148-49, 700 P.2d 840, 846-47 (App.1984). Mere trust in another's competence or integrity does not suffice; "peculiar reliance in the trustworthiness of another" is required. *Stewart v. Phoenix Nat'l Bank,* 49 Ariz. 34, 44, 64 P.2d 101, 106 (1937); 145 Ariz. at 148-49, 700 P.2d 840, 846-47.

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX

the enrichment and the impoverishment and (5) an absence of a remedy provided by law.[12] Here, Christensen's complaint does not allege one fact that Capital One was enriched, nor does Christensen plead any facts that she suffered and impoverishment. In fact, due to her failure to make *any loan payment* since 1 September 2008 to Chevy Chase (or its assignee Capital One), it is Christensen whom has been enriched.

**J.   Specific Performance (Count IX).**

Specific performance is ordinarily available to enforce contracts for the sale of real property because land is viewed as unique and an award of damages is usually considered an inadequate remedy.[13] Here there is no contract for the sale of land at issue or for that matter alleged in the complaint. In fact, the specific performance allegation is paragraphs of unintelligible references to the Social Security Administration and Buckingham Palace.

**K.   Count XI**

Capital One cannot formulate a response to Count XI, titled Violation of Arizona Assignment and Satisfaction of Mortgage Law and Invalid deed of trust. This cause of action simply asserts random nonsensical statements. To the extent that Christensen is asserting a claim under A.R.S. § 33-420, she does not state any facts alleging any false statements or knowledge of recording a false document on the part of Capital One.[14] Additionally, the statute only imposes liability *on the party recording the document.* Thus as Christensen fails

---

[12]   *City of Sierra Vista v. Cochise Enter., Inc.,* 144 Ariz. 375, 381, 697 P.2d 1125, 1131 (App.1984); *Stapley v. American Bathtub Liners, Inc.,* 162 Ariz. 564, 568, 785 P.2d 84, 88 (App.1989; *Community Guardian Bank v. Hamlin,* 182 Ariz. 627, 898 P.2d 1005 (Ariz.App. Div. 1,1995).

[13]   *Woliansky v. Miller* 135 Ariz. 444, 446, 661 P.2d 1145, 1147 (Ariz.App.,1983).

[14]   See *Pency v. Glacy* 207 Ariz. 426, 87 P.2d

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX

to allege what false document Capital One recorded, she fails to state a cause of action against Capital One.[15]

## II. CONCLUSION

Based on the foregoing and the initial motion to dismiss filed herein, Capital One requests the Court dismiss Christensen's complaint with prejudice and deny her any leave to amend the pleading as she cannot correct the deficiencies of the complaint.

Respectfully submitted this 8th day of February 2010.

                              SMITH & CRAVEN, P.L.L.C.

                              By:\s\ Frederick C Thomas 023844
                                  Frederick C. Thomas, Esq.
                                  4045 E. Union Hills Drive
                                  Building B, Suite 112
                                  Phoenix, Arizona 85050
                                  Attorney for Capital One

---

[15] *Wyatt v. Wehmueller* 167 Ariz. 281, 284-85, 806 P.2d 870, 873-74 (1991).

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 Fax

In Re Christensen           8           Motion to Dismiss Adversary Complaint
Case 2:09-ap-01357-RTB   Doc 45   Filed 02/09/10   Entered 02/09/10 09:44:05   Desc
Main Document    Page 8 of 9

Original of the foregoing transmitted this 8th day of February 2010 to:

| | | |
|---|---|---|
| US Bankruptcy Court | Delivered | ☐ |
| 230 N. First Ave. Ste. 101 | Faxed | ☐ |
| Phoenix, AZ 85003 | E-Filed | ☒ |
| | Mailed | ☐ |

Copy of the foregoing transmitted this 8th day of February 2010 to:

| | | |
|---|---|---|
| Hon. Redfield T. Baum | Delivered | ☒ |
| US Bankruptcy Court | Faxed | ☐ |
| 230 N. First Ave. Ste. 101 | E-Mailed | ☐ |
| Phoenix, AZ 85003 | Mailed | ☐ |
| Katherine Christensen | Delivered | ☐ |
| 1134 W. Grand Cayman Dr. | Faxed | ☐ |
| Gilbert, AZ 85233 | E-Mailed | ☒ |
| | Mailed | ☒ |
| Mr. David A. Birdsell  Email: dabtrustee@hotmail.com | Delivered | ☐ |
| United States Trustee | Faxed | ☐ |
| 216 N. Center | E-Mailed | ☒ |
| Mesa, AZ 85201 | Mailed | ☐ |

By: /s/ Frederick C. Thomas

P:\DOCUMENTS\206 CHEVY CHASE BANK\506 CHRISTENSEN CH 7\PLEADINGS\()506 MASTER PLEADING 00.PLD.DOC

Smith & Craven, PLLC
4045 E. Union Hills Dr.
Building B, Suite 112
Phoenix, Arizona 85050
480-222-2225 voice
480-222-3197 fax

In Re Christensen  9  Motion to Dismiss Adversary Complaint
206.506

Case 2:09-ap-01357-RTB   Doc 45   Filed 02/09/10   Entered 02/09/10 09:44:05   Desc
Main Document    Page 9 of 9