10

```
Katherine Christensen
1134 West Grand Caymen Drive
Gilbert, Arizona 85233
Tel: (480) 813-3885
Pro Se
```

FILED
2010 FEB 26 PM 2: 53
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| Katherine Christensen, In Person<br>　　Plaintiff,<br>　　Vs.<br>AURORA LOAN SERVICES LLC,<br>Mr. John Skoba d/b/a CFO AURORA<br>LOAN SERVICES LLC, MCCARTHY<br>HOLTHUS LEVINE LLP, PAUL M.<br>LEVINE, MATTHEW A. SILVERMAN,<br>JESSICA R. KENNY, PERRY &<br>SHAPIRO LLP, CHRISTOPHER R.<br>PERRY, JASON P. SHERMAN, QUALITY<br>LOAN SERVICE CORP. a California<br>corporation, JIM MONTES d/b/a/ Vice<br>President QUALITY LOAN SERVICE<br>CORP. a California corporation,<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS INC., JIM<br>MONTES d/b/a/ Vice President<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS INC.,<br>GREEN RIVER CAPITAL,<br>COUNTRYWIDE, HOMECOMINGS,<br>NORTH AMERICAN TITLE AGENCY<br>OF ARIZONA C/O NORTH AMERICAN<br>TITLE INSURANCE CO., MARICOPA<br>COUNTY SHERIFF OFFICE, CHRIS<br>MCBREARTY, CHARTER FUNDING,<br>FIRST MAGNUS FINANCIAL,<br>MERENDON MINING, INSTITUTE FOR<br>FINANCIAL LEARNING, CAPITAL ONE<br>NA, its assigns and/or successors; CHEVY<br>CHASE BANK, STEVEN R. HALPIN<br>d/b/a CFO CHEVY CHASE BANK his<br>assigns and/or successors, GARY PERLIN<br>d/b/a CFO CAPITAL ONE NA his assigns<br>and/or successors, SMITH & CRAVEN<br>PLLC; GARY MICHAEL SMITH, D. | Case #09-21818-RTB<br>Case #09-01358-RTB-Adversarial<br>Case #09-01357-RTB-Adversarial<br>Case #09-01359-RTB-Adversarial<br>Case #09-01369-RTB-Adversarial<br><br>MOTION FOR ORDER TO SHOW<br>CAUSE WHY DEED OF TRUST<br>SHOULD NOT BE DISSOLVED FOR<br>ACTS OF DISLOYALTY;<br><br>MOTION FOR ORDER FOR<br>DECLARATION OF CONSTRUCTIVE<br>TRUST<br><br><br><br><br><br>Assigned to: Hon. Judge T. Baum |

| | |
|---|---|
| 1 | JEFFREY CRAVEN, FREDERICK C. ) |
|   | THOMAS, CARSON MESSINGER ) |
| 2 | ELLIOTT LAUGHLIN & RAGAN PLLC, ) |
|   | ROBERT P. LINDFORS, CAL-WESTERN ) |
| 3 | RECONVEYANCE CORPORATION, ) |
| 4 | SUSAN SMOTHERS, MARY STRATHAM ) |
|   | d/b/a NOTARY d/b/a SIGNATORY FOR ) |
| 5 | MORTGAGE ELECTRONIC SYSTEMS ) |
|   | INC., MARTY STRATHAM d/b/a ) |
| 6 | NOTARY d/b/a SIGNATORY FOR CAL- ) |
|   | WESTERN RECONVEYANCE CORP., ) |
| 7 | MARY STRATHAM d/b/a NOTARY FOR ) |
|   | CAL-WESTERN RECONVEYANCE ) |
| 8 | CORP., PAMELA CAMPBELL d/b/a ) |
|   | ASSISTANT SECRETARY OF MERS, ) |
| 9 | GILA COUNTY SHERIFF OFFICE, ) |
| 10 | NATIONAL CITY BANK, JP MORGAN ) |
|    | CHASE & CO., BANK OF AMERICA, ) |
| 11 | JOHN DOES And JANE DOES 1-100, ) |
|    | ABC CORPORATIONS 1-100, and XYZ ) |
| 12 | PARTNERSHIPS 1-100, ) |
|    |   ) |
| 13 | Defendants, ) |

COMES NOW, Katherine Christensen "Plaintiff" who submits this **MOTION FOR ORDER TO SHOW CAUSE WHY DEED OF TRUST SHOULD NOT BE DISSOLVED FOR ACTS OF DISLOYALTY; AND MOTION FOR DECLARATION OF CONSTRUCTIVE TRUST. In support hereof, she submits the following:**

<u>STATEMENT OF FACTS</u>

1.  Plaintiff apologizes for not being specific in her initial allegations as there are so many skilled actors employing every "three-card monte" shuffle tactic to overwhelm her in her investigation that she has to "eat this elephant one bite at a time." As the Trustee for the uttered DEED OF TRUST, North American Title Insurance Company is, in equity, the traditional Real-Party-In-Interest for this questioned transaction.

