FREDERICK C. THOMAS, 023844
SMITH & CRAVEN, P.L.L.C.
4045 E. UNION HILLS DR., STE. B-112
PHOENIX, ARIZONA 85050
VOICE: 480-222-2225
FAX: 480-222-3197
ATTORNEY FOR
CHEVY CHASE BANK NA

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In Re<br><br>Katherine Christensen,<br>        Debtor.<br><br>Katherine Christensen<br>    Plaintiff<br>v.<br><br>Capital One NA, as assignee of Chevy Chase Bank NA<br>    Defendant | Chapter 7<br>No. 2:09-bk-21818-RTB<br>2:09-ap-1357<br><br>**RESPONSE TO DEBTOR/PLAINTIFF KATHERINE CHRISTENSEN'S MOTION FOR ORDER TO SHOW CAUSE WHY DEED OF TRUST SHOULD NOT BE DISSOLVED FOR ACTS OF DISLOYALTY; AND MOTION FOR ORDER FOR DECLARATION OF CONSTRUCTIVE TRUST**<br><br>Assigned to Hon. Redfield T. Baum |

Defendant, Capital One NA, here responds to Plaintiff Katherine Christensen's Motion for Order to Show Cause Why Deed of Trust Should Not be Dissolved For Acts of Disloyalty, and Motion for Order for Declaration of Constructive Trust.

## I. PENDING MOTION TO DISMISS RENDERS OSC MOOT

Preliminarily, Defendant reminds the Court that on 11 February 2010 the parties were present at a hearing on multiple motions, including Defendant's motion to dismiss the adversary complaint. During that proceeding the court repeatedly admonished Plaintiff Christensen to retain counsel, and she advised

In Re Christensen     1     Response to OSC
Case 2:09-ap-01357-RTB    Doc 49    Filed 03/08/10    Entered 03/08/10 15:53:02    Desc
Main Document     Page 1 of 4

the court that she was meeting with and intended to hire counsel that day. To the extent that the Court was waiting for Ms. Christensen to retain such counsel prior to ruling upon these fully briefed and argued motions, the intervening month and the fact that she has filed additional pleadings should be ample evidence that she has no intent to retain counsel. Further, and more importantly, Defendant's motion to dismiss the adversary complaint, if granted, would render the present motion moot.

## II. OSC MOTION BASED ON ERRONEOUS LAW

Next, Defendant notes that Plaintiff attempts to assert some argument that the deed of trust is somehow a sham or is unenforceable because it somehow fails to comply with the statutes pertaining to *testamentary* trusts, citing to various provisions in Title 14 pertaining to trusts and estates. However, the Deed of trust at issue is not a testamentary trust, but instead is a security instrument given by the Plaintiff Christensen to secure repayment on a note for certain funds loaned to her. She signed both documents, but now has conjured up a scheme to defraud her creditors via the courts by asserting that the transaction was a sham because she now claims not to know what she was signing. There is, of course, no evidence before the Court that would support such a claim. In any event, it does not matter, because the deed of trust is a separate creature of statute under Title 33 of the Arizona Revised Statutes (A.R.S. §33-801 et. seq.).

Furthermore, even assuming that there was some issue with the *title company's* handling of the closing on her refinance, at best such would properly be the subject of a title claim against her title insurance. She has not made such a claim. In any event, it would be wholly improper for the Court to invalidate Defendant's claim and rights where it lent money in good faith

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX

In Re Christensen  2  Response to OSC
Case 2:09-ap-01357-RTB   Doc 49   Filed 03/08/10   Entered 03/08/10 15:53:02   Desc
Main Document    Page 2 of 4

reliance on Plaintiff's promise to repay and its reliance on her agreement to provide her real property as security for such payment.

### III. REMEDY SOUGHT UNNECESSARY

Finally, all of this is apparent subterfuge to try to convince the Court to deny Defendant its right to lift the stay and foreclose on the property on which Plaintiff Christensen has failed to make a payment since 2008. She begs the Court's indulgence for time to conduct "discovery and tracing." There is nothing to trace and Plaintiff has offered no reason why she could not have already completed her discovery. In fact, Plaintiff has been asserting her claims against Defendant in some form since her initial lawsuit filed in Gila County Superior Court in July 2009. She has had nearly a year to conduct "discovery;" what she needs is more time to craft yet further excuse as to why the Court should not grant Defendant relief to proceed with foreclosure on the property.

Moreover, there is no reason to grant a stay for "tracing." She was present at the closing on the refinance of her property, signed all the documents and received the full benefit of her bargain. She was provided with the closing documents, which stated where the funds were being delivered or to whom they were provided. In other words, she knows the benefit she received.

As to the corresponding burden, Plaintiff Christensen has not made any payments since 2008. Therefore, even if there was ANY issue at all with the application of any payment she had made, she is in a bankruptcy, cannot afford to make further payments, has done nothing to try to reinstate the debt, and she has no equity claim in the property. In other words, all the conditions for granting Defendant relief from the stay have been met and no amount of additional discovery time will alter those facts.

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX

In Re Christensen  3  Response to OSC
208.606

Case 2:09-ap-01357-RTB   Doc 49   Filed 03/08/10   Entered 03/08/10 15:53:02   Desc
Main Document   Page 3 of 4

## IV. CONCLUSION

Therefore, for the foregoing reasons, Plaintiff's motions should be denied.

Respectfully submitted this 8th day of March 2010.

                SMITH & CRAVEN, P.L.L.C.

                By: /s/ Frederick C Thomas 023844
                    Frederick C. Thomas, Esq.
                    4045 E. Union Hills Drive
                    Building B, Suite 112
                    Phoenix, Arizona 85050
                    Attorney for Chevy Chase Bank

Original of the foregoing transmitted this 8th day of March 2010 to:

| | |
|---|---|
| US Bankruptcy Court | Delivered ☐ |
| 230 N. First Ave. Ste. 101 | Faxed ☐ |
| Phoenix, AZ 85003 | E-Filed ☒ |
| | Mailed ☐ |

Copy of the foregoing transmitted this 8th day of March 2010 to:

| | |
|---|---|
| Hon. Redfield T. Baum | Delivered ☐ |
| US Bankruptcy Court | Faxed ☐ |
| 230 N. First Ave. Ste. 101 | E-Filed ☒ |
| Phoenix, AZ 85003 | Mailed ☐ |
| Katherine Christensen | Delivered ☐ |
| 1134 W. Grand Cayman Dr. | Faxed ☐ |
| Gilbert, AZ 85233 | E-Mailed ☐ |
| | Mailed ☒ |
| Mr. David A. Birdsell  Email: | Delivered ☐ |
| United States Trustee  dabtrustee@hotmail.com | Faxed ☐ |
| 216 N. Center | E-Mailed ☒ |
| Mesa, AZ 85201 | Mailed ☐ |

By: /s/ Frederick C. Thomas

P:\DOCUMENTS\206 CHEVY CHASE BANK\606 CHRISTENSEN AP\PLEADINGS\606 RESPONSE.OSC.01.PLD.DOC

SMITH & CRAVEN, PLLC
4045 E. UNION HILLS DR.
BUILDING B, SUITE 112
PHOENIX, ARIZONA 85050
480-222-2225 VOICE
480-222-3197 FAX