IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA


FILED
MAR 2 3 2010
UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

MINUTE ENTRY/ORDER

FOR MATTER TAKEN UNDER ADVISEMENT

| | |
|---|---|
| Bankruptcy Judge: | Hon. Redfield T. Baum |
| Case Name: | Katherine Christensen, Chapter 7 |
| Case No.: | 2:09-bk-21818-RTB |
| Adversary Name: | Katherine Christensen vs. Capital One NA |
| Adversary No.: | 2:09-01357 |
| Subject of Hearing: | Debtor's Numerous Motions; Motion To Dismiss Filed by Capital One |
| Date Matter Taken Under Advisement: | February 11, 2010 |
| Date Ruled Upon: | March 23, 2010 |

Pending before the court are numerous motions filed by the chapter 7 debtor, Katherine Christensen ("Christensen") in her chapter 7 case and filed by Christensen in her adversary action (case number 09-1357) against Capital One ("Capital") and many other named defendants; also pending before the court is Capital's motion to dismiss. For the reasons stated below, all of Christensen's motions are denied without prejudice and the motion to dismiss by Capital is granted.

There are two motions before the court which motions go to the central issues and claims asserted by Christensen. First is the request by Capital formerly known as Chevy Chase Bank for

relief from the automatic stay regarding the residence in Payson, Arizona (2074 Munsee Dr.) and, second, is Capital's motion to dismiss the adversary action filed by Christensen against it and many others.

Although the two matters are intertwined, the court will address them separately beginning with the adversary action. Christensen's supplemental complaint (Docket #13) alleges sixteen counts against multiple parties. The complaint states more conclusions and legal standards than factual allegations; it also does not comply with Fed.R.Civ. P. 8 because it does not contain a "short and plain statement of the claim". The apparent essence of Christensen's claims is that she was defrauded collectively by Milo Brost, Merendum Mining and the Institute for Financial Learning regarding some mining investment she apparently made with those entities. That as a result of that fraud, the secured debt on her Payson property should be voided because the parties involved with her loan, namely Chris McBreaty, Charter Funding and First Magnus, all were in some manner connected with the fraudulent mining matter. Christensen, in both her adversary action and her chapter 7 case, makes lengthy assertions regarding the financial industry practice of securitizing/pooling residential mortgages and the effect/harm caused thereby; See Garfield declaration among other documents. However, none of these statements and assertions are connected in any way to the Capital secured debt. Notably, in all of the pleadings filed by Christensen she does not dispute that in August 2006 she obtained the secured loan now held by Capital, which loan is in default because no payments have been made for months.

The docket in the adversary action shows that the complaint and summons have not been served on any of the defendants as required by the Rules. Capital has filed a motion to dismiss the complaint as to it for numerous reasons. That motion is granted for multiple reasons

including failure to allege fraud with the requisite specificity required by Fed. R. Civ. P. 9, failure to state a claim upon which relief can be granted as required by Fed. R. Civ. P. 12 and that all of those putative claims appear to be property of her bankruptcy estate owned by the trustee; and not Christensen.

Next considering the motion for stay relief by Capital, that motion presents the requisite cause for granting stay relief. The record here shows that there is no equity in that residence (value $175,100 and debt $331,000) and that because there have been no payments made to Capital for many months, the interests of Capital are not being adequately protected as the law requires. Although Christensen presents very sympathetic arguments, the law precludes this court from not granting stay relief. Christensen has not established to this court that there is some probably valid claim which would allow her to void or otherwise rescind the loan she obtained which loan is now owned by Capital.

Finally, there are many other motions and applications filed by Christensen including but not limited to extending the automatic stay, enforcing written requests, to join indispensable parties, for temporary restraining order(s), for preliminary injunctions. All of these motions are denied without prejudice.

Therefore and for the reasons set forth above, the motion by Christensen to reconsider the order granting stay relief is denied and the motion to dismiss the adversary as to Capital is granted, without prejudice; Christensen may file an amended complaint, which amended complaint shall comply with the pleading rules and requirements, within thirty days from the day of the order granting the motion to dismiss. All remaining motions by Christensen are also denied, without prejudice.

Copy of the foregoing
mailed this 23 day of
March, 2010 to:

Katherine Christensen
1134 W. Grand Caymen Drive
Gilbert, Arizona 85233

Frederick Charles Thomas
SMITH & CRAVEN PLLC
4045 E. Union Hills Blvd., B-112
Phoenix, Arizona 85050

Matthew A. Silverman
MCCARTHY HOLTHUS & LEVINE
3636 North Central Avenue, Suite 1050
Phoenix, Arizona 85012

by _____
     Judicial Assistant

# CERTIFICATE OF NOTICE

```
District/off: 0970-2          User: johnsonc          Page 1 of 1              Date Rcvd: Mar 24, 2010
Case: 09-01357                Form ID: pdf005         Total Noticed: 1

The following entities were noticed by first class mail on Mar 26, 2010.
ust          +U.S. TRUSTEE,    OFFICE OF THE U.S. TRUSTEE,    230 NORTH FIRST AVENUE,    SUITE 204,
              PHOENIX, AZ 85003-1725
The following entities were noticed by electronic transmission.
NONE.                                                                                       TOTAL: 0
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
dft           CAPITAL ONE NA
                                                                                       TOTALS: 1, * 0
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Mar 26, 2010**          **Signature:** *Joseph Speetjens*

Case 2:09-ap-01357-RTB   Doc 54   Filed 03/24/10   Entered 03/26/10 22:36:57   Desc
              Imaged Certificate of Service    Page 5 of 5