2.  For specificity, North American Title Insurance Company ("NATL") has participated in this civil conspiracy by committing Acts of Disloyalty against the

Settlor/Trustor/Plaintiff in violation of, inter alia, ARS §§ 14-10802, 14-10406, 14-10402, 14-7510.

**THE DEED OF TRUST FAILS AS IT WAS A SHAM TRANSACTION BY OPERATION OF LAW BASED ON DISLOYALTY OF THE TRUSTEE CAUSING A <u>CONSTRUCTIVE TRUST TO ARISE AT CLOSING</u>**

3. The DEED OF TRUST at issue identified the following parties and their role in the sophisticated drama of movement of negotiable instruments:

   a. "Trustee" is North American Title Agency of Arizona, inc;

   b. "Borrower" is Katherine Christensen. Borrower is the [T]rustor under the Security Instrument;

   c. "Lender" is First Magnus Financial Corporation, an Arizona Corporation;

   d. "MERS" is Mortgage Electronic Registration Systems, Inc., a separate corporation that is acting as a nominee for Lender and Lender's successors and assigns;

   e. "MERS" is the beneficiary under this Security Instrument;

   f. "Security Instrument" means this document which is dated August 17, 2006;

   g. "Note" means the promissory note signed by Borrower [Settlor, Trustor];

   h. "Loan" means the debt evidenced by the Note...;

4. Plaintiff/Trustor/Settlor Katherine Christensen owned the subject property free and clear of all encumbrances in fee simple.

5. The paragraph of Rights In The Property states, in relevant part:

"The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender:.... Borrower[Settlor, Trustor] **irrevocably** grants and convey to Trustee, **in trust,** with power of sale, the following described property...." DEED OF TRUST ("DOT"), p.3 ¶ 2. (alteration added)

"TOGETHER WITH all improvements.... All of the foregoing is referred to in this Security Instrument as the 'Property.' Borrower [Settlor, Trustor] understands and agrees that MERS holds only legal title to the interest granted by Borrower [Settlor,

Trustor] in this Security Instrument, ...MERS (as nominee for Lender and Lender's successors and assigns) **has the right:....**" Id. ¶ 3. (alteration added) (emphasis added)

"BORROWER [SETTLOR, TRUSTOR] COVENANTS that Borrower is lawfully **seised** of the estate hereby conveyed..." Id. ¶ 4. (alteration added)

6. DEED OF TRUST is defined in part as:

"A conveyance creating a trust in real estate; a conveyance given as security for the performance of an obligation which is generally regarded as containing the elements of a valid mortgage. ... The difference between a deed of trust and a mortgage is essentially one of form, the formed **being executed in favor of a disinterested third person as trustee,....**" BALLENTINE'S LAW DICTIONARY, 3rd ed. at 319. (emphasis added)

7. NATL breached its Duty of Loyalty as defined in ARS § 14-10902(B)(1), which states in relevant part: "The transaction was authorized by the terms of the trust." Defendant NATL failed in its obligation to verify the terms of the trust as this DEED OF TRUST, by its own terms, states the Borrower, Settlor, Trustor conveyed, **irrevocably** into the trust yet grants MERS, as nominee and Beneficiary, the powers of a Trustee. The terms of the trust cannot permit activity particular to revocable testamentary trusts with all the power usually vested in the Trustee of an irrevocable trust. Which is it? It cannot be both.

8. The next act of Disloyalty, occurred in violation of ARS § 14-10402(A)(2), which states in relevant part: "...a trust is created only if all the following are true: 2. The settlor indicates and intention to create the trust." Defendant NATL took no action to look into the terms of the trust.

9. As Defendants generally uttered this DEED OF TRUST as creating a trust, we do not know what kind of trust is at issue. Defendant NATL's breach of its Duty of Loyalty triggered ARS § 14-7510, which states in relevant part: "In any case not provided for in this article the rules of law and equity, including the law merchant and those rules of law and equity relating to trusts, agency, negotiable instruments and banking, shall continue to apply."

## A. SHAM TRANSACTION ANALYSIS

10. While the sham transaction analysis is peculiar to the government's attack on private trusts for tax purposes, it is instructive in this circumstance as there is a significant spread between the form of the DEED OF TRUST, the unidentified trust purportedly created, and well settled trust law governing the Trustee's conduct sub judice. However, "Before determining whether a particular activity arises in or is connected with a trade or business, it must first be established that the transaction in question is bona fide and not a sham.... What is of moment and appropriate is to "look beyond the form of an action to discover its substance." *Zmuda v. CIR,* 731 F. 2d 1417 (1984). As Defendants have not presented the Trust Indenture for examination to determine the "terms of the trust" for this transaction, we are unable to ascertain whether or not Defendant NATL or MERS were authorized to take the prima facia actions purportedly authorized by this cognovit DEED OF TRUST. What makes this purported irrevocable trust so unusual is MERS, the servicing agent, a non-party to the transaction, appointed itself to the rank of beneficiary, usurped the traditional power and authority of the Trustor, Settlor, and improperly appointed the trustee. By doing so, it made Plaintiff an **INVOLUNTARY SETTLOR, TRUSTOR** to what appears to be multiple insider transactions to improperly seise her property rights by "deceit, craft and trickery." The only method to ascertain whether or not MERS was lawfully authorized to conduct itself in such a way is to examine the documents that created the trust itself to determine its terms. "By the 'terms of the trust' is meant the manifestation of intention of the settlor with respect to the trust expressed in a manner which admits of its proof in judicial proceedings. The intention of the settlor which determines the terms of the trust is [her] intention at the time of the creation of the trust and not [her] subsequent intention. The duties or powers of the trustee cannot be enlarged or diminished by a direction of the settlor given subsequent to the creation of the trust,

except to the extent to which the settlor has reserved power to revoke or modify the trust to control its administration. If the manifestation of intention of the settlor is admissible in evidence, it is a term of the trust whether expressed by written or spoken words or by conduct." RESTATEMENT, TRUSTS, 2nd § 164, Duties and Powers of the Trustee, Comments a, b and c, at pp. 341-42.

11. The issue of whether the purported Lender, First Magnus Financial Corporation "loaned" any money has been argued previously and will not be addressed here.

**B. CONTROLLING TRUST LAW**

12. As authorized in ARS § 14-7510, supra, well settled, black letter trust law will cause the DEED OF TRUST at bar to fail as no trust ever existed and draws the bright line for the Acts of Disloyalty by the Trustee, NATL. Specifically:

> a. The definition of trust. "A trust… is a fiduciary relationship with respect to property, subjecting the person by who the title to the property is held to equitable duties to deal with the property for the benefit of another person, which arises as a result of a manifestation of an intention to create it." RESTATEMENT OF THE LAW, 2nd, TRUSTS § 2.

> b. § 3, states:
> (1) The person who creates a trust is the settlor.
> (2) The property held in trust is the trust property.
> (3) The person holding property in trust is the trustee.
> (4) The person for whose benefit property is held in trust is the beneficiary. Id.

> c. § 4 states:
> The phrase "terms of the trust" means the manifestation of intention of the **SETTLOR** with respect to the trust expressed in a manner which admits of its proof in judicial proceedings. Id. (emphasis added)

> "Thus, before payment of the debt a mortgagee may properly transfer to a third person [her] interest in the debt and in the security; **it is a breach of trust for a trustee to transfer the trust property to a third person, unless he is authorized to do so by the terms of the trust….**" Id, § 9 at 27.

> BLACK'S LAW DICTIONARY, 5TH ed. defines "Malfeasance", in relevant part, as follows:

> Malfeasance is a wrongful act which the actor had no legal right to do ... or an act for which there is no authority or warrant of law or which a person ought not to do at all, or the unjust performance of some act which party performing it has no right.... Id at 862.

To achieve the ends of justice, the court must look past the form of the DEED OF TRUST and into the substance of the transaction and compel production of the Trust Indenture documents that authorized the Trustee and the nominee Trustee, MERS, and Beneficiary, MERS, to do the acts done so far that caused this action.

13. As previously argued by Plaintiff, no money was ever "loaned," and the Trustee failed in every definition of fair dealing and loyalty by concealing the true elements of the cognovit Deed of Trust to the Settlor/Trustor/Plaintiff. "A trust is created only if the settlor [borrower, Trustor] properly manifests an intention to create a trust." Id. § 23. By manifestation of intention is meant the external expression of intention as distinguished from undisclosed intention. If full disclosure would have occurred, which it did not on the elements of the cognovit DEED OF TRUST, the Settlor, Trustor, Borrower, would not have entered into this transaction. But for the disloyal acts of the trustee, she would have walked away. As ARS § 14-10406 makes clear, this DEED OF TRUST with characteristics purporting to be both an irrevocable trust and revocable trust, "is void, in whole...to the extent its creation was induced by fraud, duress or undue influence." If disclosure of the cognovit clause occurred, and the dominant position of MERS in the transaction, which controlled the Trustee to the detriment of the Settlor, Trustor, Borrower, was disclosed, Plaintiff would not have entered into the transaction. "Equity will not permit the loyalty rule to be circumvented by any subterfuge. Indirect disloyalty is just as objectionable as direct. Hence the trustee cannot avoid the operation of the doctrine by dealing with a person who is in collusion with him (a straw man);.... Corporate fiduciaries may violate the rule if they deal with affiliated or subsidiary corporations where there is a high degree of common interest and control [e.g. North American

Title Insurance Company]. Agents and employees of the trustee, and officers of a corporate fiduciary, are also affected by the loyalty rule." TRUSTS, 6th ed. § 95, Duties of Trustee at 344.

14. While it is true, the Trustee owes its first Duty of Loyalty to the Beneficiary, "the loyalty doctrine applies to all persons in a fiduciary or confidential relation, for example, to executors, administrators, guardians, agents, partners, promoters, and directors and officers of corporations, public officers, and to those who, by reason of family relationship, age, health, education, or experience, has a superiority and dominance over others who trust them with business affairs and are, therefore, deemed to occupy a "confidential relation." TRUSTS, 6th ed., George T. Bogert, Hornbook Series, ch. 95, Trustee's Duty of Loyalty, pp. 334-35. The Settlor/Trustor definitely had a fiduciary and confidential relationship with the Trustee and she relied on the expected fair dealing and disclosures particular to real estate transactions. She trusted the Trustee to perform, at a minimum, in compliance with the law.

**C. DEED OF TRUST CONVERTED TO CONSTRUCTIVE TRUST AT CLOSING**

15. "A Constructive trust is a relationship with respect to property subjecting the person by who title to the property is held to an equitable duty to convey it to another on the ground that his acquisition or retention of the property is wrongful and that he would be unjustly enriched if he were permitted to retain the property." RESTATEMENT, TRUSTS, 2nd §1 at 5. It is well settled in Arizona law that all transactions involving real estate must be in writing. "[] express trusts ... are based upon a manifestation of intention of the person who creates them. An express trust is created ONLY if the settlor manifests an intention to create it.... On the other hand, a constructive trust is imposed, not to effectuate intention, but to

redress wrong or unjust enrichment. A constructive trust is remedial in character." Id. § 1, at 5. (alteration added) (emphasis added)

## CONCLUSION

16. There is no doubt that Plaintiff, in her capacity as Settlor/Trustor was improperly induced to enter into this cognovit DEED OF TRUST which purported to seise her of her property rights through "deceit, craft and trickery" by the disloyal acts of NATL by its failure to disclose the true nature of the contracts, including the trust. Defendants as a whole, have convoluted, distorted, and improperly applied settled trust law to the detriment of the Settlor/Trustor which resulted in unjust enrichment and may have crossed the bright line of duty and compliance into criminal conduct. These improper acts have clearly provided evidence for the court to declare all Defendants to be Constructive Trustees. Upon declaration by the Court that a Constructive Trust now exists, must, in the interests of justice, compel Defendants to produce all records to permit Plaintiff to trace the product of the money she created when the purported "Lender" monetized her Promissory Note and MERS improperly repackaged and sold her property rights which was not authorized by the terms of the trust.

**WHEREFORE** Plaintiff respectfully moves the Court to:

17. Enter an Order to Deny Defendant NATL's Motion to dismiss from this action;

18. Enter an Order declaring all Defendants are Constructive Trustees;

19. Enter an Order to commence expedited Discovery to permit tracing of trust product;

20. Enter an Order dissolving the Deed of Trust pursuant to ARS § 14-10406 for fraud, duress and undue influence by MERS;

21. Enter an Order dismissing the foreclosure action and Order the property sub judice to be reconveyed to Settlor/Trustor free and clear of all encumbrances in fee simple.

22. In the alternative, enter an Order preventing the named parties from taking any further action against Plaintiff/Settlor/Trustor or her property pending the outcome of discovery and tracing.

23. Any other relief the court determines equity demands.

Dated : February 26, 2010

                                      Respectfully submitted,

                                      Katherine Christensen, Pro Se
                                      1134 West Grand Caymen Drive
                                      Gilbert, Arizona 85233
                                      Tel: (480) 813-3885